ORIGINAL

1  STUART F. DELERY
   Assistant Attorney General
2  ANDRÉ BIROTTE JR.
   United States Attorney
3  LEON W. WEIDMAN
   Chief, Civil Division
4  WENDY L. WEISS
   Chief, Civil Fraud Section
5  SUSAN HERSHMAN
   Deputy Chief, Civil Fraud Section
6  JOHN LEE (Cal. Bar No. 128696)
   Assistant United States Attorneys
7        Room 7516; Federal Building
         300 North Los Angeles Street
8        Los Angeles, California 90012
         Telephone: (213) 894-3995
9        Facsimile:  (213) 894-2380
         E-mail:  john.lee2@usdoj.gov
10 MICHAEL D. GRANSTON
   PATRICIA L. HANOWER
11 DAVID T. COHEN
   Attorneys, Civil Division
12 United States Department of Justice
         P.O. Box 261
13       Ben Franklin Station
         Washington, D.C. 20044
14       Telephone:  (202) 307-0136
         Facsimile:  (202) 307-3852
15       E-mail:  david.t.cohen@usdoj.gov
   Attorneys for the
16 UNITED STATES OF AMERICA



17                UNITED STATES DISTRICT COURT

18            FOR THE CENTRAL DISTRICT OF CALIFORNIA

19                       WESTERN DIVISION

20 UNITED STATES OF AMERICA ex rel. )  NO. CV 13-5861 GHK (AJWx)
   [UNDER SEAL];                    )
21                                  )  **IN CAMERA** MEMORANDUM OF POINTS
                                    )  AND AUTHORITIES IN SUPPORT OF
22           Plaintiff,              )  STIPULATION FOR [UNDER SEAL]; **IN**
                                    )  **CAMERA** DECLARATION OF JOHN E.
23      v.                          )  LEE IN SUPPORT THEREOF
                                    )
24 [UNDER SEAL],                    )
                                    )  [FILED UNDER SEAL pursuant to
25           Defendant.              )  False Claims Act, 31 U.S.C.
                                    )  § 3730(b)(2) and (3)]
26                                  )
                                    )  [FILED O]
27                                  )  HEREWITH   2:13CV05861-S0009
                                    )  SEAL]; []
28 _____)



STUART F. DELERY
Assistant Attorney General
ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Chief, Civil Division
WENDY L. WEISS
Chief, Civil Fraud Section
SUSAN HERSHMAN
Deputy Chief, Civil Fraud Section
JOHN LEE (Cal. Bar No. 128696)
Assistant United States Attorneys
    Room 7516, Federal Building
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-3995
    Facsimile:  (213) 894-2380
    E-mail:  john.lee2@usdoj.gov
MICHAEL D. GRANSTON
PATRICIA L. HANOWER
DAVID T. COHEN
Attorneys, Civil Division
United States Department of Justice
    P.O. Box 261
    Ben Franklin Station
    Washington, D.C. 20044
    Telephone:  (202) 307-0136
    Facsimile:  (202) 307-3852
    E-mail:  david.t.cohen@usdoj.gov
Attorneys for the
UNITED STATES OF AMERICA

[FILED SEP 30 2013]

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. [UNDER SEAL]; <br><br> Plaintiff, <br><br> v. <br><br> [UNDER SEAL], <br><br> Defendant. | NO. CV 13-5861 GHK (AJWx) <br><br> **IN CAMERA MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF STIPULATION FOR [UNDER SEAL]; IN CAMERA DECLARATION OF JOHN E. LEE IN SUPPORT THEREOF** <br><br> [FILED UNDER SEAL pursuant to False Claims Act, 31 U.S.C. § 3730(b)(2) and (3)] <br><br> [FILED OR LODGED CONCURRENTLY HEREWITH: STIPULATION FOR [UNDER SEAL]; [PROPOSED ORDER] |

[DOCKETED ON CM OCT - 4 2013]

STUART F. DELERY
Assistant Attorney General
ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Chief, Civil Division
WENDY L. WEISS
Chief, Civil Fraud Section
SUSAN HERSHMAN
Deputy Chief, Civil Fraud Section
JOHN LEE (Cal. Bar No. 128696)
Assistant United States Attorneys
    Room 7516, Federal Building
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-3995
    Facsimile:  (213) 894-2380
    E-mail:  john.lee2@usdoj.gov
MICHAEL D. GRANSTON
PATRICIA L. HANOWER
DAVID T. COHEN
Attorneys, Civil Division
United States Department of Justice
    P.O. Box 261
    Ben Franklin Station
    Washington, D.C. 20044
    Telephone:  (202) 307-0136
    Facsimile:  (202) 307-3852
    E-mail:  david.t.cohen@usdoj.gov
Attorneys for the
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. MARIA GUZMAN,<br><br>        Plaintiff,<br><br>  v.<br><br>INSYS THERAPEUTIC, INC.,<br><br>        Defendant. | NO. CV 13-5861 GHK (AJWx)<br><br>**IN CAMERA MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF STIPULATION FOR EXTENSION OF TIME TO NOTIFY COURT OF ELECTION TO INTERVENE; IN CAMERA DECLARATION OF JOHN E. LEE**<br><br>[FILED UNDER SEAL pursuant to False Claims Act, 31 U.S.C. § 3730(b)(2) and (3)]<br><br>[FILED OR LODGED HEREWITH: STIPULATION; [PROPOSED] ORDER] |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Pursuant to 31 U.S.C. § 3730(b)(3), the United States of America (the "United States" or the "government") respectfully submits this Memorandum and the accompanying Declaration in support of its concurrently-lodged Stipulation for an order extending, by approximately 182 days, from October 14, 2013, to and including April 14, 2014, the time in which the United States may evaluate the above-captioned qui tam action ("this action") and notify the Court of its decision as to whether to intervene in this action.

The initial statutory sixty-day intervention period in this action would be due to expire on or about October 14, 2013. See 31 U.S.C. § 3730(b)(2); Declaration of John E. Lee, ¶ 3.

By this request, the United States respectfully requests an extension of the intervention deadline in this action to and including April 14, 2014. The United States further requests that the Court maintain the Complaint and all other filings in this action under seal during this time. This is the first extension requested by the United States in this action. Qui tam plaintiff Maria Guzman (the "Relator") joins in these requests.

### II. ALLEGATIONS OF THE COMPLAINT

The Relator filed this action on behalf of the United States against defendant INSYS Therapeutic, Inc. ("INSYS") under the whistleblower provisions of the FCA. INSYS is alleged to be a specialty pharmaceutical company headquartered in Chandler, Arizona. INSYS allegedly markets SUBSYS, a powerful fentanyl sublingual spray approved by the Food and Drug Administration ("FDA") to treat breakthrough cancer pain in opioid tolerant patients. INSYS

allegedly also markets Dronabinol SG Capsule and is awaiting FDA approval for Dronabinol Oral Solution.

The Complaint alleges that INSYS instituted a kickback-fueled off-label marketing campaign to induce doctors to prescribe SUBSYS far beyond its stated indication and its beginning dosage of 100 micrograms. The Complaint alleges that INSYS improperly encouraged doctors to quickly titrate patients to higher than appropriate dosage levels of SUBSYS. The Complaint also alleges that INSYS utilized a mail order pharmacy that sends SUBSYS to patients who had not requested the drug and that does not properly instruct patients on the proper storage of SUBSYS.

The Complaint further alleges that INSYS instituted programs throughout the country in order improperly to induce doctors to prescribe SUBSYS, providing them with speaker's fees and other monetary payments, trips to strip clubs and shooting ranges, stock options, jobs for their significant others, expensive meals, and other benefits, in violation of federal anti-kickback laws.

The Complaint alleges that, by its conduct, INSYS violated 31 U.S.C. §§ 3729(a)(1), 42 U.S.C. § 1320a-7b, 21 U.S.C. §§ 331(a) and 360aaa, among other provisions.

### III. GOOD CAUSE EXISTS TO EXTEND THE INTERVENTION DEADLINE

The FCA provides in part that the United States shall have at least 60 days to investigate whether it will decide to intervene in a qui tam action, and that this period may be further extended for good cause shown:

> (2) A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule

3

> 4(d)(4) of the Federal Rules of Civil Procedure. The complaint shall be filed in camera, shall remain under seal for <u>at least 60 days</u>, and shall not be served on the defendant until the court so orders. The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.
>
> (3) <u>The Government may, for good cause shown, move the court for extensions of the time during which the complaint remains under seal under paragraph (2)</u>.

31 U.S.C. §§ 3730(b)(2), (3) (emphasis added).

As stated by the courts, the initial 60-day period is designed to enable the government to "investigate the private <u>qui tam</u> relator's allegations and determine whether they present adequate grounds for the government to proceed with the case, and, if adequate grounds exist, to determine whether it is in the government's interest to prosecute the case." <u>United States ex rel. Siller v. Becton Dickinson & Co.</u>, 21 F.3d 1339, 1343 n.3 (4th Cir. 1994). "As Congress recognized, these tasks could very well take more than 60 days." <u>Id.</u>; see also <u>United States ex rel. Ridenour v. Kaiser-Hill Co.</u>, 397 F.3d 925, 931-32 (10th Cir. 2005) ("1986 amendments allow the Government to obtain extensions beyond the initial sixty days in which to investigate the claims").

The United States respectfully submits that, for the reasons stated in the attached declaration, good cause exists to extend the intervention deadline in this action. At this time, various investigative tasks remain to be completed in order to enable the United States to determine whether to intervene in this action. <u>See</u> Lee Decl., ¶¶ 8-11.

The United States also requests that the Complaint and all other documents filed or lodged in this action remain under seal during the requested extension period.  As recognized by the Ninth Circuit, the Government should be allowed "'an adequate opportunity to fully evaluate the private enforcement suit and determine both if that suit involves matters the Government is already investigating and whether it is in the Government's interest to intervene and take over the civil action.'"  <u>United States</u> <u>ex rel</u>. <u>Lujan v. Hughes Aircraft Co.</u>, 67 F.3d 242, 245 (9th Cir. 1995) (citation omitted).  Maintaining the seal is important because it allows "the <u>qui tam</u> relator to start the judicial wheels in motion and protect his litigative rights, while allowing the government the opportunity to study and evaluate the relator's information for possible intervention in the <u>qui tam</u> action or in relation to an overlapping criminal investigation."  <u>Id</u>.

In the present case, there is a need to keep the Complaint and related materials under seal pending completion of the necessary investigative tasks in this action.  <u>See</u> Lee Decl., ¶ 13.  Accordingly, the intervention and sealing period should be extended to and including April 14, 2014.

## IV. CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court extend the time in which the United States may investigate and evaluate this action and decide whether to intervene. This extension would extend the time for intervention to and including April 14, 2014. During this time, the Complaint and all other documents filed or lodged in this action should also remain under seal. The Relator joins in these requests.

DATED: September 30, 2013          Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Chief, Civil Division
WENDY L. WEISS
Chief, Civil Fraud Section
SUSAN R. HERSHMAN
Deputy Chief, Civil Fraud Section

MICHAEL D. GRANSTON
PATRICIA L. HANOWER
DAVID T. COHEN
Attorneys, Civil Division
United States Department of Justice

JOHN E. LEE
Assistant United States Attorney

Attorneys for the
UNITED STATES OF AMERICA

**DECLARATION OF JOHN E. LEE**

I, John E. Lee, declare as follows:

1. I am an Assistant United States Attorney ("AUSA") in the Civil Fraud Section of the Civil Division of the United States Attorney's Office ("USAO") for the Central District of California. I am a member of the Bar of the State of California and am admitted to practice before this Court. I am one of the attorneys responsible for representing the United States in the above-captioned action ("this action").

2. I make this declaration based partly on my own personal knowledge and based partly upon information provided by the government investigators and agents in this action, obtained from our files in this action, and otherwise available from government sources.

Background

3. The USAO's files in this action show the following: On August 12, 2013, qui tam plaintiff Maria Guzman (the "Relator") filed a complaint under seal pursuant to the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3731 ("Complaint"). On or about August 12, 2013, the Relator served, by certified mail, a copy of the Complaint and written disclosure statement pursuant to 31 U.S.C. § 3730(b)(2) upon the USAO in this district and the Attorney General in Washington, D.C. The USAO received its service copy on or about August 14, 2013. Accordingly, the earliest date that the initial statutory sixty-day intervention period in this action would be due to expire is October 14, 2013. See 31 U.S.C. § 3730(b)(2); Fed. R. Civ. P. 6(a)(1)(C) (extending period to the next business day when the last days falls on a Saturday, Sunday, or legal holiday).

4. In or about August 2013, I was formally assigned to represent the United States in this action involving INSYS Therapeutic, Inc. ("INSYS"). We promptly assembled an investigative team. The USAO assigned an auditor, Jeff McVicker, to this action. The U.S. Department of Health and Human Services, Office of Inspector General, assigned a case agent, Kurt Soo Hoo, to this action. The United States Department of Justice, Civil Division, in Washington, D.C., assigned Senior Trial Counsel David T. Cohen to this action. The United States Department of Justice, Consumer Protection Branch, assigned Trial Attorney Sang H. Lee to this action. Additionally, the Defense Criminal Investigative Service assigned special agent Michael Koslow to this action.

5. To investigate this action, the investigative team reviewed the Complaint and written disclosure statement, along with other documents, that were provided by the Relator.

6. In September 2013, the investigative team conducted an interview of the Relator. At this interview, and on following days, we requested various additional items of information relating to the allegations in the Complaint from the Relator and her counsel.

7. In September 2013, I spoke with an agent of the Federal Bureau of Investigation and an AUSA in the Criminal Division of the USAO regarding this action.

## Further Investigative Activity Needed

8. At this time, the investigative team is awaiting the receipt of additional items of information from the Relator and her counsel, which we hope to receive shortly.

9. We are also presently investigating various issues with appropriate federal and state governmental agencies and other

entities relating to payments made for SUBSYS prescriptions under federally-funded insurance programs, including Medicare, Tricare, and Medi-Cal.

10. We anticipate that the process of obtaining and reviewing information from the Relator, as well as from other federal and state governmental agencies and other entities, will take at least ninety days.

11. Thereafter, we presently anticipate serving one or more administrative subpoenas for records, directed to INSYS and certain other entities or individuals who appear to have relevant information in this action. We expect that the process of drafting and obtaining administrative subpoenas, serving them upon the recipients, and obtaining records from them will take at least ninety days. Because the additional information we anticipate receiving from the Relator and the governmental agencies and other entities will be necessary for drafting informed and efficient administrative subpoenas, we will need to complete our present inquiries of the Relator and these governmental agencies and other entities before we can finish drafting the administrative subpoenas.

Extension Requested

12. For the foregoing reasons, the United States has not yet completed its investigation and is not yet prepared to make a determination as to whether to intervene in this action. We believe that at least an additional six months are needed to advance our investigation towards making that decision. We would propose reporting to the Court toward the end of the requested extension period as to the progress of the investigation. Accordingly, the United States respectfully requests an extension of the deadline to

notify the Court of its decision regarding whether to intervene in this action by one hundred eighty-two (182) days, from October 14, 2013, to and including April 14, 2014.

13. Additionally, the United States requests that the Complaint and other documents filed or lodged in this action be kept under seal during this time period. This is necessary to avoid improper dissemination of confidential information during the governments' joint investigation of the allegations in this action.

14. The Relator, through her counsel, joins in the requested extension and sealing request.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September 30, 2013, in Los Angeles, California.

_____
JOHN E. LEE