1  STUART F. DELERY
   Assistant Attorney General
2  ANDRÉ BIROTTE JR.
   United States Attorney
3  LEON W. WEIDMAN
   Chief, Civil Division
4  DAVID K. BARRETT
   Chief, Civil Fraud Section
5  SUSAN HERSHMAN
   Deputy Chief, Civil Fraud Section
6  JOHN LEE (Cal. Bar No. 128696)
   Assistant United States Attorneys
7       Room 7516, Federal Building
        300 North Los Angeles Street
8       Los Angeles, California 90012
        Telephone: (213) 894-3995
9       Facsimile:  (213) 894-2380
        E-mail:  john.lee2@usdoj.gov
10 MICHAEL D. GRANSTON
   PATRICIA L. HANOWER
11 DAVID T. COHEN
   Attorneys, Civil Division
12 United States Department of Justice
        P.O. Box 261
13      Ben Franklin Station
        Washington, D.C. 20044
14      Telephone:  (202) 307-0136
        Facsimile:  (202) 307-3852
15      E-mail:  david.t.cohen@usdoj.gov
   Attorneys for the
16 UNITED STATES OF AMERICA

17              UNITED STATES DISTRICT COURT

18         FOR THE CENTRAL DISTRICT OF CALIFORNIA

19                    WESTERN DIVISION

20 UNITED STATES OF AMERICA ex rel.  )  NO. CV 13-5861 GHK (AJWx)
   [UNDER SEAL],                     )
21                                   )  MEMORANDUM OF POINTS AND
                                     )  AUTHORITIES IN SUPPORT OF
22           Plaintiff,              )  STIPULATION FOR [UNDER SEAL];
                                     )  DECLARATION OF JOHN E. LEE IN
23      v.                           )  SUPPORT THEREOF
                                     )
24 [UNDER SEAL],                     )
                                     )  [FILED UNDER SEAL pursuant to
25           Defendant.              )  False Claims Act, 31 U.S.C.
                                     )  § 3730(b)(2) and (3)]
26                                   )
                                     )
27                                   )  [FILED OR LODGED CONCURRENTLY
                                     )  HEREWITH: STIPULATION FOR [UNDER
28 _____  )  SEAL]; [PROPOSED] ORDER]

1   STUART F. DELERY
    Assistant Attorney General
2   ANDRÉ BIROTTE JR.
    United States Attorney
3   LEON W. WEIDMAN
    Chief, Civil Division
4   DAVID K. BARRETT
    Chief, Civil Fraud Section
5   SUSAN HERSHMAN
    Deputy Chief, Civil Fraud Section
6   JOHN LEE (Cal. Bar No. 128696)
    Assistant United States Attorneys
7       Room 7516, Federal Building
      300 North Los Angeles Street
8       Los Angeles, California 90012
      Telephone: (213) 894-3995
9       Facsimile: (213) 894-2380
      E-mail: john.lee2@usdoj.gov
10  MICHAEL D. GRANSTON
   PATRICIA L. HANOWER
11  DAVID T. COHEN
   Attorneys, Civil Division
12  United States Department of Justice
      P.O. Box 261
13      Ben Franklin Station
      Washington, D.C. 20044
14      Telephone: (202) 307-0136
      Facsimile: (202) 307-3852
15      E-mail: david.t.cohen@usdoj.gov
   Attorneys for the
16  UNITED STATES OF AMERICA

17               UNITED STATES DISTRICT COURT

18         FOR THE CENTRAL DISTRICT OF CALIFORNIA

19                 WESTERN DIVISION

20  UNITED STATES OF AMERICA ex rel. ) NO. CV 13-5861 GHK (AJWx)
   MARIA GUZMAN,              )
21                      ) MEMORANDUM OF POINTS AND
                     ) AUTHORITIES IN SUPPORT OF
22         Plaintiff,     ) STIPULATION FOR EXTENSION OF
                     ) TIME TO NOTIFY COURT OF ELECTION
23      v.                 ) TO INTERVENE; DECLARATION OF
                     ) JOHN E. LEE
24  INSYS THERAPEUTICS, INC.,    )
                     )
25        Defendant.     ) [FILED UNDER SEAL pursuant to
                     ) False Claims Act, 31 U.S.C.
26                      ) § 3730(b)(2) and (3)]
                     )
27                      ) [FILED OR LODGED HEREWITH:
28  _____) STIPULATION; [PROPOSED] ORDER]

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Pursuant to 31 U.S.C. § 3730(b)(3), the United States of America (the "United States" or the "government") respectfully submits this Memorandum and the accompanying Declaration in support of its concurrently-lodged Stipulation for an order extending, by approximately 182 days, from April 14, 2014, to and including October 13, 2014, the time in which the United States may evaluate the above-captioned qui tam action ("this action") and notify the Court of its decision as to whether to intervene in this action.

By this request, the United States further requests that the Court maintain the Complaint and all other filings in this action under seal during this time.  Qui tam plaintiff Maria Guzman (the "Relator") joins in these requests.

### II.   ALLEGATIONS OF THE COMPLAINT

The Relator filed this action on August 12, 2013 on behalf of the United States against defendant INSYS Therapeutic, Inc. ("INSYS") under the whistleblower provisions of the FCA.  INSYS is alleged to be a specialty pharmaceutical company headquartered in Chandler, Arizona.  INSYS allegedly markets SUBSYS, a powerful fentanyl sublingual spray approved by the Food and Drug Administration ("FDA") to treat breakthrough cancer pain in opioid tolerant patients.  INSYS allegedly also markets Dronabinol SG Capsule and is awaiting FDA approval for Dronabinol Oral Solution.

The Complaint alleges that INSYS instituted a kickback-fueled off-label marketing campaign to induce doctors to prescribe SUBSYS far beyond its stated indication and its beginning dosage of 100 micrograms.  The Complaint alleges that INSYS improperly encouraged

1  doctors to quickly titrate patients to higher than appropriate

2  SUBSYS dosage levels.  The Complaint also alleges that INSYS used a

3  mail order pharmacy to send SUBSYS to patients who had not requested

4  the drug and that the pharmacy did not properly instruct patients on

5  the proper storage of SUBSYS.

6      The Complaint further alleges that INSYS instituted programs

7  throughout the country in order improperly to induce doctors to

8  prescribe SUBSYS, providing them with speaker's fees and other

9  monetary payments, trips to strip clubs and shooting ranges, stock

10  options, jobs for their significant others, expensive meals, and

11  other benefits, in violation of federal anti-kickback laws.

12      The Complaint alleges that, by its conduct, INSYS violated 31

13  U.S.C. §§ 3729(a)(1), 42 U.S.C. § 1320a-7b, 21 U.S.C. §§ 331(a) and

14  360aaa, among other provisions.

15  **III.** **GOOD CAUSE EXISTS TO EXTEND THE INTERVENTION DEADLINE**

16      The FCA provides in part that the United States shall have at

17  least 60 days to investigate whether it will decide to intervene in

18  a qui tam action, and that this period may be further extended for

19  good cause shown:

20          (2)  A copy of the complaint and written disclosure of

21          substantially all material evidence and information the person

22          possesses shall be served on the Government pursuant to Rule

23          4(d)(4) of the Federal Rules of Civil Procedure.  The complaint

24          shall be filed in camera, shall remain under seal for at least

25          60 days, and shall not be served on the defendant until the

26          court so orders.  The Government may elect to intervene and

27          proceed with the action within 60 days after it receives both

28          the complaint and the material evidence and information.

3

(3)   The Government may, for good cause shown, move the court for extensions of the time during which the complaint remains under seal under paragraph (2).

31 U.S.C. §§ 3730(b)(2), (3) (emphasis added).

As stated by the courts, the initial 60-day period is designed to enable the government to "investigate the private qui tam relator's allegations and determine whether they present adequate grounds for the government to proceed with the case, and, if adequate grounds exist, to determine whether it is in the government's interest to prosecute the case." United States ex rel. Siller v. Becton Dickinson & Co., 21 F.3d 1339, 1343 n.3 (4th Cir. 1994). "As Congress recognized, these tasks could very well take more than 60 days." Id.; see also United States ex rel. Ridenour v. Kaiser-Hill Co., 397 F.3d 925, 931-32 (10th Cir. 2005) ("1986 amendments allow the Government to obtain extensions beyond the initial sixty days in which to investigate the claims").

The United States respectfully submits that, for the reasons stated in the attached declaration, good cause exists to extend the intervention deadline in this action.  At this time, various investigative tasks remain to be completed in order to enable the United States to determine whether to intervene in this action.  See Lee Decl., ¶¶ 13-15.

The United States also requests that the Complaint and all other documents filed or lodged in this action remain under seal during the requested extension period.  As recognized by the Ninth Circuit, the Government should be allowed "'an adequate opportunity to fully evaluate the private enforcement suit and determine both if that suit involves matters the Government is already investigating

4

1   and whether it is in the Government's interest to intervene and take

2   over the civil action.'" United States ex rel. Lujan v. Hughes

3   Aircraft Co., 67 F.3d 242, 245 (9th Cir. 1995) (citation omitted).

4   Maintaining the seal is important because it allows "the qui tam

5   relator to start the judicial wheels in motion and protect his

6   litigative rights, while allowing the government the opportunity to

7   study and evaluate the relator's information for possible

8   intervention in the qui tam action or in relation to an overlapping

9   criminal investigation." Id.

10      In the present case, there is a need to keep the Complaint and

11  related materials under seal pending completion of the necessary

12  investigative tasks in this action. See Lee Decl., ¶ 17.

13  Accordingly, the intervention and sealing period should be extended

14  to and including October 13, 2014.

15  **IV. CONCLUSION**

16      For the foregoing reasons, the United States respectfully

17  requests that the Court extend the time in which the United States

18  may investigate and evaluate this action and decide whether to

19  intervene. This extension would extend the time for intervention to

20  and including October 13, 2014. During this time, the Complaint and

21

22

23

24

25

26

27

28

1   all other documents filed or lodged in this action should also

2   remain under seal.  The Relator joins in these requests.

3   DATED:  April  9 , 2014          Respectfully submitted,

4                                    ANDRÉ BIROTTE JR.
                                     United States Attorney
5                                    LEON W. WEIDMAN
                                     Chief, Civil Division
6                                    DAVID K. BARRETT
                                     Chief, Civil Fraud Section
7                                    SUSAN R. HERSHMAN
                                     Deputy Chief, Civil Fraud Section
8
                                     MICHAEL D. GRANSTON
9                                    PATRICIA L. HANOWER
                                     DAVID T. COHEN
10                                   Attorneys, Civil Division
                                     United States Department of Justice
11

12

13                                   JOHN E. LEE
                                     Assistant United States Attorney
14
                                     Attorneys for the
15                                   UNITED STATES OF AMERICA

16

17

18

19

20

21

22

23

24

25

26

27

28

6

### DECLARATION OF JOHN E. LEE

I, John E. Lee, declare as follows:

1. I am an Assistant United States Attorney ("AUSA") in the Civil Fraud Section of the Civil Division of the United States Attorney's Office ("USAO") for the Central District of California. I am a member of the Bar of the State of California and am admitted to practice before this Court. I am one of the attorneys responsible for representing the United States in the above-captioned action ("this action").

2. I make this declaration based partly on my own personal knowledge and based partly upon information provided by the government investigators and agents in this action, obtained from our files in this action, and otherwise available from government sources.

### Background

3. The USAO's files in this action show the following: On August 12, 2013, qui tam plaintiff Maria Guzman (the "Relator") filed a complaint under seal pursuant to the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3731 ("Complaint"). On or about August 12, 2013, the Relator served, by certified mail, a copy of the Complaint and written disclosure statement pursuant to 31 U.S.C. § 3730(b)(2) upon the USAO in this district and the Attorney General in Washington, D.C. The USAO received its service copy on or about August 14, 2013.

4. In or about August 2013, I was formally assigned to represent the United States in this action involving INSYS Therapeutic, Inc. ("INSYS"). We promptly assembled an investigative team. The USAO assigned an auditor, Jeff McVicker, to this action.

1  The U.S. Department of Health and Human Services, Office of
2  Inspector General ("HHS-OIG"), assigned a case agent, Kurt Soo Hoo,
3  to this action.  The United States Department of Justice, Civil
4  Division, in Washington, D.C., assigned Senior Trial Counsel David
5  T. Cohen to this action.  The United States Department of Justice,
6  Consumer Protection Branch, assigned Trial Attorney Sang H. Lee to
7  this action.  Additionally, the Defense Criminal Investigative
8  Service assigned special agent Michael Koslow to this action.

9      5.  To investigate this action, the investigative team reviewed
10 the Complaint and written disclosure statement, along with other
11 documents, that were provided by the Relator.

12     6.  In September 2013, the investigative team interviewed the
13 Relator.  At this interview, and subsequently, we requested from the
14 Relator and her counsel various additional items of information
15 relating to the allegations in the Complaint.

16            Investigative Activity Since the Seal Extension

17     7.  Since the seal extension was granted on October 1, 2013, we
18 have diligently investigated this action.  During October 2013, we
19 received from the Relator's counsel various records and other items
20 of information that we requested in September 2013.  The
21 investigative team reviewed these records and other information and
22 sought and obtained additional information and documents from other
23 sources relating to INSYS and its products.

24     8.  During November 2013, we prepared and finalized six HHS-OIG
25 administrative subpoenas ("IG subpoenas") for issuance and service
26 in this action.  During this time, we continued to communicate with
27 the Relator and her counsel, as well as other sources, for further
28 information relevant to this action.

9.   In December 2013, we served an IG subpoena on INSYS.  We then began a series of communications with counsel for INSYS, John T. Bentivoglio, Esq., Jennifer L. Bragg, Esq., and Maya P. Florence, Esq., of Skadden, Arps, Slate, Meagher & Flom, LLP, in Washington, D.C., regarding production and other issues.

10.   In January 2014, we interviewed a witness, in the presence of the witness's counsel, at the USAO in Boston, Massachusetts. Also in January 2014, we began receiving some documents from INSYS in response to its IG subpoena.  We also served IG subpoenas on five additional INSYS employees for further documents relevant to this action and began communications with their counsel, Anthony Pacheco, Esq., and Rebecca C. Barnhardt, Esq. of Jeffer, Mangels, Butler & Mitchell, LLP, in Los Angeles.  Further, we spoke with AUSAs in two other judicial districts outside the Central District of California regarding matters related to this action.

11.   In February 2014, the investigative team spoke with other governmental agencies and obtained information and records relating to this action.  We also received a second batch of documents from counsel for INSYS.  Additionally, we continued to discuss with INSYS counsel and counsel for the five INSYS employees various issues related to the production of documents responsive to the IG subpoenas.  Both counsel for INSYS and the five INSYS employees advised us that the volume of documents involved in this investigation would require that search protocols be designed and implemented before most of the responsive documents could be located, reviewed, and produced.  We began separate discussions with both sets of counsel regarding these and other issues related to the production of responsive documents.

1    12.   In March 2014, we continued our discussions with both sets

2  of counsel regarding implementing appropriate search protocols.

3  Additionally, Mr. Pacheco advised us in March 2014 that one of the

4  subpoenaed individuals had his cellular telephone damaged in January

5  2014, after being served with an IG subpoena.   Mr. Pacheco later

6  advised us that all data on this telephone had been lost and was

7  irretrievable.   We have requested to interview this individual

8  regarding the destruction of his cellular telephone.

9                    Further Investigative Activity Needed

10    13.   At this time, we are awaiting an interview with the INSYS

11  employee, which has been scheduled for April 2014.

12    14.   We are also currently awaiting from both sets of counsel a

13  data volume breakdown and other information necessary to design and

14  implement appropriate search protocols.   We anticipate receiving

15  this information during April 2014 and, thereafter, continuing our

16  negotiation of search terms and other production issues with both

17  sets of counsel.   Although the process of obtaining relevant

18  documents pursuant to the IG subpoenas will remain ongoing as the

19  investigation progresses, we anticipate that approximately 120 days

20  or longer will be needed to begin obtaining a meaningful quantity of

21  documents from INSYS and the five individual employees.

22    15.   After receiving and reviewing relevant documents pursuant

23  to the IG subpoenas, we anticipate conducting interviews of various

24  witnesses in this action, including current INSYS employees, as well

25  as other persons.   Because these interviews will be most productive

26  if they are undertaken after we have reviewed subpoenaed records and

27  conducted our analyses, we anticipate conducting most of these

28  interviews after review of the bulk of the subpoenaed documents.   We

4

1  anticipate that this interview process will take another 90 days or
2  longer to complete once it has commenced.

                          Extension Requested

4      16.  For the foregoing reasons, the United States has not yet
5  completed its investigation and is not yet prepared to make a
6  determination as to whether to intervene in this action.  We believe
7  that at least an additional six months are needed to advance our
8  investigation towards making that decision.  We would propose
9  reporting to the Court toward the end of the requested extension
10  period as to the progress of the investigation.  Accordingly, the
11  United States respectfully requests an extension of the deadline to
12  notify the Court of its decision regarding whether to intervene in
13  this action by one hundred eighty-two (182) days, from April 14,
14  2014, to and including October 13, 2014.

15      17.  Additionally, the United States requests that the
16  Complaint and other documents filed or lodged in this action be kept
17  under seal during this time period.  This is necessary to avoid
18  improper dissemination of confidential information during the
19  government's investigation of the allegations in this action.

20      18.  The Relator, through her counsel, joins in the requested
21  extension and sealing request.

22      I declare under penalty of perjury under the laws of the United
23  States that the foregoing is true and correct.

24      Executed on April 9, 2014, in Los Angeles, California.

JOHN E. LEE