BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
EILEEN M. DECKER
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
DAVID K. BARRETT
Assistant United States Attorney
Chief, Civil Fraud Section
SUSAN HERSHMAN
Assistant United States Attorney
Deputy Chief, Civil Fraud Section
JOHN E. LEE
Assistant United States Attorney
California State Bar No. 128696
    Room 7516, Federal Building
    300 N. Los Angeles Street
    Los Angeles, California 90012
    Tel: (213) 894-3995
    Fax: (213) 894-2380
    Email: john.lee2@usdoj.gov
MICHAEL D. GRANSTON
PATRICIA L. HANOWER
DAVID T. COHEN
Attorneys, Civil Division
United States Department of Justice
    P.O. Box 261
    Ben Franklin Station
    Washington, D.C. 20044
    Telephone: (202) 307-0136
    Facsimile: (202) 307-3852
    E-mail: david.t.cohen@usdoj.gov
Attorneys for the United States of America

[Stamps: FILED CLERK, U.S. DISTRICT COURT, OCT 2 2015, CENTRAL DISTRICT OF CALIFORNIA, BY ___ DEPUTY; DOCKETED ON CM, OCT 7 2015, BY ___ 167; 2015 OCT -2 PM 3:37 CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES; LODGED; 24]

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* [UNDER SEAL],<br><br>    Plaintiff[s],<br><br>    v.<br><br>[UNDER SEAL],<br><br>    Defendant[s]. | No. CV 13-5861 GHK (AJWx)<br><br>IN CAMERA MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF STIPULATION REQUESTING EXTENSION OF SEAL AND UNITED STATES' ELECTION PERIOD; IN CAMERA DECLARATION OF JOHN E. LEE IN SUPPORT THEREOF<br><br>[FILED UNDER SEAL PURSUANT TO THE FALSE CLAIMS ACT, 31 U.S.C. §§ 3730(b)(2) AND (3)] |

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
EILEEN M. DECKER
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
DAVID K. BARRETT
Assistant United States Attorney
Chief, Civil Fraud Section
SUSAN HERSHMAN
Assistant United States Attorney
Deputy Chief, Civil Fraud Section
JOHN E. LEE
Assistant United States Attorney
California State Bar No. 128696
    Room 7516, Federal Building
    300 N. Los Angeles Street
    Los Angeles, California 90012
    Tel: (213) 894-3995
    Fax: (213) 894-2380
    Email: john.lee2@usdoj.gov
MICHAEL D. GRANSTON
PATRICIA L. HANOWER
DAVID T. COHEN
Attorneys, Civil Division
United States Department of Justice
    P.O. Box 261
    Ben Franklin Station
    Washington, D.C. 20044
    Telephone: (202) 307-0136
    Facsimile: (202) 307-3852
    E-mail: david.t.cohen@usdoj.gov
Attorneys for the United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* **[UNDER SEAL]**,<br><br>    Plaintiff[s],<br><br>    v.<br><br>**[UNDER SEAL]**,<br><br>    Defendant[s]. | No. CV 13-5861 GHK (AJWx)<br><br>IN CAMERA MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF STIPULATION REQUESTING EXTENSION OF SEAL AND UNITED STATES' ELECTION PERIOD; IN CAMERA DECLARATION OF JOHN E. LEE IN SUPPORT THEREOF<br><br>**[FILED UNDER SEAL PURSUANT TO THE FALSE CLAIMS ACT, 31 U.S.C. §§ 3730(b)(2) AND (3)]** |

[FILED/LODGED CONCURRENTLY UNDER SEAL: (1) STIPULATION REQUESTING EXTENSION OF SEAL AND UNITED STATES' ELECTION PERIOD; (2) [PROPOSED] ORDER EXTENDING SEAL AND UNITED STATES' ELECTION PERIOD]

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
EILEEN M. DECKER
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
DAVID K. BARRETT
Assistant United States Attorney
Chief, Civil Fraud Section
SUSAN HERSHMAN
Assistant United States Attorney
Deputy Chief, Civil Fraud Section
JOHN E. LEE
Assistant United States Attorney
California State Bar No. 128696
    Room 7516, Federal Building
    300 N. Los Angeles Street
    Los Angeles, California 90012
    Tel: (213) 894-3995
    Fax: (213) 894-2380
    Email: john.lee2@usdoj.gov
MICHAEL D. GRANSTON
PATRICIA L. HANOWER
DAVID T. COHEN
Attorneys, Civil Division
United States Department of Justice
    P.O. Box 261
    Ben Franklin Station
    Washington, D.C. 20044
    Telephone: (202) 307-0136
    Facsimile: (202) 307-3852
    E-mail: david.t.cohen@usdoj.gov
Attorneys for the United States of America

FILED
CLERK, U.S. DISTRICT COURT
OCT 2 2015
CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. MARIA GUZMAN,<br><br>Plaintiff,<br><br>v.<br><br>INSYS THERAPEUTICS, INC.,<br><br>Defendant. | No. CV 13-5861 GHK (AJWx)<br><br>IN CAMERA MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF STIPULATION REQUESTING EXTENSION OF SEAL AND UNITED STATES' ELECTION PERIOD; IN CAMERA DECLARATION OF JOHN E. LEE IN SUPPORT THEREOF<br><br>[FILED UNDER SEAL PURSUANT TO THE FALSE CLAIMS ACT, 31 U.S.C. §§ 3730(b)(2) AND (3)] |

[FILED/LODGED CONCURRENTLY UNDER SEAL: (1) STIPULATION REQUESTING EXTENSION OF SEAL AND UNITED STATES' ELECTION PERIOD; (2) [PROPOSED] ORDER EXTENDING SEAL AND UNITED STATES' ELECTION PERIOD]

## I. INTRODUCTION

This action is brought under the qui tam provisions of the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3733. The defendant is INSYS Therapeutics, Inc. ("INSYS"). The qui tam plaintiff ("the Relator") is Maria Guzman. Pursuant to the FCA, 31 U.S.C. § 3730(b)(3), and the Stipulation filed concurrently herewith, the United States of America ("United States" or "government") respectfully requests that the Court grant it an additional six months, to and including April 11, 2016, within which to elect whether to intervene in the above-captioned action ("this action"). The United States also requests that the Complaint and all other documents filed or lodged in this action remain under seal for the same period, pursuant to 31 U.S.C. §§ 3730(b)(2) and (3).

## II. PROCEDURAL SUMMARY AND RELATOR'S ALLEGATIONS

The Relator filed the Complaint in this action on August 12, 2013, under seal as required by the FCA.

INSYS is alleged to be a specialty pharmaceutical company headquartered in Chandler, Arizona. INSYS allegedly markets SUBSYS, a powerful fentanyl sublingual spray approved by the Food and Drug Administration ("FDA") to treat breakthrough cancer pain in opioid tolerant patients. INSYS allegedly also markets Dronabinol SG Capsule and is awaiting FDA approval for Dronabinol Oral Solution.

The Relator alleges that INSYS instituted a kickback-fueled off-label marketing campaign to induce doctors to prescribe SUBSYS far beyond its stated indication and its beginning dosage of 100 micrograms. The Relator alleges that INSYS improperly encouraged doctors to quickly titrate patients to higher than appropriate SUBSYS dosage levels. The Relator also alleges that INSYS used a mail order pharmacy to send SUBSYS to patients who had not requested the drug and that the pharmacy did not properly instruct patients on the proper storage of SUBSYS.

The Relator further alleges that INSYS instituted programs throughout the country in order improperly to induce doctors to prescribe SUBSYS, providing them with speaker's fees and other monetary payments, trips to strip clubs and shooting ranges,

1

stock options, jobs for their significant others, expensive meals, and other benefits, in violation of federal anti-kickback laws.

The Relator alleges that, by its conduct, INSYS violated 31 U.S.C. §§ 3729(a)(1), 42 U.S.C. § 1320a-7b, 21 U.S.C. §§ 331(a) and 360aaa, among other provisions.

### III. THERE IS GOOD CAUSE TO EXTEND THE INTERVENTION DEADLINE AND SEAL PERIOD

The qui tam provisions of the FCA provide in pertinent part that:

> (2) . . . The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders. The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.
>
> (3) The Government may, for good cause shown, move the court for extensions of the time during which the complaint remains under seal under paragraph (2).

31 U.S.C. §§ 3730(b)(2) and (3) (emphasis added).

The Fourth Circuit has noted that the initial 60-day seal period is designed to enable the government to "investigate the private *qui tam* relator's allegations and determine whether they present adequate grounds for the government to proceed with the case, and, if adequate grounds exist, to determine whether it is in the government's interest to prosecute the case." United States ex rel. Siller v. Becton Dickinson & Co., 21 F.3d 1339, 1343 n.3 (4th Cir. 1994). The court also noted that, "[a]s Congress recognized, these tasks could very well take more than 60 days." Id. As set forth in the accompanying declaration, good cause exists to extend the intervention election period. See attached In Camera Declaration of John E. Lee ("Lee Decl."), ¶ 3.

The United States also requests that the Complaint and all other documents filed or lodged in this action remain under seal pursuant to 31 U.S.C. §§ 3730(b)(2) and (3), to allow the United States an adequate opportunity to evaluate fully the private enforcement

2

suit and to determine whether it is in the United States' interest to intervene in the relator's qui tam action. As recognized in United States ex rel. Lujan v. Hughes Aircraft Co., 67 F.3d 242, 245 (9th Cir. 1995) (citation omitted), the government should be allowed "an adequate opportunity to fully evaluate the private enforcement suit and determine both if that suit involves matters the Government is already investigating and whether it is in the Government's interest to intervene and take over the civil action." Maintaining the seal is important because it allows "the *qui tam* relator to start the judicial wheels in motion and protect his litigative rights, while allowing the government the opportunity to study and evaluate the relator's information for possible intervention in the *qui tam* action or in relation to an overlapping criminal investigation." Id. As set forth in the Lee Decl., ¶ 4, maintaining the seal is important in the present case.

## IV.   CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court approve the Stipulation filed herewith and grant the United States a six-month extension of time, to and including April 11, 2016, to determine whether to intervene in this action, during which time the Complaint and all other documents filed or lodged in this action would remain under seal. The Relator has joined in requesting the proposed extension.

| | | |
|---|---|---|
| 1 | Dated: October 2, 2015 | Respectfully submitted, |
| 2 | | BENJAMIN C. MIZER |
| | | Principal Deputy Assistant Attorney General |
| 3 | | EILEEN M. DECKER |
| | | United States Attorney |
| 4 | | LEON W. WEIDMAN |
| | | Chief, Civil Division |
| 5 | | DAVID K. BARRETT |
| | | Chief, Civil Fraud Section |
| 6 | | SUSAN HERSHMAN |
| | | Deputy Chief, Civil Fraud Section |

MICHAEL D. GRANSTON
PATRICIA L. HANOWER
DAVID T. COHEN
Attorneys, Civil Division
United States Department of Justice

*/s/ John E. Lee*

JOHN E. LEE
Assistant United States Attorneys

Attorneys for the United States of America

4

# IN CAMERA DECLARATION OF JOHN E. LEE

I, John E. Lee, declare:

1. I am the Assistant United States Attorney who, along with Department of Justice Trial Attorney David T. Cohen, has been assigned responsibility for handling this action. This declaration is offered in support of the United States' request for a six-month extension of the seal and election period, to and including April 11, 2016. The Relator has joined in requesting the proposed extension.

2. Since reporting to the Court for the last extension request, which was granted on April 3, 2015, the United States has, among other things, undertaken the following investigative activities in this action:

    a. During April, May, June, August, and September 2015, we received INSYS Therapeutics Inc.'s ("INSYS") Twentieth through Twenty-Eighth productions of documents in response to an Inspector General subpoena that we served on INSYS. The productions received during this period consist of approximately 186,157 documents comprised of approximately 2,689,824 pages.

    b. In late April 2015, we met in person with INSYS's counsel, John Bentivoglio, Jennifer Bragg, and Maya Florence of Skadden, Arps, Slate, Meagher & Flom, LLP ("Skadden"), at their offices in Washington, D.C., to discuss various issues relating to this action.

    c. During April and May 2015, we interviewed three witnesses regarding the allegations in this action.

    d. In May 2015, the investigative team received, through the United States Office of Personnel Management, Office of Inspector General, a referral from a national pharmaceutical company regarding INSYS. Since then, we have received, and continue to receive, additional information from the pharmaceutical company.

    e. In June 2015, we interviewed two relators in another qui tam action filed under seal against INSYS in the United States District Court for the Eastern District of Pennsylvania.

    f. In August 2015, we held further discussions with Skadden counsel regarding this action.

    g. In August and September 2015, two additional witnesses were interviewed regarding the allegations against INSYS.

  3. The United States needs additional time to conduct its investigation. In particular, additional time is needed to undertake the following investigative tasks:

    a. At this time, we continue to review and analyze voluminous documents obtained in this investigation. To date, the investigative team has received more than 5 million pages of documents in this action. During the upcoming months, we anticipate continuing to review relevant documents and, if necessary, seeking and obtaining additional documents in this investigation.

    b. We also need to continue to interview numerous additional witnesses in this action, many of whom reside in various other states across the country. We anticipate continuing to interview some of these witnesses before we have received and reviewed all of the documents that we have requested pursuant to the Inspector General subpoenas. However, for the majority of witnesses, we anticipate that the interviews will need to be conducted after we have reviewed the bulk of the documents that we have requested in this action.

    c. We also continue to coordinate efforts with the United States Attorney's Office for the District of Massachusetts, which is working on a related criminal investigation involving INSYS. We are also coordinating investigative efforts with United States Attorney's Offices in the Middle District of Florida and the Eastern District of Pennsylvania on related matters involving INSYS.

    d. We also anticipate conducting additional meetings as appropriate with INSYS counsel regarding issues that we began discussing at our April 2015 in-person meeting in Washington, D.C.

  4. I believe that six months is the minimum time required to complete these tasks. During this period, maintaining the seal over this action is important to avoid

6

improper dissemination of confidential information. If more than six months are ultimately required, the United States will report to the Court toward the end of the requested extension period regarding the status of the investigation.

5. For the foregoing reasons, the United States respectfully requests that the Court grant a six-month extension of the United States' deadline regarding intervention, and the same extension of the seal period, to and including April 11, 2016.

6. The foregoing is based both on my personal knowledge and on information I obtained from case agents of the Department of Health and Human Services, Office of Inspector General, and Department of Defense, Defense Criminal Investigative Service, as well as other government officials and sources.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 2, 2015, at Los Angeles, California.

JOHN E. LEE

7