1  BENJAMIN C. MIZER
   Principal Deputy Assistant Attorney General
2  EILEEN M. DECKER
   United States Attorney
3  DOROTHY A. SCHOUTEN
   Assistant United States Attorney
4  Chief, Civil Division
   DAVID K. BARRETT
5  Assistant United States Attorney
   Chief, Civil Fraud Section
6  SUSAN HERSHMAN
   Assistant United States Attorney
7  Deputy Chief, Civil Fraud Section
   JOHN E. LEE (CBN 128696)
8  Assistant United States Attorney
         300 N. Los Angeles Street, Room 7516
9        Los Angeles, California 90012
         Tel: (213) 894-3995
10       Fax: (213) 894-2380
         Email: john.lee2@usdoj.gov
11 MICHAEL D. GRANSTON
   PATRICIA L. HANOWER
12 DAVID T. COHEN
   Attorneys, Civil Division
13 United States Department of Justice
         P.O. Box 261
14       Ben Franklin Station
         Washington, D.C. 20044
15       Telephone: (202) 307-0136
         Facsimile: (202) 307-3852
16       E-mail: david.t.cohen@usdoj.gov
   Attorneys for the United States of America



UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* [UNDER SEAL], | No. CV 13-5861 GHK (AJWx) |
| Plaintiff[s], | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF STIPULATION REQUESTING EXTENSION OF SEAL AND ELECTION PERIOD; DECLARATION OF JOHN E. LEE IN SUPPORT THEREOF |
| v. | |
| [UNDER SEAL], | |
| Defendant[s]. | [FILED UNDER SEAL PURSUANT TO THE FALSE CLAIMS ACT, 31 U.S.C. §§ 3730(b)(2) AND (3)] |
| | [FILED/LODGED CONCURRENTLY: (1) STIPULATION; (2) DECLARATION; (3) [PROPOSED] ORDER |

ORIGINAL

FILED
CLERK U.S DISTRICT COURT

APR - 1 2016

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

1  BENJAMIN C. MIZER
   Principal Deputy Assistant Attorney General
2  EILEEN M. DECKER
   United States Attorney
3  DOROTHY A. SCHOUTEN
   Assistant United States Attorney
4  Chief, Civil Division
   DAVID K. BARRETT
5  Assistant United States Attorney
   Chief, Civil Fraud Section
6  SUSAN HERSHMAN
   Assistant United States Attorney
7  Deputy Chief, Civil Fraud Section
   JOHN E. LEE (CBN 128696)
8  Assistant United States Attorney
        300 N. Los Angeles Street, Room 7516
9       Los Angeles, California 90012
        Tel: (213) 894-3995
10      Fax: (213) 894-2380
        Email: john.lee2@usdoj.gov
11 MICHAEL D. GRANSTON
   PATRICIA L. HANOWER
12 DAVID T. COHEN
   Attorneys, Civil Division
13 United States Department of Justice
        P.O. Box 261
14      Ben Franklin Station
        Washington, D.C. 20044
15      Telephone: (202) 307-0136
        Facsimile: (202) 307-3852
16      E-mail: david.t.cohen@usdoj.gov
   Attorneys for the United States of America
17
              UNITED STATES DISTRICT COURT
18
          FOR THE CENTRAL DISTRICT OF CALIFORNIA
19
                      WESTERN DIVISION
20

| | |
|---|---|
| UNITED STATES OF AMERICA; the STATES of CALIFORNIA, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, LOUISIANA, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW HAMPSHIRE, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, and WASHINGTON; COMONWEALTHS of MASSACHUSETTS and VIRGINIA, and the DISTRICT OF COLUMBIA ex rel. MARIA GUZMAN, | No. CV 13-5861 GHK (AJWx)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF STIPULATION REQUESTING EXTENSION OF SEAL AND UNITED STATES' ELECTION PERIOD; DECLARATION OF JOHN E. LEE IN SUPPORT THEREOF<br><br>**[FILED UNDER SEAL PURSUANT TO THE FALSE CLAIMS ACT, 31 U.S.C. §§ 3730(b)(2) AND (3)]**<br><br>[FILED/LODGED CONCURRENTLY: (1) STIPULATION REQUESTING |

|   |   |
|---|---|
| Plaintiff, | EXTENSION OF SEAL AND ELECTION PERIOD; DECLARATION OF JOHN E. LEE IN SUPPORT THEREOF; (2) DECLARATION OF ERIKA HIRAMATSU; (3) [PROPOSED] ORDER EXTENDING SEAL AND ELECTION PERIOD] |
| v. | |
| INSYS THERAPEUTICS, INC.; MICHAEL BABICH, an individual; ALEC BURLAKOFF, an individual; and DOES 1 through 15, | |
| Defendants. | |

## I. INTRODUCTION

This action is brought under the qui tam provisions of the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3733. The qui tam plaintiff ("the Relator") is Maria Guzman. The defendants are INSYS Therapeutics, Inc. ("INSYS"), a publicly-traded national pharmaceutical company and its former executives Michael Babich and Alex Burlakoff. Pursuant to the FCA, 31 U.S.C. § 3730(b)(3) and respective State statutes, and the Stipulation filed concurrently herewith, the United States of America ("United States") respectfully requests that the Court grant it and all of the governmental entities named as plaintiffs (the "State governmental entities")[1] an additional six months, to and including October 10, 2016, within which to elect whether to intervene in the above-captioned action ("this action"). The United States also requests that the Complaint, First Amended Complaint, and all other documents filed or lodged in this action remain under seal for the same period, pursuant to 31 U.S.C. §§ 3730(b)(2) and (3).

## II. PROCEDURAL SUMMARY AND RELATOR'S ALLEGATIONS

The Relator filed the Complaint in this action on August 12, 2013, under seal as required by the FCA. On November 16, 2015, the Relator filed a First Amended

---

[1] The State governmental entities are the States of California, Delaware, Florida, Georgia, Hawaii, Illinois, Indiana, Louisiana, Michigan, Minnesota, Montana, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Oklahoma, Rhode Island, Tennessee, Texas, and Washington; the Commonwealths of Massachusetts and Virginia, and the District of Columbia. The State governmental entities are members of an organization called the National Association of Medicaid Fraud Control Units (NAMFCU), whose Intake Team liaisons are California Deputy Attorney General Erika Hiramatsu and Indiana Deputy Attorney General Lawrence J. Carcare, II. See Declaration of Erika Hiramatsu.

3

1 Complaint, adding twenty-five governmental entities as plaintiffs and allegations
2 regarding two individuals, Babich and Burlakoff, also added as defendants.

3     INSYS is alleged to be a specialty pharmaceutical company headquartered in
4 Chandler, Arizona. INSYS allegedly markets Subsys, a powerful fentanyl sublingual
5 spray approved by the Food and Drug Administration ("FDA") to treat breakthrough
6 cancer pain in opioid tolerant patients. INSYS allegedly also markets Dronabinol SG
7 Capsule and is awaiting FDA approval for Dronabinol Oral Solution. Babich was
8 INSYS's Chief Executive Officer and Buralkoff was its Vice-President of Sales.

9     The Relator alleges that the defendants instituted a kickback-fueled off-label
10 marketing campaign to induce doctors to prescribe SUBSYS far beyond its stated
11 indication and its beginning dosage of 100 micrograms. The Relator alleges that the
12 defendants improperly encouraged doctors to quickly titrate patients to higher than
13 appropriate Subsys dosage levels. The Relator also alleges that the defendants used a
14 mail order pharmacy to send Subsys to patients who had not requested the drug and that
15 the pharmacy did not properly instruct patients on the proper storage of Subsys.

16     The Relator further alleges that the defendants instituted programs throughout the
17 country in order improperly to induce doctors to prescribe Subsys, providing them with
18 speaker's fees and other monetary payments, trips to strip clubs and shooting ranges,
19 stock options, jobs for their significant others, expensive meals, and other benefits, in
20 violation of federal anti-kickback laws.

21     The Relator alleges that, by their conduct, the defendants violated, among other
22 provisions, 31 U.S.C. §§ 3729(a)(1), 42 U.S.C. § 1320a-7b, 21 U.S.C. §§ 331(a) and
23 360aaa, as well as similar provisions of the State governmental entities.

24 **III. THERE IS GOOD CAUSE TO EXTEND THE INTERVENTION**
25      **DEADLINE AND SEAL PERIOD**
26     The qui tam provisions of the FCA provide in pertinent part that:
27     (2)   . . . The complaint shall be filed in camera, shall remain under seal
28           for at least 60 days, and shall not be served on the defendant until the court

so orders. The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.

(3)     <u>The Government may, for good cause shown, move the court for extensions of the time during which the complaint remains under seal under paragraph (2)</u>.

31 U.S.C. §§ 3730(b)(2) and (3) (emphasis added).

The Fourth Circuit has noted that the initial 60-day seal period is designed to enable the government to "investigate the private *qui tam* relator's allegations and determine whether they present adequate grounds for the government to proceed with the case, and, if adequate grounds exist, to determine whether it is in the government's interest to prosecute the case." <u>United States ex rel. Siller v. Becton Dickinson & Co.</u>, 21 F.3d 1339, 1343 n.3 (4th Cir. 1994). The court also noted that, "[a]s Congress recognized, these tasks could very well take more than 60 days." <u>Id.</u> As set forth in the accompanying declaration, good cause exists to extend the intervention election period. <u>See</u> attached <u>In Camera</u> Declaration of John E. Lee ("Lee Decl."), ¶ 3.

The United States also requests that the Complaint and all other documents filed or lodged in this action remain under seal pursuant to 31 U.S.C. §§ 3730(b)(2) and (3), to allow the United States an adequate opportunity to evaluate fully the private enforcement suit and to determine whether it is in the United States' interest to intervene in the relator's <u>qui tam</u> action. As recognized in <u>United States ex rel. Lujan v. Hughes Aircraft Co.</u>, 67 F.3d 242, 245 (9th Cir. 1995) (citation omitted), the government should be allowed "an adequate opportunity to fully evaluate the private enforcement suit and determine both if that suit involves matters the Government is already investigating and whether it is in the Government's interest to intervene and take over the civil action." Maintaining the seal is important because it allows "the *qui tam* relator to start the judicial wheels in motion and protect his litigative rights, while allowing the government the opportunity to study and evaluate the relator's information for possible intervention

in the *qui tam* action or in relation to an overlapping criminal investigation." Id. As set forth in the Lee Decl., ¶ 4, maintaining the seal is important in the present case.

## IV. CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court approve the Stipulation filed herewith and grant the United States and the State governmental entities a six-month extension of time, to and including October 10, 2016, to determine whether to intervene in this action, during which time the Complaint, First Amended Complaint, and all other documents filed or lodged in this action would remain under seal. The Relator has joined in requesting the proposed extension.

Dated: April _/_, 2016

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
EILEEN M. DECKER
United States Attorney
DOROTHY A. SCHOUTEN
Chief, Civil Division
DAVID K. BARRETT
Chief, Civil Fraud Section
SUSAN HERSHMAN
Deputy Chief, Civil Fraud Section

MICHAEL D. GRANSTON
PATRICIA L. HANOWER
DAVID T. COHEN
Attorneys, Civil Division
United States Department of Justice

_/s/ John E. Lee_
JOHN E. LEE
Assistant United States Attorneys

Attorneys for the United States of America

## DECLARATION OF JOHN E. LEE

I, John E. Lee, declare:

1. I am the Assistant United States Attorney who, along with Department of Justice Trial Attorney David T. Cohen, has been assigned responsibility for representing the United States of America in this action. This declaration is offered in support of the United States' request for a six-month extension of the seal and election period, to and including October 10, 2016, on behalf of the United States and the State governmental entities. The Relator has joined in requesting the proposed extension.

2. Since reporting to the Court for the last extension request, which was granted on October 6, 2015, the United States has, among other things, undertaken the following investigative and related activities in this action:

   a. During September and November 2015 and February and March 2016, we received INSYS Therapeutics Inc.'s ("INSYS") Twenty-Ninth through Thirty-Second productions of documents in response to an Inspector General subpoena that we served on INSYS. The productions received during this period consist of approximately 10,704 documents comprised of approximately 26,796 pages.

   b. During October and November 2015 and January, February, and March 2016, we received INSYS's productions One through Twelve pursuant to subpoenas issued by the United States Attorney's Office in Boston. These productions consist of approximately 69,197 documents comprised of approximately 986,206 pages.

   c. During October and December 2015, we received further productions of documents from third parties and the Relator in this action.

   d. In December 2015, a meeting was held at the United States Attorney's Office in Boston, which is conducting a criminal investigation related to this action. In attendance were INSYS's counsel, Skadden, Arps, Slate, Meagher & Flom, LLP, including John Bentivoglio and Jennifer Bragg of its District of Columbia office and Michael K. Loucks and May P. Florence of its Boston office, as well as a number of INSYS employees, to discuss various issues relating to this action.

1       e.      In March 2016, a further meeting was held with INSYS counsel at the United States Attorney's Office in Boston.

        f.      In March 2016, the United States District Court for the Eastern District of Pennsylvania filed an order transferring to this district <u>U.S. ex rel. Erickson v. Insys Therapeutics, Inc.</u>, CV 15-1424 (E.D. Pa.), a <u>qui tam</u> action involving INSYS.

3.      The United States needs additional time to conduct its investigation. In particular, additional time is needed to undertake the following investigative tasks:

        a.      At this time, we continue to consult with criminal prosecutors in the United States Attorney's Office in Boston, who are conducting a criminal investigation related to this action. We also continue to receive documents obtained by the United States Attorney's Office in Boston pursuant to its investigation.

        b.      We also continue to review and analyze voluminous documents in this action, including documents obtained from INSYS, various third parties, and the Relator. To date, the investigative team has received more than 6 million pages of documents in this action and we continue to receive additional records. During the upcoming months, we anticipate continuing to review relevant documents and, if necessary, seeking and obtaining additional documents.

        c.      In March 2016, we discussed this action with National Association of Medicaid Fraud Coordinators ("NAMFCU") Intake Team Liaisons Lawrence J. Carcare II and Erika Hiramatsu. Mr. Carcare and Ms. Hiramatsu are in the process of obtaining from NAMFCU members various data, which we will need to review.

        d.      We also need to continue to interview numerous additional witnesses in this action, many of whom reside in various other states across the country. We anticipate continuing to interview some of these witnesses before we have received and reviewed all of the documents that we have requested pursuant to the Inspector General subpoenas. However, for the majority of witnesses, we anticipate that the interviews will need to be conducted after we have reviewed the bulk of the documents that we have requested in this action.

  e. We also continue to coordinate efforts with other governmental offices in addition to the United States Attorney's Office for the District of Massachusetts, including the United States Attorney's Offices in the Middle District of Florida and the Eastern District of Pennsylvania.

  d. We also anticipate conducting additional meetings as appropriate with INSYS counsel regarding issues that we began discussing with them in April 2015 and are continuing to discuss with them.

4. I believe that six months is the minimum time required to complete these tasks. During this period, maintaining the seal over this action is important to avoid improper dissemination of confidential information. If more than six months are ultimately required, the United States will report to the Court toward the end of the requested extension period regarding the status of the investigation.

5. For the foregoing reasons, the United States respectfully requests that the Court grant the United States and the State governmental entities a six-month extension of their deadline regarding intervention, and the same extension of the seal period, to and including October 10, 2016.

6. The foregoing is based both on my personal knowledge and on information I obtained from case agents of the Department of Health and Human Services, Office of Inspector General, and Department of Defense, Defense Criminal Investigative Service, as well as other government officials and sources.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April _1_, 2016, at Los Angeles, California.

             _/s/_
             JOHN E. LEE

DECLARATION RE LACK OF NECESSITY FOR PROOF OF SERVICE

I, John E. Lee, declare:

1. I am the Assistant United States Attorney who has been assigned responsibility for handling the above-captioned action. I am a member of the Bar of the State of California, and I have been duly admitted to appear before this Court. The following is based on my personal knowledge.

2. I have examined Federal Rule of Civil Procedure ("Rule") 5(a), which provides as follows:

(a) Service: When Required.

    (1) In General. Unless these rules provide otherwise, each of the following papers must be served on every party:

        (A) an order stating that service is required;

        (B) a pleading filed after the original complaint, unless the court orders otherwise under Rule 5(c) because there are numerous defendants;

        (C) a discovery paper required to be served on a party, unless the court orders otherwise;

        (D) a written motion, except one that may be heard ex parte; and

        (E) a written notice, appearance, demand, or offer of judgment, or any similar paper.

    (2) If a Party Fails to Appear. No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4.

    (3) Seizing Property. If an action is begun by seizing property and no person is or need be named as a defendant, any service required before the filing of an appearance, answer, or claim must be made on the person who had custody or possession of the property when it was seized.

3. The list of documents set forth in Rule 5(a)(1) does not include the documents to which this Declaration is attached. The said documents also are not a pleading that asserts "a new claim for relief" against any "party who is in default for failing to appear." (Rule 5(a)(2).) Nor was the above-captioned action "begun by seizing property." (Rule 5(a)(3).) Therefore, I believe that Rule 5(a) does not require the documents to which this Declaration is attached to be served upon any party that has appeared in the above-captioned action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April __/__, 2016, at Los Angeles, California.

JOHN E. LEE