LODGED ORIGINAL

2016 OCT 14 AM 11:10

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____



FILED
CLERK, U.S. DISTRICT COURT
OCT 17 2016
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
EILEEN M. DECKER
United States Attorney
DOROTHY A. SCHOUTEN
Assistant United States Attorney
Chief, Civil Division
DAVID K. BARRETT
Assistant United States Attorney
Chief, Civil Fraud Section
LINDA A. KONTOS
Assistant United States Attorney
Deputy Chief, Civil Fraud Section
JOHN E. LEE (CBN 128696)
Assistant United States Attorney
    300 N. Los Angeles Street, Room 7516
    Los Angeles, California 90012
    Tel: (213) 894-3995
    Fax: (213) 894-2380
    Email: john.lee2@usdoj.gov
MICHAEL D. GRANSTON
PATRICIA L. HANOWER
DAVID T. COHEN
Attorneys, Civil Division
United States Department of Justice
    P.O. Box 261
    Ben Franklin Station
    Washington, D.C. 20044
    Telephone: (202) 307-0136
    Facsimile: (202) 307-3852
    E-mail: david.t.cohen@usdoj.gov
Attorneys for the United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* **[UNDER SEAL]**,<br><br>    Plaintiff[s],<br><br>    v.<br><br>**[UNDER SEAL]**,<br><br>    Defendant[s]. | No. CV 13-5861 GHK (AJWx)<br><br>[P~~ROPOSED~~] ORDER [UNDER SEAL]<br><br>**[LODGED UNDER SEAL PURSUANT TO FALSE CLAIMS ACT, 31 U.S.C. § 3730(b)(2)]**<br><br>[FILED CONCURRENTLY HEREWITH: EX PARTE APPLICATION FOR [UNDER SEAL]; MEMORANDUM OF POINTS AND AUTHORITIES] |

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
EILEEN M. DECKER
United States Attorney
DOROTHY A. SCHOUTEN
Assistant United States Attorney
Chief, Civil Division
DAVID K. BARRETT
Assistant United States Attorney
Chief, Civil Fraud Section
LINDA A. KONTOS
Assistant United States Attorney
Deputy Chief, Civil Fraud Section
JOHN E. LEE (CBN 128696)
Assistant United States Attorney
    300 N. Los Angeles Street, Room 7516
    Los Angeles, California 90012
    Tel: (213) 894-3995
    Fax: (213) 894-2380
    Email: john.lee2@usdoj.gov
MICHAEL D. GRANSTON
PATRICIA L. HANOWER
DAVID T. COHEN
Attorneys, Civil Division
United States Department of Justice
    P.O. Box 261
    Ben Franklin Station
    Washington, D.C. 20044
    Telephone: (202) 307-0136
    Facsimile: (202) 307-3852
    E-mail: david.t.cohen@usdoj.gov
Attorneys for the United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA; the STATES of CALIFORNIA, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, LOUISIANA, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW HAMPSHIRE, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, and WASHINGTON; COMONWEALTHS of MASSACHUSETTS and VIRGINIA, and the DISTRICT OF COLUMBIA ex rel. MARIA GUZMAN, | No. CV 13-5861 GHK (AJWx)<br><br>[PROPOSED] ORDER PARTIALLY LIFTING SEAL<br><br>**[LODGED UNDER SEAL PURSUANT TO FALSE CLAIMS ACT, 31 U.S.C. § 3730(b)(2)]** |

|                                                        |
|--------------------------------------------------------|
| Plaintiff,                                             |
| v.                                                     |
| INSYS THERAPEUTICS, INC.; MICHAEL BABICH, an individual; ALEC BURLAKOFF, an individual; and DOES 1 through 15, |
| Defendants.                                            |

Upon consideration of the United States of America's ("United States") <u>Ex Parte</u> Application for Order Partially Lifting Seal, and for good cause shown,

IT IS HEREBY ORDERED that Assistant United States Attorneys in the Office of the United States Attorney for the District of Massachusetts who are conducting a criminal investigation related to this <u>qui tam</u> action may, at their discretion, disclose the existence of this <u>qui tam</u> action, the identity of the relator, the contents of any complaints or written disclosure statements filed or submitted in this action, the relator's potential financial interest in this action, and any other issues deemed necessary to disclose to members of any federal grand jury empaneled in the District of Massachusetts investigating possible criminal conduct related to this <u>qui tam</u> action.

IT IS FURTHER ORDERED that the complaint and all other filings in this action shall remain under seal, except insofar as that seal has been partially lifted by this Court.

IT IS SO ORDERED.

Dated: 10/17/16

_____
UNITED STATES DISTRICT JUDGE

## DECLARATION RE LACK OF NECESSITY FOR PROOF OF SERVICE

I, John E. Lee, declare:

1. I am the Assistant United States Attorney who has been assigned responsibility for handling the above-captioned action. I am a member of the Bar of the State of California, and I have been duly admitted to appear before this Court. The following is based on my personal knowledge.

2. I have examined Federal Rule of Civil Procedure ("Rule") 5(a), which provides as follows:

> (a) Service: When Required.
>
> (1) In General. Unless these rules provide otherwise, each of the following papers must be served on every party:
>
> (A) an order stating that service is required;
>
> (B) a pleading filed after the original complaint, unless the court orders otherwise under Rule 5(c) because there are numerous defendants;
>
> (C) a discovery paper required to be served on a party, unless the court orders otherwise;
>
> (D) a written motion, except one that may be heard ex parte; and
>
> (E) a written notice, appearance, demand, or offer of judgment, or any similar paper.
>
> (2) If a Party Fails to Appear. No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4.
>
> (3) Seizing Property. If an action is begun by seizing property and no person is or need be named as a defendant, any service required before the filing of an appearance, answer, or claim must be made on the person who had custody or possession of the property when it was seized.

4

3. The list of documents set forth in Rule 5(a)(1) does not include the document to which this Declaration is attached. The said document also is not a pleading that asserts "a new claim for relief" against any "party who is in default for failing to appear." (Rule 5(a)(2).) Nor was the above-captioned action "begun by seizing property." (Rule 5(a)(3).) Therefore, I believe that Rule 5(a) does not require the document to which this Declaration is attached to be served upon any party that has appeared in the above-captioned action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 13, 2016, at Los Angeles, California.

JOHN E. LEE