ORIGINAL

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
EILEEN M. DECKER
United States Attorney
DOROTHY A. SCHOUTEN
Assistant United States Attorney
Chief, Civil Division
DAVID K. BARRETT
Assistant United States Attorney
Chief, Civil Fraud Section
SUSAN HERSHMAN
Assistant United States Attorney
Deputy Chief, Civil Fraud Section
JOHN E. LEE (CBN 128696)
Assistant United States Attorney
        300 N. Los Angeles Street, Room 7516
        Los Angeles, California 90012
        Tel: (213) 894-3995
        Fax: (213) 894-2380
        Email: john.lee2@usdoj.gov
MICHAEL D. GRANSTON
PATRICIA L. HANOWER
DAVID T. COHEN
Attorneys, Civil Division
United States Department of Justice
        P.O. Box 261
        Ben Franklin Station
        Washington, D.C. 20044
        Telephone:  (202) 307-0136
        Facsimile:  (202) 307-3852
        E-mail:  david.t.cohen@usdoj.gov
Attorneys for the United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* **[UNDER SEAL]**, | No. CV 13-5861 GHK (AJWx) |
| Plaintiff[s], | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR [UNDER SEAL] |
| v. | |
| **[UNDER SEAL]**, | **[FILED UNDER SEAL PURSUANT TO FALSE CLAIMS ACT, 31 U.S.C. § 3730(b)(2)]** |
| Defendant[s]. | [FILED OR LODGED CONCURRENTLY HEREWITH: EX PARTE APPLICATION; [PROPOSED] ORDER] |

ORIGINAL

1   BENJAMIN C. MIZER
    Principal Deputy Assistant Attorney General
2   EILEEN M. DECKER
    United States Attorney
3   DOROTHY A. SCHOUTEN
    Assistant United States Attorney
4   Chief, Civil Division
    DAVID K. BARRETT
5   Assistant United States Attorney
    Chief, Civil Fraud Section
6   SUSAN HERSHMAN
    Assistant United States Attorney
7   Deputy Chief, Civil Fraud Section
    JOHN E. LEE (CBN 128696)
8   Assistant United States Attorney
         300 N. Los Angeles Street, Room 7516
9        Los Angeles, California 90012
         Tel: (213) 894-3995
10       Fax: (213) 894-2380
         Email: john.lee2@usdoj.gov
11  MICHAEL D. GRANSTON
    PATRICIA L. HANOWER
12  DAVID T. COHEN
    Attorneys, Civil Division
13  United States Department of Justice
         P.O. Box 261
14       Ben Franklin Station
         Washington, D.C. 20044
15       Telephone:  (202) 307-0136
         Facsimile:  (202) 307-3852
16       E-mail:  david.t.cohen@usdoj.gov
    Attorneys for the United States of America

17              UNITED STATES DISTRICT COURT

18        FOR THE CENTRAL DISTRICT OF CALIFORNIA

19                    WESTERN DIVISION

20
    UNITED STATES OF AMERICA; the        No. CV 13-5861 GHK (AJWx)
21  STATES of CALIFORNIA,
    DELAWARE, FLORIDA, GEORGIA,          MEMORANDUM OF POINTS AND
22  HAWAII, ILLINOIS, INDIANA,           AUTHORITIES IN SUPPORT OF EX
    LOUISIANA, MICHIGAN,                 PARTE APPLICATION FOR ORDER
23  MINNESOTA, MONTANA, NEVADA,          PARTIALLY LIFTING SEAL
    NEW HAMPSHIRE, NEW JERSEY,
24  NEW MEXICO, NEW YORK, NORTH          [FILED UNDER SEAL PURSUANT
    CAROLINA, OKLAHOMA, RHODE            TO FALSE CLAIMS ACT, 31 U.S.C. §
25  ISLAND, TENNESSEE, TEXAS, and        3730(b)(2)]
    WASHINGTON; COMONWEALTHS of
26  MASSACHUSETTS and VIRGINIA, and      [FILED OR LODGED HEREWITH:  EX
    the DISTRICT OF COLUMBIA ex rel.     PARTE APPLICATION; [PROPOSED]
27  MARIA GUZMAN,                        ORDER]

28

                             2

1    Plaintiff,

2         v.

3    INSYS THERAPEUTICS, INC.;
     MICHAEL BABICH, an individual;
4    ALEC BURLAKOFF, an individual; and
     DOES 1 through 15,
5
        Defendants.
6

7                    MEMORANDUM OF POINTS AND AUTHORITIES

8    I.    INTRODUCTION

9         Pursuant to the False Claims Act ("FCA"), 31 U.S.C. § 3730(b)(2), the United

10   States of America ("United States") applies <u>ex parte</u> for an order partially lifting the seal

11   in the above-captioned action ("this action").  This memorandum is submitted in support

12   of the United States' application for an order allowing Assistant United States Attorneys

13   in the Office of the United States Attorney for the District of Massachusetts who are

14   conducting a criminal investigation related to this <u>qui tam</u> action to disclose, at their

15   discretion, the existence of this <u>qui tam</u> action, the identity of the relator, the contents of

16   any complaints or written disclosure statements filed or submitted in this action, the

17   relator's potential financial interest in this action, and any other issues deemed necessary

18   to disclose to members of any federal grand jury empaneled in the District of

19   Massachusetts investigating possible criminal conduct related to this <u>qui tam</u> action.

20   II.   DISCUSSION

21        This action is brought under the <u>qui tam</u> provisions of the FCA.  The <u>qui tam</u>

22   plaintiff ("the Relator") is Maria Guzman.  The defendants are INSYS Therapeutics, Inc.

23   ("INSYS"), a publicly-traded national pharmaceutical company and its former

24   executives Michael Babich and Alex Burlakoff.  INSYS is alleged to be a specialty

25   pharmaceutical company headquartered in Chandler, Arizona.  INSYS allegedly markets

26   Subsys, a powerful fentanyl sublingual spray approved by the Food and Drug

27   Administration ("FDA") to treat breakthrough cancer pain in opioid tolerant patients.

28   INSYS allegedly also markets Dronabinol SG Capsule and is awaiting FDA approval for

                                              3

1   Dronabinol Oral Solution.  Babich was INSYS's Chief Executive Officer and Burlakoff
2   was its Vice-President of Sales.
3       The Relator alleges that the defendants instituted a kickback-fueled off-label
4   marketing campaign to induce doctors to prescribe SUBSYS far beyond its stated
5   indication and its beginning dosage of 100 micrograms.  The Relator alleges that the
6   defendants improperly encouraged doctors to quickly titrate patients to higher than
7   appropriate Subsys dosage levels.  The Relator also alleges that the defendants used a
8   mail order pharmacy to send Subsys to patients who had not requested the drug and that
9   the pharmacy did not properly instruct patients on the proper storage of Subsys.
10      The FCA provides for the award of treble damages and civil penalties for, <u>inter</u>
11  <u>alia</u>, the presentation of a false claim (or the making of a false statement in support
12  thereof) in order to obtain a payment from the United States Government.  31 U.S.C. §
13  3729(a)(1) and (2).  Section 3730(b) of the FCA permits a private person, known as the
14  "relator," to bring a <u>qui tam</u> action for him or herself "and for the United States
15  Government."  31 U.S.C. § 3730(b)(1).  With certain exceptions, such relators are
16  entitled to a share of the proceeds of a judgment or settlement of their <u>qui tam</u> actions.
17  31 U.S.C. § 3730(d).
18      The United States Attorney's Office for the District of Massachusetts is currently
19  conducting a criminal investigation involving allegations related to this <u>qui tam</u> action.
20  As part of that criminal investigation, a federal grand jury has been empaneled in that
21  district.  Assistant United States Attorneys working on the criminal investigation may
22  need to disclose to members of the federal grand jury the existence of this <u>qui tam</u> action,
23  the identity of the relator, the contents of any complaints or written disclosure statements
24  filed or submitted in this action, the relator's potential financial interest in this action,
25  and other issues that may be necessary to disclose to the grand jurors.  Although this
26  Court has partially lifted the seal in this case previously to allow disclosure to other
27  relators and to the defendants, the seal has not yet been lifted for the purpose of allowing
28  disclosure to grand jurors in the District of Massachusetts.  This disclosure is necessary

4

1   to allow the grand jury to adequately investigate allegations of criminal conduct that are

2   related to this qui tam action.  Accordingly, the United States respectfully requests that

3   the seal be lifted in part for this purpose.

4   III.   CONCLUSION

5       For the foregoing reasons, the United States respectfully requests that the seal on

6   this qui tam action be lifted so that Assistant United States Attorneys in the Office of the

7   United States Attorney for the District of Massachusetts who are conducting a criminal

8   investigation related to this qui tam action may, at their discretion, disclose the existence

9   of this qui tam action, the identity of the relator, the contents of any complaints or

10  written disclosure statements filed or submitted in this action, the relator's potential

11  financial interest in this action, and any other issues deemed necessary to disclose to

12  members of any federal grand jury empaneled in the District of Massachusetts

13  investigating possible criminal conduct related to this qui tam action.

14  Dated:  October 13 2016          Respectfully submitted,

15                                   BENJAMIN C. MIZER
                                     Principal Deputy Assistant Attorney General
16                                   EILEEN M. DECKER
                                     United States Attorney
17                                   DOROTHY A. SCHOUTEN
                                     Chief, Civil Division
18                                   DAVID K. BARRETT
                                     Chief, Civil Fraud Section
19                                   SUSAN HERSHMAN
                                     Deputy Chief, Civil Fraud Section
20
                                     MICHAEL D. GRANSTON
21                                   PATRICIA L. HANOWER
                                     DAVID T. COHEN
22                                   Attorneys, Civil Division
                                     United States Department of Justice
23

24

25                                   JOHN E. LEE
                                     Assistant United States Attorneys
26
                                     Attorneys for the United States of America
27

28

1 | <u>DECLARATION RE LACK OF NECESSITY FOR PROOF OF SERVICE</u>

2 | I, John E. Lee, declare:

3 | 1.      I am the Assistant United States Attorney who has been assigned

4 | responsibility for handling the above-captioned action.  I am a member of the Bar of the

5 | State of California, and I have been duly admitted to appear before this Court.  The

6 | following is based on my personal knowledge.

7 | 2.      I have examined Federal Rule of Civil Procedure ("Rule") 5(a), which

8 | provides as follows:

9 | (a) Service: When Required.

10 | (1) In General.  Unless these rules provide otherwise, each of the following

11 | papers must be served on every party:

12 | (A) an order stating that service is required;

13 | (B) a pleading filed after the original complaint, unless the court

14 | orders otherwise under Rule 5(c) because there are numerous

15 | defendants;

16 | (C) a discovery paper required to be served on a party, unless the

17 | court orders otherwise;

18 | (D) a written motion, except one that may be heard ex parte; and

19 | (E) a written notice, appearance, demand, or offer of judgment, or

20 | any similar paper.

21 | (2) If a Party Fails to Appear.  No service is required on a party who is in

22 | default for failing to appear. But a pleading that asserts a new claim for

23 | relief against such a party must be served on that party under Rule 4.

24 | (3) Seizing Property.  If an action is begun by seizing property and no

25 | person is or need be named as a defendant, any service required before the

26 | filing of an appearance, answer, or claim must be made on the person who

27 | had custody or possession of the property when it was seized.

28 |

3.      The list of documents set forth in Rule 5(a)(1) does not include the documents to which this Declaration is attached.  The said documents also are not a pleading that asserts "a new claim for relief" against any "party who is in default for failing to appear."  (Rule 5(a)(2).)  Nor was the above-captioned action "begun by seizing property."  (Rule 5(a)(3).)  Therefore, I believe that Rule 5(a) does not require the documents to which this Declaration is attached to be served upon any party that has appeared in the above-captioned action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October _13_, 2016, at Los Angeles, California.

JOHN E. LEE