BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
EILEEN M. DECKER
United States Attorney
DOROTHY A. SCHOUTEN
Assistant United States Attorney
Chief, Civil Division
DAVID K. BARRETT
Assistant United States Attorney
Chief, Civil Fraud Section
LINDA A. KONTOS
Assistant United States Attorney
Deputy Chief, Civil Fraud Section
JOHN E. LEE (CBN 128696)
Assistant United States Attorney
300 N. Los Angeles Street, Room 7516
Los Angeles, California 90012
Tel: (213) 894-3995
Fax: (213) 894-7819
Email: john.lee2@usdoj.gov
MICHAEL D. GRANSTON
PATRICIA L. HANOWER
DAVID T. COHEN
Attorneys, Civil Division
United States Department of Justice
P.O. Box 261
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-0136
Facsimile: (202) 307-3852
E-mail: david.t.cohen@usdoj.gov
Attorneys for the United States of America

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT
JAN 23 2017
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

UNITED STATES OF AMERICA *ex rel.* **[UNDER SEAL]**,

Plaintiff[s],

v.

**[UNDER SEAL]**,

Defendant[s].

No. CV 13-5861 JLS (AJWx)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF [UNDER SEAL]

**[FILED UNDER SEAL PURSUANT TO FALSE CLAIMS ACT, 31 U.S.C. § 3730(b)(2)]**

[FILED OR LODGED CONCURRENTLY HEREWITH: EX PARTE MOTION; [PROPOSED] ORDER]

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
EILEEN M. DECKER
United States Attorney
DOROTHY A. SCHOUTEN
Assistant United States Attorney
Chief, Civil Division
DAVID K. BARRETT
Assistant United States Attorney
Chief, Civil Fraud Section
LINDA A. KONTOS
Assistant United States Attorney
Deputy Chief, Civil Fraud Section
JOHN E. LEE (CBN 128696)
Assistant United States Attorney
300 N. Los Angeles Street, Room 7516
Los Angeles, California 90012
Tel: (213) 894-3995
Fax: (213) 894-7819
Email: john.lee2@usdoj.gov
MICHAEL D. GRANSTON
PATRICIA L. HANOWER
DAVID T. COHEN
Attorneys, Civil Division
United States Department of Justice
P.O. Box 261
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-0136
Facsimile: (202) 307-3852
E-mail: david.t.cohen@usdoj.gov
Attorneys for the United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

UNITED STATES OF AMERICA; the STATES of CALIFORNIA, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, LOUISIANA, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW HAMPSHIRE, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, and WASHINGTON; COMONWEALTHS of MASSACHUSETTS and VIRGINIA, and the DISTRICT OF COLUMBIA *ex rel.* MARIA GUZMAN,

Plaintiffs,

No. CV 13-5861 JLS (AJWx)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE MOTION OR ORDER CONSOLIDATING ACTION FOR PROCEDURAL PURPOSES

**[FILED UNDER SEAL PURSUANT TO FALSE CLAIMS ACT, 31 U.S.C. § 3730(b)(2)]**

[FILED OR LODGED CONCURRENTLY HEREWITH: EX PARTE MOTION; [PROPOSED] ORDER]

v.

INSYS THERAPEUTICS, INC.; MICHAEL BABICH, an individual; ALEC BURLAKOFF, an individual; and DOES 1 through 15,

Defendants.

UNITED STATES OF AMERICA ex rel. JOHN DOE and ABC, LLC,

Plaintiffs,

v.

INSYS THERAPEUTICS, INC.; ALEC BURLAKOFF; and MICHAEL L. BABICH,

Defendants.

No. CV 14-3488 JLS (AJWx)

UNITED STATES OF AMERICA *ex rel.* TORGNY ANDERSSON,

Plaintiff,

v.

INSYS THERAPEUTICS, INC.,

Defendant.

No. CV 14-9179 JLS (AJWx)

UNITED STATES OF AMERICA *ex rel.* ALLISON ERICKSON and SARA LUEKEN,

Plaintiffs,

v.

INSYS THERAPEUTICS, INC.,

Defendant.

No. CV 16-2956 JLS (AJWx)

UNITED STATES OF AMERICA ex rel. JANE DOE and the States of CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, IOWA, LOUSIANA, MARYLAND, MASSACHUSETTS, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VERMONT, VIRGINIA, WASHINGTON, the CITY OF CHICAGO, and the DISTRICT OF COLUMBIA,

Plaintiffs,

v.

INSYS THERAPEUTICS, INC. and LINDEN CARE LLC,

Defendants.

No. CV 16-7937 JLS (AJWx)

INTRODUCTION

Pursuant to the Rule 42(a) of the Federal Rules of Civil Procedure, the United States of America ("United States") hereby respectfully moves ex parte for an order consolidating, for procedural purposes, the following related actions ("Actions") filed under seal under the False Claims Act, 31 U.S.C. §§ 3729-3733: (1) United States *ex rel.* Maria Guzman v. Insys Therapeutic, Inc., CV 13-5861 JLS (AJWx); (2) United States *ex rel.* John Doe v. Insys Therapeutics, Inc., CV 14-3488 JLS (AJWx); (3) United States *ex rel.* Torgny Andersson v. Insys Therapeutics, Inc., CV 14-9179 JLS (AJWx); (4) United States *ex rel.* Erickson v. Insys Therapeutics, Inc., CV 16-2956 JLS (AJWx); and (5) United States *ex rel.* Jane Doe v. Insys Therapeutics, Inc., CV 16-7937 JLS (AJWx). Each of the above Actions involves common questions of law and fact, such that consolidation for procedural purposes would allow for an efficient administration of these Actions and thereby conserve the resources of the Court and the parties.

Further, as set forth more fully below, the United States requests an order partially lifting the seal in the Actions, to the extent not previously lifted before in any of the Actions, for purposes of making necessary disclosures to each of the relators in the qui tam Actions, the defendants named in the Actions, and the defendants named in criminal proceedings in the District of Massachusetts related to the Actions.

Additionally, the United States requests an order providing that, in order to coordinate the various intervention and seal periods in each of the Actions, the United States and the governmental entities in the Actions shall have until and including July 13, 2017 (the current intervention deadline and seal period in the Andersson action, CV 14-9179) to file their notices of election regarding intervention in each of the Actions.

ARGUMENT

Rule 42(a) of the Federal Rules of Civil Procedure provides that, "[i]f actions before the court involve a common question of law or fact," the court may:

> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). Each of the above Actions alleges that, during a period of time that included approximately 2012 or 2013 and continuing thereafter, defendant Insys Therapeutics, Inc. ("Insys"), a national pharmaceutical company, violated the False Claims Act by engaging in "off-label" marketing promotions of its Food and Drug Administration-approved drug "Subsys"; violating the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(B)(2)(B); and engaging in other improper conduct in connection with its sales of Subsys. Accordingly, the above Actions all involve common questions of law and fact such that consolidation for procedural purposes would allow for an efficient administration of these Actions and thereby conserve the resources of the Court and the parties.

"The district court has broad discretion under this rule to consolidate cases pending in the same district." Investors Research Co. v. U.S. Dist. Ct. for the Cent. Dist.

of Cal., 877 F.2d 777, 777 (9th Cir. 1989); 9 C. Wright & A. Miller, Federal Practice and Procedure § 2383 (1971); see also United States v. Creekside Hospice II, LLC., 2015 WL 9581743, *1 (D. Nev. Dec. 30, 2015) (consolidating under seal False Claims Act cases pursuant to Rule 42(a) motions filed under seal).

    The United States, however, requests that the Actions be consolidated for procedural purposes only. Such a limited consolidation, for procedural purposes only, would reserve to the parties all rights and arguments that may be available to them regarding any factual or legal issues, including without limitation any arguments regarding the "first-to-file" issue as set forth at 31 U.S.C. § 3730(b)(5).

    Further, the United States requests an order partially lifting the seal in each of the Actions, to the extent not partially lifted heretofore in any of the Actions, so that the United States may make necessary disclosures, including disclosures to the relators, the defendants, and their counsel in each of the Actions. Additionally, partial disclosure is necessary to comply with criminal discovery obligations in criminal proceedings now pending in the District of Massachusetts arising out of a parallel criminal investigation being conducted by the United States Attorney's Office for the District of Massachusetts. In particular, the United States seeks an order allowing it to disclose, at its discretion, the existence of any of the Actions, the identity of any of the relators and their counsel, the contents of any complaints or written disclosure statements filed or submitted in any of the Actions, any evidence, statements, or documents obtained in connection with any of the Actions, or any other documents or information deemed necessary to disclose to (1) any relators and their counsel in any of the Actions or any subsequently-filed qui tam action related to any of the Actions, (2) any defendants and their counsel in any of the Actions or subsequently-filed related qui tam action, and (3) any defendants, their counsel, other appropriate persons, and the courts in any criminal proceedings now being conducted or that may in the future be conducted in the District of Massachusetts related to any of the Actions or subsequently-filed related qui tam action, subject to such protective orders as may be entered by the United States District Court for the District of Massachusetts in order to preserve the seals in these Actions.

Additionally, the United States requests an order providing that, for purposes of coordinating the separate intervention and seal periods under 31 U.S.C. § 3730(b)(2) and related state statutes in the various Actions, the United States and the governmental entities named as plaintiffs in the Actions shall have until and including July 13, 2017 (the requested intervention deadline and seal period in the Andersson action, CV 14-9179) to file their notices of election regarding intervention in each of the Actions, during which time the seals in the Actions shall remain in place, and the United States and the governmental entities may, if appropriate, seek further coordinated extensions, upon showing good cause, in this consolidated proceeding.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court grant the United States' Ex Parte Motion for Order Consolidating Actions for Procedural Purposes.

Dated: January 19, 2017

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
EILEEN M. DECKER
United States Attorney
DOROTHY A. SCHOUTEN
Chief, Civil Division
DAVID K. BARRETT
Chief, Civil Fraud Section
LINDA A. KONTOS
Deputy Chief, Civil Fraud Section
Assistant United States Attorneys

MICHAEL D. GRANSTON
PATRICIA L. HANOWER
DAVID T. COHEN
Attorneys, Civil Division
United States Department of Justice

JOHN E. LEE
Assistant United States Attorney

Attorneys for the United States of America

DECLARATION RE LACK OF NECESSITY FOR PROOF OF SERVICE

I, John E. Lee, declare:

1. I am the Assistant United States Attorney who has been assigned responsibility for handling the above-captioned action. I am a member of the Bar of the State of California, and I have been duly admitted to appear before this Court. The following is based on my personal knowledge.

2. I have examined Federal Rule of Civil Procedure ("Rule") 5(a), which provides as follows:

(a) Service: When Required.

(1) In General. Unless these rules provide otherwise, each of the following papers must be served on every party:

(A) an order stating that service is required;

(B) a pleading filed after the original complaint, unless the court orders otherwise under Rule 5(c) because there are numerous defendants;

(C) a discovery paper required to be served on a party, unless the court orders otherwise;

(D) a written motion, except one that may be heard ex parte; and

(E) a written notice, appearance, demand, or offer of judgment, or any similar paper.

(2) If a Party Fails to Appear. No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4.

(3) Seizing Property. If an action is begun by seizing property and no person is or need be named as a defendant, any service required before the filing of an appearance, answer, or claim must be made on the person who had custody or possession of the property when it was seized.

3. The list of documents set forth in Rule 5(a)(1) does not include the document to which this Declaration is attached. The said document also is not a pleading that asserts "a new claim for relief" against any "party who is in default for failing to appear." (Rule 5(a)(2).) Nor was the above-captioned action "begun by seizing property." (Rule 5(a)(3).) Therefore, I believe that Rule 5(a) does not require the document to which this Declaration is attached to be served upon any party that has appeared in the above-captioned action.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 19, 2017, at Los Angeles, California.

JOHN E. LEE