NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* **[UNDER SEAL]**, | No. CV 13-5861 JLS (AJWx) |
| Plaintiff[s]**,** | ORDER UNSEALING CASES |
| v. | ORDER SEALING DOCUMENTS |
| **[UNDER SEAL]**, | ORDER CONSOLIDATING CASES |
| Defendant[s]. | ORDER DISMISSING CLAIMS BROUGHT ON BEHALF OF THE STATE OF MARYLAND |
| | ORDER STAYING CONSOLIDATED ACTIONS |

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA; the STATES of CALIFORNIA, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, LOUISIANA, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW HAMPSHIRE, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, and WASHINGTON; COMONWEALTHS of MASSACHUSETTS and VIRGINIA, and the DISTRICT OF COLUMBIA *ex rel.* MARIA GUZMAN,<br><br>Plaintiffs,<br><br>v.<br><br>INSYS THERAPEUTICS, INC.; MICHAEL BABICH, an individual; ALEC BURLAKOFF, an individual; and DOES 1 through 15,<br><br>Defendants. | No. CV 13-5861 JLS (AJWx) |
| UNITED STATES OF AMERICA *ex rel.* JOHN DOE and ABC, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>INSYS THERAPEUTICS, INC.; ALEC BURLAKOFF; and MICHAEL L. BABICH,<br><br>Defendants. | No. CV 14-3488 JLS (AJWx) |

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* TORGNY ANDERSSON,<br><br>Plaintiffs,<br><br>v.<br><br>INSYS THERAPEUTICS, INC.,<br><br>Defendant. | No. CV 14-9179 JLS (AJWx) |
| UNITED STATES OF AMERICA *ex rel.* ALLISON ERICKSON and SARA LUEKEN,<br><br>Plaintiffs,<br><br>v.<br><br>INSYS THERAPEUTICS, INC.,<br><br>Defendant. | No. CV 16-2956 JLS (AJWx) |
| UNITED STATES OF AMERICA *ex rel.* JANE DOE and the States of CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, IOWA, LOUSIANA, MARYLAND, MASSACHUSETTS, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VERMONT, VIRGINIA, WASHINGTON, the CITY OF CHICAGO, and the DISTRICT OF COLUMBIA,<br><br>Plaintiffs,<br><br>v.<br><br>INSYS THERAPEUTICS, INC. and LINDEN CARE LLC,<br><br>Defendants. | No. CV 16-7937 JLS (AJWx) |

# ORDER

On April 13, 2018, the United States of America elected to intervene in part and declined to intervene in part in the following actions:

    (1) *United States ex rel. Guzman v. Insys Therapeutic, Inc.*, CV 13-5861 JLS (AJWx);

    (2) *United States ex rel. Doe v. Insys Therapeutics, Inc.*, CV 14-3488 JLS (AJWx);

    (3) *United States ex rel. Andersson v. Insys Therapeutics, Inc.*, CV 14-9179 JLS (AJWx);

    (4) *United States ex rel. Erickson v. Insys Therapeutics, Inc.*, CV 16-2956 JLS (AJWx); and

    (5) *United States ex rel. Doe v. Insys Therapeutics, Inc.*, CV 16-7937 JLS (AJWx) (collectively, the "actions").

The Plaintiff entities California, Colorado, Indiana, New York, North Carolina, and Virginia (the "Intervening States") elected to intervene in part and decline to intervene in part in the following two actions in which they are named parties:

    (1) *United States ex rel. Guzman v. Insys Therapeutic, Inc.*, CV 13-5861 JLS (AJWx), and

    (2) *United States ex rel. Doe v. Insys Therapeutics, Inc.*, CV 16-7937 JLS (AJWx).

The Plaintiff entities Connecticut, Delaware, District of Columbia, Florida, Georgia, Illinois, Iowa, Louisiana, Maryland, Massachusetts, Michigan, Montana, Nevada, New Hampshire, New Jersey, New Mexico, Oklahoma, Rhode Island, Tennessee, Texas, Vermont, and Washington declined to intervene. The State of Minnesota and the City of Chicago have indicated no decision regarding intervention.

The parties having stipulated as to the partial unsealing, consolidation, and a stay of the actions, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. The blanket seal orders on the five above-referenced cases are lifted and the cases shall appear on the public docket. The Clerk shall UNSEAL these cases.

2. However, as to each of the five above-referenced cases, the Clerk shall individually SEAL all documents filed before the date of this Order EXCEPT the following documents, which shall remain UNSEALED and shall be made to appear on the public docket:

    a) The relators' complaints and any amended complaints,
    b) the United States' Notice of Election to Intervene in Part and Decline to Intervene in Part,
    c) the Consolidated State Intervention Notice,
    d) the parties' Stipulation Regarding Unsealing, Consolidation, Filing of Complaints, and Stay of Actions,
    e) this Order, and
    f) the United States' Complaint in Intervention.

3. The documents that remain under seal need not be served upon the defendants.

4. Future filings shall be made on the public docket unless the filing party seeks leave to file under seal following the procedure set forth in the Court's Local Rule 79-5.2.2 for the filing of under-seal documents in a non-sealed civil case.

5. Until further order of the Court, these actions shall be consolidated for pretrial purposes, including the purpose of allowing the United States to file a consolidated Complaint in Intervention in these actions. Where a document relates to all

actions, such as the United States' Complaint in Intervention, it shall bear the caption of the lead case, *United States ex rel. Guzman v. Insys Therapeutic, Inc.*, CV 13-5861 JLS (AJWx), followed by captions of all remaining actions. **Such documents shall be filed in all five cases.**[1]

6. Where a document relates to any one or more than one action, but fewer than all actions, the document shall bear the caption that reflects which actions to which it relates, and shall be filed on the docket(s) of only those actions.

7. Notwithstanding the Stay imposed by this Order, the Intervening States may file their complaints in intervention, and the relators may file amended complaints on any declined portions of the actions, within 90 days of the filing date of this Order.

8. In accordance with the terms of the Maryland False Health Claims Act, Md. Code Ann., Health-Gen, § 2-604(a)(7), the State of Maryland having declined to intervene, all claims asserted on behalf of Maryland are hereby dismissed without prejudice.

9. With the exception of the pleadings referenced in Paragraph 7, above, and the filing of the status reports described in this Paragraph, these actions shall be STAYED in their entirety until further Order of the Court. The stay is imposed pending resolution of ongoing criminal actions that are related to the above-referenced *qui tam* actions:

*United States v. Babich*, CR 16-10343-ADB (D. Mass. filed Dec. 6, 2016);

---

[1] The parties stipulated to the filing of documents related to all cases, such as the Complaint in Intervention, in only the lead case. (Stip. ¶ 2.) The parties also provided for the filing of documents in an individual case where that document related only to that individual case. (*Id.*) This Order modifies the filing requirements to ensure a complete and accurate record as to all cases. The parties are directed to make whatever filings are necessary to comply with this Order, including the filing of the United States' Complaint in Intervention in all cases.

*United States v. Pearlman*, CR 17-00027-MPS (D. Conn. filed Feb. 8, 2017);

*United States v. Clough*, CR 17-00037 JL (D.N.H. filed Mar. 22, 2017);

*United States v. Patel*, CR 17-114-VPC (D. Nev. filed Dec. 6, 2017); and

*United States v. Freeman,* CR 18-00217-KMW (S.D.N.Y. filed Mar. 14, 2018).

During the pendency of the stay, the United States shall file a status report with the Court every 90 days from the filing date of this Order, advising the Court of the status of the related criminal actions and whether a need for the stay continues to exist.

**IT IS SO ORDERED.**

Dated: May 11, 2018

_____

HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE