1  Irene Scholl-Tatevosyan (SBN 301568)
   itatevosyan@nixonpeabody.com
2  **NIXON PEABODY LLP**
   300 South Grand Avenue, Suite 4100
3  Los Angeles, CA 90071-3151
   Telephone: 213-629-6000
4  Facsimile: 844-848-4452

5  Brian T. Kelly (SBN 125071)
   bkelly@nixonpeabody.com
6  NIXON PEABODY LLP
   Exchange Place
7  53 State Street
   Boston, MA 02109-2835
8  Telephone: 617-345-1000
   Facsimile: 855-714-9513

9
   Attorneys for Defendant
10 JOHN N. KAPOOR

11

12                    UNITED STATES DISTRICT COURT

13                    CENTRAL DISTRICT OF CALIFORNIA

14

15

16 UNITED STATES *ex rel* MARIA         Case No.: 2:13-cv-05861 JLS (AJS)
   GUZMAN *et al.*,
17                                       **DEFENDANT JOHN N. KAPOOR'S**
              Plaintiffs,                **ANSWER TO THIRD AMENDED**
18                                       **COMPLAINT AND DEFENSES**
        vs.
19                                       
   INSYS THERAPEUTICS, INC. *et al.*,
20                                       JURY TRIAL DEMANDED
              Defendants.
21

22        Defendant John N. Kapoor ("Dr. Kapoor") hereby submits this Answer to the

23 Third Amended Complaint (the "Complaint") filed by Plaintiff/Relator Maria Guzman

24 ("Plaintiff" or "Relator"), dated August 13, 2018. Except as expressly admitted herein,

25 Dr. Kapoor generally denies each and every one of the allegations set forth in the

26 Complaint. In responding to the allegations of the Complaint, Dr. Kapoor does not

27 intend to waive his Fifth Amendment privilege against self-incrimination regarding

28 either those allegations or any related matters, and expressly reserves his right to invoke

that privilege as appropriate in response to discovery that may be propounded in this action. *See, e.g.*, *ACLI Int'l Commodity Serv., Inc. v. Banque Populaire Suisse*, 110 F.R.D. 278, 287-89 (S.D.N.Y. 1986).

## I.   **INTRODUCTION**[1]

1.      Paragraph 1 of the Complaint is a prefatory statement that does not contain factual allegations to which a response is required. To the extent a response is required, Dr. Kapoor admits that Plaintiff purports to bring this action as a relator on behalf of multiple named States and governmental subdivisions thereof.

2.      Dr. Kapoor admits the allegations in the second sentence of Paragraph 2 of the Complaint, and admits that Subsys is an opioid agonist drug that stimulates activity at opioid receptors in the central nervous system. Dr. Kapoor denies the remaining allegations in Paragraph 2. Further answering, Dr. Kapoor states that the FDA-approved label for Subsys, which states the indications for Subsys and information concerning dosage and usage, speaks for itself, and Dr. Kapoor denies any allegation of Paragraph 2 that is inconsistent with or contradicted by that text.

3.      With respect to the allegations in the first sentence of Paragraph 3 of the Complaint, Dr. Kapoor states that the FDA-approved label for Subsys, which states contraindications for Subsys and information concerning the TIRF-REMS Access Program, speaks for itself, and Dr. Kapoor denies any allegation of Paragraph 3 that is inconsistent with or contradicted by that text. With respect to the remaining allegations in Paragraph 3, Dr. Kapoor denies that Insys engaged in an "off-label campaign" or "off-label marketing." Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3, and therefore denies them.

---

[1] The subject headings set forth in the Complaint are duplicated here for ease of reference only. To the extent the subject headings and/or subheadings in the Complaint may be construed to contain any factual allegations requiring a response, Dr. Kapoor expressly denies such allegations.

4.      Dr. Kapoor denies the allegations in the first, second, and fourth sentences of Paragraph 4 of the Complaint. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 4 purports to quote from or characterize emails, those emails are the best evidence of their contents, and Dr. Kapoor denies any allegation in Paragraph 4 that is inconsistent with or contradicted by those texts. In so answering, Dr. Kapoor does not admit the existence or authenticity of such documents.

5.      Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 5 purports to quote from or characterize the text message referenced therein, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 5 that is inconsistent with or contradicted by that text. In so answering, Dr. Kapoor does not admit the existence or authenticity of such a document.

6.      Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, and therefore denies them.

## II.   <u>JURISDICTION AND VENUE</u>

7.      Paragraph 7 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and therefore denies them.

8.      Paragraph 8 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, denied.

ANSWER TO THIRD AMENDED COMPLAINT                    CASE NO. 2:13-CV-05861 JLS (AJS)

9.     Paragraph 9 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, denied.

### III.    PARTIES

10.     Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint, and therefore denies them.

11.     Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, and therefore denies them.

12.     Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint, and therefore denies them.

13.     Dr. Kapoor admits that he was the founder, former Executive Chairman of the Board of Directors, and former majority shareholder of Insys. Dr. Kapoor denies the remaining allegations in Paragraph 13 of the Complaint.

14.     Dr. Kapoor admits that Michael Babich was the former Chief Executive Officer of Insys. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 of the Complaint, and therefore denies them.

15.     Dr. Kapoor admits the allegations in Paragraph 15 of the Complaint. Further answering, Dr. Kapoor states that Michael Babich's employment and association with Insys ended in November 2015.

16.     Dr. Kapoor admits that Insys hired Alec Burlakoff as a regional sales manager in 2012 and later that year promoted him to Vice President of Sales. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 of the Complaint, and therefore denies them.

17.    Dr. Kapoor admits that prior to his employment with Insys, Alec Burlakoff had been employed by Cephalon, Inc. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 of the Complaint, and therefore denies them.

18.    Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint, and therefore denies them.

19.    Dr. Kapoor admits that Insys Therapeutics, Inc. was a specialty pharmaceutical company headquartered in Chandler, Arizona, but denies the remaining allegations in Paragraph 19 of the Complaint.

20.    Dr. Kapoor admits that Insys was incorporated in Delaware, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 of the Complaint, and therefore denies them.

21.    Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, and therefore denies them.

22.    Dr. Kapoor admits the allegations in Paragraph 22 of the Complaint.

23.    Dr. Kapoor admits the allegations in Paragraph 23 of the Complaint.

24.    Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint, and therefore denies them.

25.    Dr. Kapoor admits the allegations in Paragraph 25 of the Complaint.

26.    With respect to the allegations in Paragraph 26 of the Complaint, Dr. Kapoor states that the FDA-approved label for Subsys, which states the indications for Subsys, speaks for itself, and Dr. Kapoor denies any allegation of Paragraph 26 that is inconsistent with or contradicted by that text.

27.    Dr. Kapoor admits the allegations in Paragraph 27 of the Complaint.

28.    Dr. Kapoor admits the allegations in Paragraph 28 of the Complaint.

29.     Dr. Kapoor admits that in 2013, the Insys Board of Directors had seven male members and that there were no female members of the Board. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 of the Complaint, and therefore denies them.

30.     Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint, and therefore denies them.

31.     Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 31 purports to quote from or characterize the Insys Code of Conduct, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 31 that is inconsistent with or contradicted by that text.

## IV.     FACTUAL ALLEGATIONS

32.     Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint, and therefore denies them.

33.     Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint, and therefore denies them.

34.     Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint, and therefore denies them.

35.     Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint, and therefore denies them.

36.    Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint, and therefore denies them.

37.    Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint, and therefore denies them.

38.    Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint, and therefore denies them.

39.    Dr. Kapoor admits that prior to her employment with Insys, Karen Hill had been employed by Cephalon, Inc. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39 of the Complaint, and therefore denies them.

40.    Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint, and therefore denies them.

41.    Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint, and therefore denies them.

42.    With respect to the allegations in Paragraph 42 of the Complaint, Dr. Kapoor states that the FDA-approved labels for Subsys and Actiq, which state the indications for those medications, speak for themselves, and Dr. Kapoor denies any allegation of Paragraph 42 that is inconsistent with or contradicted by those texts.

43.    Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint, and therefore denies them.

44.    Dr. Kapoor admits that Insys sales representatives visited doctors other than oncologists. Dr. Kapoor lacks knowledge or information sufficient to form a belief

as to the truth of the remaining allegations in Paragraph 44 of the Complaint, and therefore denies them.

45.    Dr. Kapoor admits that Insys hired Matt Napoletano as its Vice President of Marketing prior to the launch of Subsys, and that prior to his employment with Insys, Napoletano had been employed by Cephalon, Inc. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45 of the Complaint, and therefore denies them.

46.    Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint, and therefore denies them.

47.    Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint, and therefore denies them.

48.    Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint, and therefore denies them.

49.    Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 49 purports to quote from or characterize the text message referenced therein, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 49 that is inconsistent with or contradicted by that text. In so answering, Dr. Kapoor does not admit the existence or authenticity of such a document.

50.    Dr. Kapoor admits that prior to their employment with Insys, former Insys Vice President of Sales Alec Burlakoff and Karen Hill had been employed by Cephalon, Inc. Dr. Kapoor further admits that Joseph Rowan was employed as a Regional Sales Manager for Insys and Desiree Hollandsworth was employed as Medical Marketing Communications Senior Manager for Insys. Dr. Kapoor lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 50 of the Complaint, and therefore denies them.

51.    Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint, and therefore denies them.

52.    Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint, and therefore denies them.

53.    Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint, and therefore denies them.

54.    Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint, and therefore denies them.

55.    Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint, and therefore denies them.

56.    Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint, and therefore denies them.

57.    Dr. Kapoor denies that the Insys speaker program was a kickback program. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 57 of the Complaint, and therefore denies them.

58.    Dr. Kapoor denies that the Insys business model consisted of compensating doctors. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 58 of the Complaint, and therefore denies them.

59.     Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 59 purports to quote from or characterize the PowerPoint referenced therein, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 59 that is inconsistent with or contradicted by that text. In so answering, Dr. Kapoor does not admit the existence or authenticity of such a document.

60.     Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 60 purports to quote from or characterize the PowerPoint referenced therein, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 60 that is inconsistent with or contradicted by that text. In so answering, Dr. Kapoor does not admit the existence or authenticity of such a document.

61.     Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 61 purports to quote from or characterize the PowerPoint referenced therein, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 61 that is inconsistent with or contradicted by that text. In so answering, Dr. Kapoor does not admit the existence or authenticity of such a document.

62.     Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 62 purports to quote from or characterize the PowerPoint referenced therein, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 62 that is inconsistent with or contradicted by that text. In so answering, Dr. Kapoor does not admit the existence or authenticity of such a document.

63.     Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 63 purports to quote from or characterize the PowerPoint referenced therein, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 63 that is inconsistent with or contradicted by that text. In so answering, Dr. Kapoor does not admit the existence or authenticity of such a document.

64.     Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 64 purports to quote from or characterize the text message referenced therein, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 64 that is inconsistent with or contradicted by that text. In so answering, Dr. Kapoor does not admit the existence or authenticity of such a document.

65.     Dr. Kapoor denies the allegations in Paragraph 65 of the Complaint.

66.     Dr. Kapoor denies the allegations in Paragraph 66 of the Complaint.

67.     Dr. Kapoor admits the allegations in Paragraph 67 of the Complaint.

68.     Dr. Kapoor admits that Insys required speakers to have clinical experience prescribing Subsys, but denies the remaining allegations in Paragraph 68 of the Complaint.

69.     Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 69 purports to quote from or characterize the text message referenced therein, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 69 that is inconsistent with or contradicted by that text. In so answering, Dr. Kapoor does not admit the existence or authenticity of such a document.

11

70.     Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 70 purports to quote from or characterize the text message referenced therein, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 70 that is inconsistent with or contradicted by that text. In so answering, Dr. Kapoor does not admit the existence or authenticity of such a document.

71.     Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 71 purports to quote from or characterize the text message referenced therein, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 71 that is inconsistent with or contradicted by that text. In so answering, Dr. Kapoor does not admit the existence or authenticity of such a document.

72.     Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 of the Complaint, and therefore denies them.

73.     Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 73 purports to quote from or characterize the Insys Code of Conduct, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 73 that is inconsistent with or contradicted by that text.

74.     Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 74 purports to quote from or characterize the Insys Certificate of Compliance, that document is the

ANSWER TO THIRD AMENDED COMPLAINT          CASE NO. 2:13-CV-05861 JLS (AJS)

best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 74 that is inconsistent with or contradicted by that text.

75. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 75 purports to quote from or characterize the text message referenced therein, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 75 that is inconsistent with or contradicted by that text. In so answering, Dr. Kapoor does not admit the existence or authenticity of such a document.

76. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 76 purports to quote from or characterize the text message referenced therein, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 76 that is inconsistent with or contradicted by that text. In so answering, Dr. Kapoor does not admit the existence or authenticity of such a document.

77. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 77 purports to quote from or characterize the text message referenced therein, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 77 that is inconsistent with or contradicted by that text. In so answering, Dr. Kapoor does not admit the existence or authenticity of such a document.

78. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 78 purports to quote from or characterize the text message referenced therein, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 78 that

1  is inconsistent with or contradicted by that text. In so answering, Dr. Kapoor does not

2  admit the existence or authenticity of such a document.

3      79.    Dr. Kapoor lacks knowledge or information sufficient to form a belief as

4  to the truth of the allegations in Paragraph 79 of the Complaint, and therefore denies

5  them.

6      80.    Dr. Kapoor lacks knowledge or information sufficient to form a belief as

7  to the truth of the allegations in Paragraph 80 of the Complaint, and therefore denies

8  them. Further answering, Dr. Kapoor states that insofar as Paragraph 80 purports to

9  quote from or characterize the text message referenced therein, that document is the

10  best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 80 that

11  is inconsistent with or contradicted by that text. In so answering, Dr. Kapoor does not

12  admit the existence or authenticity of such a document.

13      81.    Dr. Kapoor lacks knowledge or information sufficient to form a belief as

14  to the truth of the allegations in Paragraph 81 of the Complaint, and therefore denies

15  them. Further answering, Dr. Kapoor states that insofar as Paragraph 81 purports to

16  quote from or characterize the text message referenced therein, that document is the

17  best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 81 that

18  is inconsistent with or contradicted by that text. In so answering, Dr. Kapoor does not

19  admit the existence or authenticity of such a document.

20      82.    Dr. Kapoor lacks knowledge or information sufficient to form a belief as

21  to the truth of the allegations in Paragraph 82 of the Complaint, and therefore denies

22  them.

23      83.    Dr. Kapoor lacks knowledge or information sufficient to form a belief as

24  to the truth of the allegations in Paragraph 83 of the Complaint, and therefore denies

25  them. Further answering, Dr. Kapoor states that insofar as Paragraph 83 purports to

26  quote from or characterize the text message referenced therein, that document is the

27  best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 83 that

28

is inconsistent with or contradicted by that text. In so answering, Dr. Kapoor does not admit the existence or authenticity of such a document.

84.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 84 purports to quote from or characterize the email referenced therein, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 84 that is inconsistent with or contradicted by that text. In so answering, Dr. Kapoor does not admit the existence or authenticity of such a document.

85.   Dr. Kapoor denies the allegations in Paragraph 85 of the Complaint.

86.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 of the Complaint, and therefore denies them.

87.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 87 purports to quote from or characterize the text message referenced therein, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 87 that is inconsistent with or contradicted by that text. In so answering, Dr. Kapoor does not admit the existence or authenticity of such a document.

88.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 88 purports to quote from or characterize the text message referenced therein, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 88 that is inconsistent with or contradicted by that text. In so answering, Dr. Kapoor does not admit the existence or authenticity of such a document.

89.    Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 89 purports to quote from or characterize the text message referenced therein, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 89 that is inconsistent with or contradicted by that text. In so answering, Dr. Kapoor does not admit the existence or authenticity of such a document.

90.    Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 of the Complaint, and therefore denies them.

91.    Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 91 purports to quote from or characterize the Insys Code of Conduct, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 91 that is inconsistent with or contradicted by that text.

92.    Dr. Kapoor denies that Insys had "a company-wide scheme to both encourage doctors to, and reward them for, prescribing" Subsys. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 92 of the Complaint, and therefore denies them.

93.    Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 of the Complaint, and therefore denies them.

94.    Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 94 purports to quote from or characterize the text message referenced therein, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 94 that

is inconsistent with or contradicted by that text. In so answering, Dr. Kapoor does not admit the existence or authenticity of such a document.

95.    Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 of the Complaint, and therefore denies them.

96.    Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 of the Complaint, and therefore denies them.

97.    Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 of the Complaint, and therefore denies them.

98.    Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 of the Complaint, and therefore denies them.

99.    Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 of the Complaint, and therefore denies them.

100.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 100 purports to quote from or characterize the report referenced therein, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 100 that is inconsistent with or contradicted by that text. In so answering, Dr. Kapoor does not admit the existence or authenticity of such a document.

101.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 101 purports to quote from or characterize the Insys Code of Conduct, that document is the best

evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 101 that is inconsistent with or contradicted by that text.

102.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 102 purports to quote from or characterize the Insys Certificate of Compliance, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 102 that is inconsistent with or contradicted by that text.

103.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 103 purports to quote from or characterize the Compliance Guidance for Pharmaceutical Manufacturers, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 103 that is inconsistent with or contradicted by that text. In so answering, Dr. Kapoor does not admit the existence or authenticity of such a document.

104.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 104 purports to quote from or characterize the Insys Code of Conduct, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 104 that is inconsistent with or contradicted by that text.

105.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 105 purports to quote from or characterize the email referenced therein, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 105 that is

18

inconsistent with or contradicted by that text. In so answering, Dr. Kapoor does not admit the existence or authenticity of such a document.

106.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 of the Complaint, and therefore denies them.

107.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 107 purports to quote from or characterize the text messages referenced therein, those documents are the best evidence of their contents, and Dr. Kapoor denies any allegation in Paragraph 107 that is inconsistent with or contradicted by those texts. In so answering, Dr. Kapoor does not admit the existence or authenticity of such documents.

108.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 of the Complaint, and therefore denies them.

109.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 of the Complaint, and therefore denies them.

110.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 110 purports to quote from or characterize the text message referenced therein, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 110 that is inconsistent with or contradicted by that text. In so answering, Dr. Kapoor does not admit the existence or authenticity of such a document.

111.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 of the Complaint, and therefore denies them.

112.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 of the Complaint, and therefore denies them.

113.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 of the Complaint, and therefore denies them.

114.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 of the Complaint, and therefore denies them.

115.   Dr. Kapoor denies the allegations in Paragraph 115 of the Complaint.

116.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 116 purports to quote from or characterize the text message referenced therein, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 116 that is inconsistent with or contradicted by that text. In so answering, Dr. Kapoor does not admit the existence or authenticity of such a document.

117.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 of the Complaint, and therefore denies them.

118.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 of the Complaint, and therefore denies them.

119.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 of the Complaint, and therefore denies them.

ANSWER TO THIRD AMENDED COMPLAINT                    CASE NO. 2:13-CV-05861 JLS (AJS)

120.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120 of the Complaint, and therefore denies them.

121.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 of the Complaint, and therefore denies them.

122.   Dr. Kapoor admits that Drs. Ruan and Couch in Mobile, Alabama had an ownership interest in a pharmacy that dispensed Subsys, and that they were among the top Subsys prescribers for certain period. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 122 of the Complaint, and therefore denies them.

123.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 of the Complaint, and therefore denies them.

124.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 of the Complaint, and therefore denies them.

125.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 of the Complaint, and therefore denies them.

126.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126 of the Complaint, and therefore denies them.

127.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127 of the Complaint, and therefore denies them.

128.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128 of the Complaint, and therefore denies them.

129.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129 of the Complaint, and therefore denies them.

130.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 of the Complaint, and therefore denies them.

131.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 of the Complaint, and therefore denies them.

132.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 of the Complaint, and therefore denies them.

133.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 of the Complaint, and therefore denies them.

134.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134 of the Complaint, and therefore denies them.

135.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135 of the Complaint, and therefore denies them.

136.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136 of the Complaint, and therefore denies them.

137.   Dr. Kapoor denies that Insys had "methods for persuading doctors to prescribe Subsys for contraindicated and off-label uses." Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 137 of the Complaint, and therefore denies them.

138.   With respect to the allegations in Paragraph 138 of the Complaint, Dr. Kapoor states that the FDA-approved label for Subsys, which states the indications for Subsys, speaks for itself, and Dr. Kapoor denies any allegation of Paragraph 138 that is inconsistent with or contradicted by that text.

139.   Dr. Kapoor denies the allegations set forth in Paragraph 139 of the Complaint. Further answering, Dr. Kapoor refers Plaintiff to the FDA-approved label for Subsys, which sets forth the FDA's definition of opioid tolerance.

140.   With respect to the allegations in Paragraph 140 of the Complaint, Dr. Kapoor states that the FDA-approved label for Subsys, which states the contraindications for Subsys and risks of Subsys use, speaks for itself, and Dr. Kapoor denies any allegation of Paragraph 140 that is inconsistent with or contradicted by that text.

141.   With respect to the allegations in Paragraph 141 of the Complaint, Dr. Kapoor states that the FDA-approved label for Subsys speaks for itself, and Dr. Kapoor denies any allegation of Paragraph 141 that is inconsistent with or contradicted by that text.

142.   With respect to the allegations in Paragraph 142 of the Complaint, Dr. Kapoor states that the FDA-approved label for Subsys speaks for itself, and Dr. Kapoor denies any allegation of Paragraph 142 that is inconsistent with or contradicted by that text.

143.   With respect to the allegations in Paragraph 143 of the Complaint, Dr. Kapoor states that the FDA-approved label for Subsys speaks for itself, and Dr. Kapoor denies any allegation of Paragraph 143 that is inconsistent with or contradicted by that text.

144. With respect to the allegations in Paragraph 144 of the Complaint, Dr. Kapoor states that the FDA-approved label for Subsys speaks for itself, and Dr. Kapoor denies any allegation of Paragraph 144 that is inconsistent with or contradicted by that text.

145. Dr. Kapoor admits the allegations in Paragraph 145 of the Complaint.

146. Dr. Kapoor denies the allegations in Paragraph 146 of the Complaint.

147. Dr. Kapoor denies that Insys continually encouraged sales representatives to push doctors to prescribe doses higher than 100 mcg and to quickly titrate patients to high levels. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 147 of the Complaint, and therefore denies them.

148. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148 of the Complaint, and therefore denies them.

149. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 of the Complaint, and therefore denies them.

150. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 of the Complaint, and therefore denies them.

151. Dr. Kapoor denies the allegations in Paragraph 151 of the Complaint.

152. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152 of the Complaint, and therefore denies them.

153. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153 of the Complaint, and therefore denies them.

154.    Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 154 purports to quote from or characterize the text message referenced therein, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 154 that is inconsistent with or contradicted by that text. In so answering, Dr. Kapoor does not admit the existence or authenticity of such a document.

155.    Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 of the Complaint, and therefore denies them.

156.    Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 of the Complaint, and therefore denies them.

157.    Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157 of the Complaint, and therefore denies them.

158.    Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 of the Complaint, and therefore denies them.

159.    Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 of the Complaint, and therefore denies them.

160.    Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 of the Complaint, and therefore denies them.

161.    Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161 of the Complaint, and therefore denies them.

162.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 of the Complaint, and therefore denies them.

163.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 of the Complaint, and therefore denies them.

164.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164 of the Complaint, and therefore denies them.

165.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165 of the Complaint, and therefore denies them.

166.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166 of the Complaint, and therefore denies them.

167.   Dr. Kapoor admits that Insys created a unit to assist patients with the prior authorization process that was known as the Insys Reimbursement Center, or IRC. Dr. Kapoor denies the remaining allegations in Paragraph 167 of the Complaint.

168.   Dr. Kapoor admits the allegations in Paragraph 168 of the Complaint.

169.   Dr. Kapoor admits that Insys utilized Specialty Sales Professionals to assist in the prior authorization process. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 169 of the Complaint, and therefore denies them.

170.   Dr. Kapoor admits that the IRC sometimes handled appeals when prior authorization requests were denied, but otherwise denies the allegations in Paragraph 170 of the Complaint.

171.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171 of the Complaint, and therefore denies them.

172.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172 of the Complaint, and therefore denies them.

173.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173 of the Complaint, and therefore denies them.

174.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174 of the Complaint, and therefore denies them.

175.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175 of the Complaint, and therefore denies them.

176.   Dr. Kapoor denies the allegations in Paragraph 176 of the Complaint.

177.   Dr. Kapoor admits that Insys did not promote or train employees to engage in off-label marketing. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 177 of the Complaint, and therefore denies them.

178.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 178 of the Complaint, and therefore denies them.

179.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 179 of the Complaint, and therefore denies them.

ANSWER TO THIRD AMENDED COMPLAINT                    CASE NO. 2:13-CV-05861 JLS (AJS)

180.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180 of the Complaint, and therefore denies them.

181.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181 of the Complaint, and therefore denies them.

182.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 182 purports to quote from or characterize the DOJ press release referenced therein, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 182 that is inconsistent with or contradicted by that text.

183.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183 of the Complaint, and therefore denies them.

184.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184 of the Complaint, and therefore denies them.

185.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185 of the Complaint, and therefore denies them.

186.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 186 purports to quote from or characterize the DOJ press release referenced therein, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 186 that is inconsistent with or contradicted by that text.

187.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 187 of the Complaint, and therefore denies them.

188.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188 of the Complaint, and therefore denies them.

189.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189 of the Complaint, and therefore denies them.

190.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 190 of the Complaint, and therefore denies them.

191.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191 of the Complaint, and therefore denies them.

192.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192 of the Complaint, and therefore denies them.

193.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 193 purports to quote from or characterize the DOJ press release referenced therein, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 193 that is inconsistent with or contradicted by that text.

194.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 194 purports to quote from or characterize the email referenced therein, that document is the best

29

evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 194 that is inconsistent with or contradicted by that text. In so answering, Dr. Kapoor does not admit the existence or authenticity of such a document.

195.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 195 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 195 purports to quote from or characterize the patient forms and website referenced therein, those documents are the best evidence of their contents, and Dr. Kapoor denies any allegation in Paragraph 195 that is inconsistent with or contradicted by those texts.

196.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 196 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 196 purports to quote from or characterize the website referenced therein, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 196 that is inconsistent with or contradicted by that text.

197.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 197 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 197 purports to quote from or characterize the website referenced therein, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 197 that is inconsistent with or contradicted by that text.

198.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198 of the Complaint, and therefore denies them.

199.   With respect to the allegations in Paragraph 199 of the Complaint, Dr. Kapoor states that the FDA-approved label for Subsys, which states the contraindications for Subsys, speaks for itself, and Dr. Kapoor denies any allegation of Paragraph 199 that is inconsistent with or contradicted by that text.

200.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 200 of the Complaint, and therefore denies them.

201.   Dr. Kapoor denies the allegations in Paragraph 201 of the Complaint.

202.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 202 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 202 purports to quote from or characterize the text message referenced therein, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 202 that is inconsistent with or contradicted by that text. In so answering, Dr. Kapoor does not admit the existence or authenticity of such a document.

203.   Dr. Kapoor admits that prior to her employment with Insys, Karen Hill had been employed by Cephalon, Inc. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 203 of the Complaint, and therefore denies them.

204.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 204 of the Complaint, and therefore denies them.

205.   Dr. Kapoor admits that health care professionals prescribed Subsys for off-label uses. Dr. Kapoor denies that Insys engaged in "off-label marketing schemes." Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 205 of the Complaint, and therefore denies them.

206.   Dr. Kapoor admits that Subsys, like other opioid medications, can expose users to adverse health effects if not properly administered. Further answering, Dr. Kapoor states that the FDA-approved label for Subsys, which states information concerning Subsys dosage and usage, speaks for itself, and Dr. Kapoor denies any allegation of Paragraph 206 that is inconsistent with or contradicted by that text. Dr. Kapoor denies the remaining allegations in Paragraph 206 of the Complaint.

207.   With respect to the allegations in Paragraph 207 of the Complaint, Dr. Kapoor states that the FDA-approved label for Subsys, which states the contraindications for Subsys, speaks for itself, and Dr. Kapoor denies any allegation of Paragraph 207 that is inconsistent with or contradicted by that text.

208.   Dr. Kapoor denies the allegations in Paragraph 208 of the Complaint.

209.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 209 purports to quote from or characterize the email referenced therein, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 209 that is inconsistent with or contradicted by that text. In so answering, Dr. Kapoor does not admit the existence or authenticity of such a document.

210.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 210 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 210 purports to quote from or characterize the email and prescription referenced therein, those documents are the best evidence of their contents, and Dr. Kapoor denies any allegation in Paragraph 210 that is inconsistent with or contradicted by those texts. In so answering, Dr. Kapoor does not admit the existence or authenticity of such documents.

211.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 211 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 211 purports to quote from or characterize the email referenced therein, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 211 that is inconsistent with or contradicted by that text. In so answering, Dr. Kapoor does not admit the existence or authenticity of such a document.

212.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 212 of the Complaint, and therefore denies

them. Further answering, Dr. Kapoor states that insofar as Paragraph 212 purports to quote from or characterize an email or text message, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 212 that is inconsistent with or contradicted by that text. In so answering, Dr. Kapoor does not admit the existence or authenticity of such a document.

213.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 213 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 213 purports to quote from or characterize the prior authorization referenced therein, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 213 that is inconsistent with or contradicted by that text. In so answering, Dr. Kapoor does not admit the existence or authenticity of such a document.

214.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 214 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 214 purports to quote from or characterize the prescription referenced therein, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 214 that is inconsistent with or contradicted by that text. In so answering, Dr. Kapoor does not admit the existence or authenticity of such a document.

215.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 215 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 215 purports to quote from or characterize the email referenced therein, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 215 that is inconsistent with or contradicted by that text. In so answering, Dr. Kapoor does not admit the existence or authenticity of such a document.

ANSWER TO THIRD AMENDED COMPLAINT                    CASE NO. 2:13-CV-05861 JLS (AJS)

216.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 216 of the Complaint, and therefore denies them.

217.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 217 of the Complaint, and therefore denies them.

218.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 218 of the Complaint, and therefore denies them.

219.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 219 of the Complaint, and therefore denies them.

220.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 220 of the Complaint, and therefore denies them.

221.   Dr. Kapoor admits the allegations in Paragraph 221 of the Complaint.

222.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 222 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 222 purports to quote from or characterize the prescription referenced therein, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 222 that is inconsistent with or contradicted by that text. In so answering, Dr. Kapoor does not admit the existence or authenticity of such a document.

223.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 223 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 223 purports to quote from or characterize the prescription referenced therein, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 223 that is

inconsistent with or contradicted by that text. In so answering, Dr. Kapoor does not admit the existence or authenticity of such a document.

224. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 224 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 224 purports to quote from or characterize the prescription referenced therein, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 224 that is inconsistent with or contradicted by that text. In so answering, Dr. Kapoor does not admit the existence or authenticity of such a document.

225. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 225 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 225 purports to quote from or characterize the text messages referenced therein, those documents are the best evidence of their contents, and Dr. Kapoor denies any allegation in Paragraph 225 that is inconsistent with or contradicted by those texts. In so answering, Dr. Kapoor does not admit the existence or authenticity of such documents.

226. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 226 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 226 purports to quote from or characterize the text messages referenced therein, those documents are the best evidence of their contents, and Dr. Kapoor denies any allegation in Paragraph 226 that is inconsistent with or contradicted by those texts. In so answering, Dr. Kapoor does not admit the existence or authenticity of such documents.

227. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 227 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 227 purports to quote from or characterize the text message referenced therein, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 227

that is inconsistent with or contradicted by that text. In so answering, Dr. Kapoor does not admit the existence or authenticity of such a document.

228.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 228 of the Complaint, and therefore denies them.

229.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 229 of the Complaint, and therefore denies them.

230.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 230 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 230 purports to quote from or characterize the prior authorization form referenced therein, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 230 that is inconsistent with or contradicted by that text. In so answering, Dr. Kapoor does not admit the existence or authenticity of such a document.

231.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 231 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 231 purports to quote from or characterize the prior authorization form referenced therein, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 231 that is inconsistent with or contradicted by that text. In so answering, Dr. Kapoor does not admit the existence or authenticity of such a document.

232.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 232 of the Complaint, and therefore denies them.

233.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 233 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 233 purports to

ANSWER TO THIRD AMENDED COMPLAINT                    CASE NO. 2:13-CV-05861 JLS (AJS)

quote from or characterize the forms referenced therein, those documents are the best evidence of their contents, and Dr. Kapoor denies any allegation in Paragraph 233 that is inconsistent with or contradicted by those texts. In so answering, Dr. Kapoor does not admit the existence or authenticity of such documents.

234.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 234 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 234 purports to quote from or characterize the patient face sheet referenced therein, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 234 that is inconsistent with or contradicted by that text. In so answering, Dr. Kapoor does not admit the existence or authenticity of such a document.

235.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 235 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 235 purports to quote from or characterize the forms referenced therein, those documents are the best evidence of their contents, and Dr. Kapoor denies any allegation in Paragraph 235 that is inconsistent with or contradicted by those texts. In so answering, Dr. Kapoor does not admit the existence or authenticity of such documents.

236.   Dr. Kapoor admits the allegations in Paragraph 236 of the Complaint.

237.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 237 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 237 purports to quote from or characterize the text message referenced therein, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 237 that is inconsistent with or contradicted by that text. In so answering, Dr. Kapoor does not admit the existence or authenticity of such a document.

238.   Dr. Kapoor admits that Insys successfully encouraged doctors to switch patients from Actiq to Subsys. Dr. Kapoor lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in Paragraph 238 of the Complaint, and therefore denies them.

239.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 239 of the Complaint, and therefore denies them.

240.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 240 of the Complaint, and therefore denies them.

241.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 241 of the Complaint, and therefore denies them.

242.   Dr. Kapoor admits that Insys officially stated that vouchers and other incentives could not be given to Medicare or Medicaid patients. Dr. Kapoor denies the remaining allegations in Paragraph 242 of the Complaint.

243.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 243 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 243 purports to quote from or characterize the text message referenced therein, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 243 that is inconsistent with or contradicted by that text. In so answering, Dr. Kapoor does not admit the existence or authenticity of such a document.

244.   Dr. Kapoor denies the allegations in Paragraph 244 of the Complaint.

245.   With respect to the allegations in Paragraph 245 of the Complaint, Dr. Kapoor states that the FDA-approved label for Subsys, which states dosage and usage information for Subsys, speaks for itself, and Dr. Kapoor denies any allegation of Paragraph 245 that is inconsistent with or contradicted by that text.

246.   With respect to the allegations in Paragraph 246 of the Complaint, Dr. Kapoor states that the FDA-approved label for Subsys, which states dosage and usage

38

1   information for Subsys, speaks for itself, and Dr. Kapoor denies any allegation of

2   Paragraph 246 that is inconsistent with or contradicted by that text.

3       247.   With respect to the allegations in Paragraph 247 of the Complaint, Dr.

4   Kapoor states that the FDA-approved label for Subsys, which states dosage and usage

5   information for Subsys, speaks for itself, and Dr. Kapoor denies any allegation of

6   Paragraph 247 that is inconsistent with or contradicted by that text.

7       248.   Dr. Kapoor denies the allegations in Paragraph 248 of the Complaint.

8       249.   Dr. Kapoor denies the allegations in Paragraph 249 of the Complaint.

9       250.   Dr. Kapoor denies that Insys had an "effective dosage or kiss of death

10  campaign." Dr. Kapoor lacks knowledge or information sufficient to form a belief as to

11  the truth of the remaining allegations in Paragraph 250 of the Complaint, and therefore

12  denies them.

13      251.   Dr. Kapoor denies that Insys had an "effective dosage or kiss of death

14  campaign." Dr. Kapoor lacks knowledge or information sufficient to form a belief as to

15  the truth of the remaining allegations in Paragraph 251 of the Complaint, and therefore

16  denies them.

17      252.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as

18  to the truth of the allegations in Paragraph 252 of the Complaint, and therefore denies

19  them. Further answering, Dr. Kapoor states that insofar as Paragraph 252 purports to

20  quote from or characterize the text message referenced therein, that document is the

21  best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 252

22  that is inconsistent with or contradicted by that text. In so answering, Dr. Kapoor does

23  not admit the existence or authenticity of such a document.

24      253.   Dr. Kapoor admits the allegations in Paragraph 253 of the Complaint.

25      254.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as

26  to the truth of the allegations in Paragraph 254 of the Complaint, and therefore denies

27  them. Further answering, Dr. Kapoor states that insofar as Paragraph 254 purports to

28  quote from or characterize the text message referenced therein, that document is the

best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 254 that is inconsistent with or contradicted by that text. In so answering, Dr. Kapoor does not admit the existence or authenticity of such a document.

255.   Dr. Kapoor denies the allegations in Paragraph 255 of the Complaint.

256.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 256 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 256 purports to quote from or characterize the email referenced therein, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 256 that is inconsistent with or contradicted by that text. In so answering, Dr. Kapoor does not admit the existence or authenticity of such a document.

257.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 257 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 257 purports to quote from or characterize the voicemail referenced therein, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 257 that is inconsistent with or contradicted by that document. In so answering, Dr. Kapoor does not admit the existence or authenticity of such a document.

258.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 258 of the Complaint, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 258 purports to quote from or characterize the email referenced therein, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 258 that is inconsistent with or contradicted by that text. In so answering, Dr. Kapoor does not admit the existence or authenticity of such a document.

259.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 259 of the Complaint, and therefore denies them.

260.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 260 of the Complaint, and therefore denies them.

261.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 261 of the Complaint, and therefore denies them.

262.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 262 of the Complaint, and therefore denies them.

263.   With respect to the allegations in Paragraph 263 of the Complaint, Dr. Kapoor states that the FDA-approved label for Subsys speaks for itself, and Dr. Kapoor denies any allegation of Paragraph 263 that is inconsistent with or contradicted by that text.

264.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 264 of the Complaint, and therefore denies them.

265.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 265 of the Complaint, and therefore denies them.

266.   With respect to the allegations in Paragraph 266 of the Complaint, Dr. Kapoor states that the FDA-approved label for Subsys speaks for itself, and Dr. Kapoor denies any allegation of Paragraph 247 that is inconsistent with or contradicted by that text.

## **COUNT I – FALSE CLAIMS ACT VIOLATIONS**
### **31 U.S.C. § 3729(a)(1)**

267.   Dr. Kapoor incorporates by reference each of his responses to the allegations set in Paragraphs 1-266 of the Complaint as if fully set forth herein.

ANSWER TO THIRD AMENDED COMPLAINT                    CASE NO. 2:13-CV-05861 JLS (AJS)

268.   Paragraph 268 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 268, and therefore denies them.

269.   Paragraph 269 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 269, and therefore denies them.

270.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 270 of the Complaint, and therefore denies them.

271.   Paragraph 271 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 271, and therefore denies them.

272.   Paragraph 272 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 272, and therefore denies them.

273.   Paragraph 273 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 273, and therefore denies them.

274.   Paragraph 274 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 274 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 274 insofar as they apply to other defendants, and therefore denies them.

275.   Paragraph 275 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 275 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 274 insofar as they apply to other defendants, and therefore denies them.

276.   Dr. Kapoor denies the allegations in Paragraph 276 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 276 insofar as they apply to others, and therefore denies them.

277.   Dr. Kapoor denies the allegations in Paragraph 277 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 277 insofar as they apply to others, and therefore denies them.

278.   Paragraph 278 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 278 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 278 insofar as they apply to other defendants, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 278 purports to quote from or characterize the forms referenced therein, those documents are the best evidence of their contents, and Dr. Kapoor denies any allegation in Paragraph 278 that is inconsistent with or contradicted by those texts. In so answering, Dr. Kapoor does not admit the existence or authenticity of such documents.

279.   Paragraph 279 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required,

Dr. Kapoor denies the allegations in Paragraph 279 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 279 insofar as they apply to other defendants, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 279 purports to quote from or characterize the form referenced therein, that document is the best evidence of its contents, and Dr. Kapoor denies any allegation in Paragraph 279 that is inconsistent with or contradicted by that text. In so answering, Dr. Kapoor does not admit the existence or authenticity of such a document.

280.   Paragraph 280 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 280 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 280 insofar as they apply to other defendants, and therefore denies them. Further answering, Dr. Kapoor states that insofar as Paragraph 280 purports to quote from or characterize the forms referenced therein, those documents are the best evidence of their contents, and Dr. Kapoor denies any allegation in Paragraph 280 that is inconsistent with or contradicted by those texts. In so answering, Dr. Kapoor does not admit the existence or authenticity of such documents.

281.   Paragraph 281 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 281 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 281 insofar as they apply to other defendants, and therefore denies them.

282.   Paragraph 282 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 282 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the

1   allegations in Paragraph 282 insofar as they apply to other defendants, and therefore

2   denies them.

3       283.   Paragraph 283 of the Complaint states conclusions of law, rather than

4   allegations of fact to which a response is required. To the extent a response is required,

5   Dr. Kapoor admits that certain patients need a drug like Subsys and would be

6   substantially harmed if their Subsys prescriptions were not paid for. Dr. Kapoor denies

7   the remaining allegations in Paragraph 283.

8       284.   Paragraph 284 of the Complaint states conclusions of law, rather than

9   allegations of fact to which a response is required. To the extent a response is required,

10  Dr. Kapoor denies the allegations in Paragraph 284.

11  ## COUNT II – DEFENDANTS SUBMITTED AND CAUSED TO BE

12  ## SUBMITTED FALSE CLAIMS ARISING FROM THEIR OFF-LABEL

13  ## DISSEMINATION VIOLATIONS

14      285.   Dr. Kapoor incorporates by reference each of his responses to the

15  allegations set in Paragraphs 1-266 of the Complaint as if fully set forth herein.

16      286.   Paragraph 286 of the Complaint states conclusions of law, rather than

17  allegations of fact to which a response is required.

18      287.   Paragraph 287 of the Complaint states conclusions of law, rather than

19  allegations of fact to which a response is required. To the extent a response is required,

20  Dr. Kapoor denies the allegations in Paragraph 287 insofar as they apply to him. Dr.

21  Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the

22  allegations in Paragraph 287 insofar as they apply to other defendants, and therefore

23  denies them.

24      288.   Paragraph 288 of the Complaint states conclusions of law, rather than

25  allegations of fact to which a response is required. To the extent a response is required,

26  Dr. Kapoor denies the allegations in Paragraph 288 insofar as they apply to him. Dr.

27  Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the

28

allegations in Paragraph 288 insofar as they apply to other defendants, and therefore denies them.

### COUNT III – DEFENDANTS SUBMITTED AND CAUSED TO BE SUBMITTED FALSE CLAIMS TO MEDICAID ARISING ROM THEIR NON-APPROVED USE VIOLATIONS

289.  Dr. Kapoor incorporates by reference each of his responses to the allegations set in Paragraphs 1-266 of the Complaint as if fully set forth herein.

290.  Paragraph 290 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required.

291.  Paragraph 291 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required.

292.  With respect to the allegations in Paragraph 292 of the Complaint, Dr. Kapoor states that the FDA-approved label for Subsys, which states the indications for Subsys, speaks for itself, and Dr. Kapoor denies any allegation of Paragraph 292 that is inconsistent with or contradicted by that text.

293.  Dr. Kapoor denies the allegations in Paragraph 293 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 293 insofar as they apply to others, and therefore denies them.

294.  Dr. Kapoor denies the allegations in Paragraph 294 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 294 insofar as they apply to other Defendants, and therefore denies them.

295.  Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 295 of the Complaint, and therefore denies them.

296.  Paragraph 296 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required,

Dr. Kapoor denies the allegations in Paragraph 296 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 296 insofar as they apply to other defendants, and therefore denies them.

297.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 297 of the Complaint, and therefore denies them.

298.   With respect to the allegations in Paragraph 298 of the Complaint, Dr. Kapoor states that the FDA-approved label for Subsys, which states the contraindications for Subsys, speaks for itself, and Dr. Kapoor denies any allegation of Paragraph 298 that is inconsistent with or contradicted by that text.

299.   With respect to the allegations in Paragraph 299 of the Complaint, Dr. Kapoor states that the FDA-approved label for Subsys, which states the indications for Subsys and usage information, speaks for itself, and Dr. Kapoor denies any allegation of Paragraph 299 that is inconsistent with or contradicted by that text.

300.   Dr. Kapoor denies the allegations in Paragraph 300 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 300 insofar as they apply to other defendants, and therefore denies them.

301.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 301 of the Complaint, and therefore denies them.

302.   Paragraph 302 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 302 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 302 insofar as they apply to other defendants, and therefore denies them.

303.   Paragraph 303 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 303 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 303 insofar as they apply to other defendants, and therefore denies them.

## COUNT IV – DEFENDANTS SUBMITTED AND CAUSED TO BE SUBMITTED FALSE CLAIMS TO MEDICARE ARISING FROM THEIR NON-APPROVED USE VIOLATIONS

304.   Dr. Kapoor incorporates by reference each of his responses to the allegations set in Paragraphs 1-266 of the Complaint as if fully set forth herein.

305.   Paragraph 305 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required.

306.   Paragraph 306 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required.

307.   Paragraph 307 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required.

308.   With respect to the allegations in Paragraph 308 of the Complaint, Dr. Kapoor states that the FDA-approved label for Subsys, which states the indications for Subsys, speaks for itself, and Dr. Kapoor denies any allegation of Paragraph 308 that is inconsistent with or contradicted by that text.

309.   Dr. Kapoor denies the allegations in Paragraph 309 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 309 insofar as they apply to others, and therefore denies them.

310.   Dr. Kapoor denies the allegations in Paragraph 310 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 310 insofar as they apply to other defendants, and therefore denies them.

311.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 311 of the Complaint, and therefore denies them.

312.   Dr. Kapoor denies the allegations in Paragraph 312 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 312 insofar as they apply to other defendants, and therefore denies them.

313.   Paragraph 313 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor admits that health care professionals prescribed Subsys for off-label purposes. Dr. Kapoor denies the remaining allegations in Paragraph 313 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 313 insofar as they apply to other defendants, and therefore denies them.

314.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 314 of the Complaint, and therefore denies them.

315.   With respect to the allegations in Paragraph 315 of the Complaint, Dr. Kapoor states that the FDA-approved label for Subsys, which states the indications and usage instructions for Subsys, speaks for itself, and Dr. Kapoor denies any allegation of Paragraph 315 that is inconsistent with or contradicted by that text.

316.   Dr. Kapoor denies the allegations in Paragraph 316 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 316 insofar as they apply to other defendants, and therefore denies them.

317.   Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 317 of the Complaint, and therefore denies them.

318.   Paragraph 318 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 318 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 318 insofar as they apply to other defendants, and therefore denies them.

319.   Paragraph 319 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 319 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 319 insofar as they apply to other defendants, and therefore denies them.

## COUNT V – VIOLATION OF THE CALIFORNIA FALSE CLAIMS ACT
### (Cal. Gov't Code § 12651(a)(1))

320.   Dr. Kapoor incorporates by reference each of his responses to the allegations set in Paragraphs 1-266 of the Complaint as if fully set forth herein.

321.   Paragraph 321 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required.

322.   Paragraph 322 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 322 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 322 insofar as they apply to other defendants, and therefore denies them.

323.   Paragraph 323 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 323 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 323 insofar as they apply to other defendants, and therefore denies them.

324.   Dr. Kapoor denies the allegations in Paragraph 323 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 323 insofar as they apply to other defendants, and therefore denies them.

325.   Paragraph 325 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 325 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 325 insofar as they apply to other defendants, and therefore denies them.

326.   It appears that Paragraphs 326 and 327 of the Complaint were inadvertently separated. Dr. Kapoor's response to combined Paragraphs 326 and 327 is set forth in the following paragraph.

327.   Paragraph 327 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 327 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 327 insofar as they apply to other defendants, and therefore denies them.

ANSWER TO THIRD AMENDED COMPLAINT                    CASE NO. 2:13-CV-05861 JLS (AJS)

## COUNT VI – VIOLATION OF THE CALIFORNIA FALSE CLAIMS ACT

### (Cal. Gov't Code § 12651(a)(2))

328.   Dr. Kapoor incorporates by reference each of his responses to the allegations set in Paragraphs 1-266 of the Complaint as if fully set forth herein.

329.   Paragraph 329 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 329 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 329 insofar as they apply to other defendants, and therefore denies them.

330.   Dr. Kapoor denies the allegations in Paragraph 330 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 330 insofar as they apply to other defendants, and therefore denies them.

331.   Paragraph 331 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 331 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 331 insofar as they apply to other defendants, and therefore denies them.

332.   It appears that Paragraphs 332 and 333 of the Complaint were inadvertently separated. Dr. Kapoor's response to combined Paragraphs 332 and 333 is set forth in the following paragraph.

333.   Paragraph 333 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 333 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the

1  allegations in Paragraph 333 insofar as they apply to other defendants, and therefore
2  denies them.

3  **COUNT VII – VIOLATION OF THE CALIFORNIA FALSE CLAIMS ACT**
4  **(Cal. Gov't Code § 12651(a)(3))**

5  334.   Dr. Kapoor incorporates by reference each of his responses to the
6  allegations set in Paragraphs 1-266 of the Complaint as if fully set forth herein.

7  335.   Paragraph 335 of the Complaint states conclusions of law, rather than
8  allegations of fact to which a response is required. To the extent a response is required,
9  Dr. Kapoor denies the allegations in Paragraph 335 insofar as they apply to him. Dr.
10  Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the
11  allegations in Paragraph 335 insofar as they apply to other defendants, and therefore
12  denies them.

13  336.   Dr. Kapoor denies the allegations in Paragraph 336 of the Complaint
14  insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to
15  form a belief as to the truth of the allegations in Paragraph 336 insofar as they apply to
16  other defendants, and therefore denies them.

17  337.   Paragraph 337 of the Complaint states conclusions of law, rather than
18  allegations of fact to which a response is required. To the extent a response is required,
19  Dr. Kapoor denies the allegations in Paragraph 337 insofar as they apply to him. Dr.
20  Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the
21  allegations in Paragraph 337 insofar as they apply to other defendants, and therefore
22  denies them.

23  338.   Paragraph 338 of the Complaint states conclusions of law, rather than
24  allegations of fact to which a response is required. To the extent a response is required,
25  Dr. Kapoor denies the allegations in Paragraph 338 insofar as they apply to him. Dr.
26  Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the
27  allegations in Paragraph 338 insofar as they apply to other defendants, and therefore
28  denies them.

## COUNT VIII – VIOLATION OF THE CALIFORNIA FALSE CLAIMS ACT

### (Cal. Gov't Code § 12651(a)(7))

339.   Dr. Kapoor incorporates by reference each of his responses to the allegations set in Paragraphs 1-266 of the Complaint as if fully set forth herein.

340.   It appears that Paragraphs 340 and 341 of the Complaint were inadvertently separated. Dr. Kapoor's response to combined Paragraphs 340 and 341 is set forth in the following paragraph.

341.   Paragraph 341 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 341 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 341 insofar as they apply to other defendants, and therefore denies them.

342.   Dr. Kapoor denies the allegations in Paragraph 342 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 342 insofar as they apply to other defendants, and therefore denies them.

343.   Dr. Kapoor denies the allegations in Paragraph 343 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 343 insofar as they apply to other defendants, and therefore denies them.

344.   Paragraph 344 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 344 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 344 insofar as they apply to other defendants, and therefore denies them.

345.   Paragraph 345 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 345 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 345 insofar as they apply to other defendants, and therefore denies them.

346.   Paragraph 346 of the Complaint is a demand for relief to which no response is required. To the extent a response is required, Dr. Kapoor denies that any relief or judgment against him in this matter is appropriate.

## COUNT IX – DELAWARE FALSE CLAIMS AND REPORTING ACT
### (Del. C. 1201 et seq.)

347.   Dr. Kapoor incorporates by reference each of his responses to the allegations set in Paragraphs 1-266 of the Complaint as if fully set forth herein. Further answering, Dr. Kapoor states that Paragraph 347 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required.

348.   Dr. Kapoor denies the allegations in Paragraph 348 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 348 insofar as they apply to other defendants, and therefore denies them.

349.   Dr. Kapoor denies the allegations in Paragraph 349 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 349 insofar as they apply to other defendants, and therefore denies them.

350.   Paragraph 350 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 350 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the

1  allegations in Paragraph 350 insofar as they apply to other defendants, and therefore
2  denies them.

3  351.   Paragraph 351 of the Complaint states conclusions of law, rather than
4  allegations of fact to which a response is required. To the extent a response is required,
5  Dr. Kapoor denies the allegations in Paragraph 351 insofar as they apply to him. Dr.
6  Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the
7  allegations in Paragraph 351 insofar as they apply to other defendants, and therefore
8  denies them.

9  352.   Paragraph 352 of the Complaint is a demand for relief to which no response
10 is required. To the extent a response is required, Dr. Kapoor denies that any relief or
11 judgment against him in this matter is appropriate.

12 ## COUNT X – DISTRICT OF COLUMBIA FALSE CLAIMS ACT
13 ### (D.C. OFFICIAL CODE §§ 2-308.13 et seq.)

14 353.   Dr. Kapoor incorporates by reference each of his responses to the
15 allegations set in Paragraphs 1-266 of the Complaint as if fully set forth herein.

16 354.   Paragraph 354 of the Complaint states conclusions of law, rather than
17 allegations of fact to which a response is required.

18 355.   Dr. Kapoor denies the allegations in Paragraph 355 of the Complaint
19 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to
20 form a belief as to the truth of the allegations in Paragraph 355 insofar as they apply to
21 other defendants, and therefore denies them.

22 356.   Paragraph 356 of the Complaint states conclusions of law, rather than
23 allegations of fact to which a response is required. To the extent a response is required,
24 Dr. Kapoor denies the allegations in Paragraph 356 insofar as they apply to him. Dr.
25 Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the
26 allegations in Paragraph 356 insofar as they apply to other defendants, and therefore
27 denies them.

28

357.   Paragraph 357 of the Complaint is a demand for relief to which no response is required. To the extent a response is required, Dr. Kapoor denies that any relief or judgment against him in this matter is appropriate.

## COUNT XI – VIOLATION OF THE FLORIDA FALSE CLAIMS ACT
### (§§ 68.081-.092, FLORIDA STATUTES)

358.   Dr. Kapoor incorporates by reference each of his responses to the allegations set in Paragraphs 1-266 of the Complaint as if fully set forth herein. Further answering, Dr. Kapoor states that Paragraph 358 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required.

359.   Dr. Kapoor denies the allegations in Paragraph 359 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 359 insofar as they apply to other defendants, and therefore denies them.

360.   Paragraph 360 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 360 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 360 insofar as they apply to other defendants, and therefore denies them.

361.   Dr. Kapoor denies the allegations in Paragraph 361 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 361 insofar as they apply to other defendants, and therefore denies them.

362.   Paragraph 362 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 362 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the

57

1 allegations in Paragraph 362 insofar as they apply to other defendants, and therefore
2 denies them.

3      363.   Paragraph 363 of the Complaint states conclusions of law, rather than
4 allegations of fact to which a response is required. To the extent a response is required,
5 Dr. Kapoor denies the allegations in Paragraph 363 insofar as they apply to him. Dr.
6 Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the
7 allegations in Paragraph 363 insofar as they apply to other defendants, and therefore
8 denies them.

9      364.   Paragraph 364 of the Complaint is a demand for relief to which no response
10 is required. To the extent a response is required, Dr. Kapoor denies that any relief or
11 judgment against him in this matter is appropriate.

12 ## COUNT XII – VIOLATION OF THE GEORGIA FALSE MEDICAID CLAIMS
13 ## ACT
14 **(GEORGIA CODE 49-4-168 et seq.)**

15      365.   Dr. Kapoor incorporates by reference each of his responses to the
16 allegations set in Paragraphs 1-266 of the Complaint as if fully set forth herein.

17      366.   Paragraph 366 of the Complaint states conclusions of law, rather than
18 allegations of fact to which a response is required.

19      367.   Paragraph 367 of the Complaint states conclusions of law, rather than
20 allegations of fact to which a response is required. To the extent a response is required,
21 Dr. Kapoor denies the allegations in Paragraph 367 insofar as they apply to him. Dr.
22 Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the
23 allegations in Paragraph 367 insofar as they apply to other defendants, and therefore
24 denies them.

25      368.   Paragraph 368 of the Complaint is a demand for relief to which no response
26 is required. To the extent a response is required, Dr. Kapoor denies that any relief or
27 judgment against him in this matter is appropriate.

28

## COUNT XIII – HAWAII FALSE CLAIMS ACT

### (Haw. Rev. Stat. § 661-21, et seq.)

369.   Dr. Kapoor incorporates by reference each of his responses to the allegations set in Paragraphs 1-266 of the Complaint as if fully set forth herein. Further answering, Dr. Kapoor states that Paragraph 369 of the Complaint contains a prefatory statement describing the nature of the claim, rather than allegations of fact to which a response is required.

370.   Dr. Kapoor denies the allegations in Paragraph 370 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 370 insofar as they apply to other defendants, and therefore denies them.

371.   Dr. Kapoor denies the allegations in Paragraph 371 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 371 insofar as they apply to other defendants, and therefore denies them.

372.   Dr. Kapoor denies the allegations in Paragraph 372 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 372 insofar as they apply to other defendants, and therefore denies them.

373.   Dr. Kapoor denies the allegations in Paragraph 373 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 373 insofar as they apply to other defendants, and therefore denies them.

374.   Dr. Kapoor denies the allegations in Paragraph 374 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 374 insofar as they apply to other defendants, and therefore denies them.

375.   Paragraph 375 of the Complaint is a demand for relief to which no response is required. To the extent a response is required, Dr. Kapoor denies that any relief or judgment against him in this matter is appropriate.

## COUNT XIV – ILLINOIS WHISTLE BLOWER REWARD AND PROTECTION ACT

376.   Dr. Kapoor incorporates by reference each of his responses to the allegations set in Paragraphs 1-266 of the Complaint as if fully set forth herein.

377.   Paragraph 377 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required.

378.   Dr. Kapoor denies the allegations in Paragraph 378 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 378 insofar as they apply to other defendants, and therefore denies them.

379.   Dr. Kapoor denies the allegations in Paragraph 379 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 379 insofar as they apply to other defendants, and therefore denies them.

380.   Paragraph 380 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 380 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 380 insofar as they apply to other defendants, and therefore denies them.

381.   Paragraph 381 of the Complaint is a demand for relief to which no response is required. To the extent a response is required, Dr. Kapoor denies that any relief or judgment against him in this matter is appropriate.

## COUNT XV – VIOLATION OF THE INDIANA FALSE CLAIMS ACT
### (INDIANA CODE 5-11-5.5)

382.   Dr. Kapoor incorporates by reference each of his responses to the allegations set in Paragraphs 1-266 of the Complaint as if fully set forth herein.

383.   Paragraph 383 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required.

384.   Dr. Kapoor denies the allegations in Paragraph 384 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 384 insofar as they apply to other defendants, and therefore denies them.

385.   Paragraph 385 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 385 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 385 insofar as they apply to other defendants, and therefore denies them.

386.   Paragraph 386 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 386 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 386 insofar as they apply to other defendants, and therefore denies them.

387.   Dr. Kapoor denies the allegations in Paragraph 387 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 387 insofar as they apply to other defendants, and therefore denies them.

ANSWER TO THIRD AMENDED COMPLAINT                    CASE NO. 2:13-CV-05861 JLS (AJS)

388.   Paragraph 388 of the Complaint is a demand for relief to which no response is required. To the extent a response is required, Dr. Kapoor denies that any relief or judgment against him in this matter is appropriate.

## COUNT XVI – VIOLATION OF THE LOUISIANA MEDICAL ASSISTANCE PROGRAMS INTEGRITY LAW

### (LA. REV. STAT. ANN. § 45:439.1 et seq.)

389.   Dr. Kapoor incorporates by reference each of his responses to the allegations set in Paragraphs 1-266 of the Complaint as if fully set forth herein.

390.   Paragraph 390 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required.

391.   Paragraph 391 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required.

392.   Dr. Kapoor denies the allegations in Paragraph 392 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 392 insofar as they apply to other defendants, and therefore denies them.

393.   Paragraph 393 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 393 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 393 insofar as they apply to other defendants, and therefore denies them.

394.   Paragraph 394 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 394 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 394 insofar as they apply to other defendants, and therefore denies them.

395.   Dr. Kapoor denies the allegations in Paragraph 395 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 395 insofar as they apply to other defendants, and therefore denies them.

396.   Paragraph 396 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required.

397.   Paragraph 397 of the Complaint is a demand for relief to which no response is required. To the extent a response is required, Dr. Kapoor denies that any relief or judgment against him in this matter is appropriate.

## COUNT XVII – FOR VIOLATION OF THE MASSACHUSETTS FALSE CLAIMS ACT

### (M.G.L. c. 12 § 5A, et seq.)

398.   Dr. Kapoor incorporates by reference each of his responses to the allegations set in Paragraphs 1-266 of the Complaint as if fully set forth herein.

399.   Dr. Kapoor denies the allegations in Paragraph 399 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 399 insofar as they apply to other defendants, and therefore denies them.

400.   Dr. Kapoor denies the allegations in Paragraph 400 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 400 insofar as they apply to other defendants, and therefore denies them.

401.   Paragraph 401 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 401 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 401 insofar as they apply to other defendants, and therefore denies them.

402.   Paragraph 402 of the Complaint is a demand for relief to which no response is required. To the extent a response is required, Dr. Kapoor denies that any relief or judgment against him in this matter is appropriate.

## COUNT XVIII –VIOLATION OF THE MICHIGAN MEDICAID FALSE CLAIMS ACT

403.   Dr. Kapoor incorporates by reference each of his responses to the allegations set in Paragraphs 1-266 of the Complaint as if fully set forth herein.

404.   Paragraph 404 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required.

405.   Dr. Kapoor denies the allegations in Paragraph 405 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 405 insofar as they apply to other defendants, and therefore denies them.

406.   Paragraph 406 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 406 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 406 insofar as they apply to other defendants, and therefore denies them.

407.   Paragraph 407 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 407 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 407 insofar as they apply to other defendants, and therefore denies them.

408.   Dr. Kapoor denies the allegations in Paragraph 408 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to

1   form a belief as to the truth of the allegations in Paragraph 408 insofar as they apply to

2   other defendants, and therefore denies them.

3       409.   Paragraph 409 of the Complaint states conclusions of law, rather than

4   allegations of fact to which a response is required.

5       410.   Paragraph 410 of the Complaint states conclusions of law, rather than

6   allegations of fact to which a response is required. To the extent a response is required,

7   Dr. Kapoor denies the allegations in Paragraph 410 insofar as they apply to him. Dr.

8   Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the

9   allegations in Paragraph 410 insofar as they apply to other defendants, and therefore

10  denies them.

11      411.   Paragraph 411 of the Complaint is a demand for relief to which no response

12  is required. To the extent a response is required, Dr. Kapoor denies that any relief or

13  judgment against him in this matter is appropriate.

14  **COUNT XIX –VIOLATION OF THE MINNESOTA FALSE CLAIMS ACT**

15  **(Minn. Stats. 15C.01-.13)**

16      412.   Dr. Kapoor incorporates by reference each of his responses to the

17  allegations set in Paragraphs 1-266 of the Complaint as if fully set forth herein.

18      413.   Paragraph 413 of the Complaint states conclusions of law, rather than

19  allegations of fact to which a response is required.

20      414.   Dr. Kapoor denies the allegations in Paragraph 414 of the Complaint

21  insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to

22  form a belief as to the truth of the allegations in Paragraph 414 insofar as they apply to

23  other defendants, and therefore denies them.

24      415.   Paragraph 415 of the Complaint states conclusions of law, rather than

25  allegations of fact to which a response is required. To the extent a response is required,

26  Dr. Kapoor denies the allegations in Paragraph 415 insofar as they apply to him. Dr.

27  Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the

28

1  allegations in Paragraph 415 insofar as they apply to other defendants, and therefore
2  denies them.

3      416.   Paragraph 416 of the Complaint states conclusions of law, rather than
4  allegations of fact to which a response is required. To the extent a response is required,
5  Dr. Kapoor denies the allegations in Paragraph 416 insofar as they apply to him. Dr.
6  Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the
7  allegations in Paragraph 416 insofar as they apply to other defendants, and therefore
8  denies them.

9      417.   Dr. Kapoor denies the allegations in Paragraph 417 of the Complaint
10 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to
11 form a belief as to the truth of the allegations in Paragraph 417 insofar as they apply to
12 other defendants, and therefore denies them.

13     418.   Paragraph 418 of the Complaint states conclusions of law, rather than
14 allegations of fact to which a response is required. To the extent a response is required,
15 Dr. Kapoor denies the allegations in Paragraph 418 insofar as they apply to him. Dr.
16 Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the
17 allegations in Paragraph 418 insofar as they apply to other defendants, and therefore
18 denies them.

19     419.   Paragraph 419 of the Complaint is a demand for relief to which no response
20 is required. To the extent a response is required, Dr. Kapoor denies that any relief or
21 judgment against him in this matter is appropriate.

22                **COUNT XX –VIOLATION OF THE MONTANA FALSE CLAIMS ACT**
23                        **(MONT. CODE, CH. 465, HB 146 (2005))**

24     420.   Dr. Kapoor incorporates by reference each of his responses to the
25 allegations set in Paragraphs 1-266 of the Complaint as if fully set forth herein.

26     421.   Paragraph 421 of the Complaint states conclusions of law, rather than
27 allegations of fact to which a response is required.

28

422.   Dr. Kapoor denies the allegations in Paragraph 422 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 422 insofar as they apply to other defendants, and therefore denies them.

423.   Paragraph 423 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 423 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 423 insofar as they apply to other defendants, and therefore denies them.

424.   Dr. Kapoor denies the allegations in Paragraph 424 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 424 insofar as they apply to other defendants, and therefore denies them.

425.   Paragraph 425 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required.

426.   Paragraph 426 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 426 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 426 insofar as they apply to other defendants, and therefore denies them.

427.   Paragraph 427 of the Complaint is a demand for relief to which no response is required. To the extent a response is required, Dr. Kapoor denies that any relief or judgment against him in this matter is appropriate.

## COUNT XXI –VIOLATION OF THE NEVADA FALSE CLAIMS ACT

### (NRS 357.010 et seq.)

428. Dr. Kapoor incorporates by reference each of his responses to the allegations set in Paragraphs 1-266 of the Complaint as if fully set forth herein.

429. Dr. Kapoor denies the allegations in Paragraph 429 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 429 insofar as they apply to other defendants, and therefore denies them.

430. Dr. Kapoor denies the allegations in Paragraph 430 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 430 insofar as they apply to other defendants, and therefore denies them.

431. Paragraph 431 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 431 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 431 insofar as they apply to other defendants, and therefore denies them.

432. Paragraph 432 of the Complaint is a demand for relief to which no response is required. To the extent a response is required, Dr. Kapoor denies that any relief or judgment against him in this matter is appropriate.

## COUNT XXII – CLAIMS OF THE STATE OF NEW HAMPSHIRE VIOLATION OF THE NEW HAMPSHIRE FALSE CLAIMS ACT

### (NEW HAMPSHIRE CODE § 167:61-b)

433. Dr. Kapoor incorporates by reference each of his responses to the allegations set in Paragraphs 1-266 of the Complaint as if fully set forth herein.

434. Paragraph 434 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required.

435.   Dr. Kapoor denies the allegations in Paragraph 435 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 435 insofar as they apply to other defendants, and therefore denies them.

436.   Paragraph 436 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 436 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 436 insofar as they apply to other defendants, and therefore denies them.

437.   Dr. Kapoor denies the allegations in Paragraph 437 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 437 insofar as they apply to other defendants, and therefore denies them.

438.   Paragraph 438 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 438 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 438 insofar as they apply to other defendants, and therefore denies them.

439.   Paragraph 439 of the Complaint is a demand for relief to which no response is required. To the extent a response is required, Dr. Kapoor denies that any relief or judgment against him in this matter is appropriate.

## COUNT XXIII –VIOLATION OF THE NEW JERSEY FALSE CLAIMS ACT
### (2A:32C et seq.)

440.   Dr. Kapoor incorporates by reference each of his responses to the allegations set in Paragraphs 1-266 of the Complaint as if fully set forth herein.

441.   Paragraph 441 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required.

442.   Dr. Kapoor denies the allegations in Paragraph 442 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 442 insofar as they apply to other defendants, and therefore denies them.

443.   Paragraph 443 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 443 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 443 insofar as they apply to other defendants, and therefore denies them.

444.   Paragraph 444 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 444 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 444 insofar as they apply to other defendants, and therefore denies them.

445.   Dr. Kapoor denies the allegations in Paragraph 445 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 445 insofar as they apply to other defendants, and therefore denies them.

446.   Paragraph 446 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 446 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 446 insofar as they apply to other defendants, and therefore denies them.

447.   Paragraph 447 of the Complaint is a demand for relief to which no response is required. To the extent a response is required, Dr. Kapoor denies that any relief or judgment against him in this matter is appropriate.

**COUNT XXIV –VIOLATION OF THE NEW MEXICO MEDICAID FALSE CLAIMS ACT and the NEW MEXICO FRAUD AGAINST TAXPAYERS ACT**

448.   Dr. Kapoor incorporates by reference each of his responses to the allegations set in Paragraphs 1-266 of the Complaint as if fully set forth herein.

449.   Paragraph 449 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required.

450.   Paragraph 450 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required.

451.   Dr. Kapoor denies the allegations in Paragraph 451 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 451 insofar as they apply to other defendants, and therefore denies them.

452.   Paragraph 452 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 452 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 452 insofar as they apply to other defendants, and therefore denies them.

453.   Paragraph 453 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 453 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 453 insofar as they apply to other defendants, and therefore denies them.

454.   Dr. Kapoor denies the allegations in Paragraph 454 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 454 insofar as they apply to other defendants, and therefore denies them.

455.   Paragraph 455 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required.

456.   Paragraph 456 of the Complaint is a demand for relief to which no response is required. To the extent a response is required, Dr. Kapoor denies that any relief or judgment against him in this matter is appropriate.

## COUNT XXV –VIOLATION OF THE NEW YORK FALSE CLAIMS ACT
## (NEW YORK CODE § 39 – ARTICLE XIII §§ 187 et seq.)

457.   Dr. Kapoor incorporates by reference each of his responses to the allegations set in Paragraphs 1-266 of the Complaint as if fully set forth herein.

458.   Paragraph 458 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required.

459.   Paragraph 459 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required.

460.   Dr. Kapoor denies the allegations in Paragraph 460 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 460 insofar as they apply to other defendants, and therefore denies them.

461.   Paragraph 461 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 461 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 461 insofar as they apply to other defendants, and therefore denies them.

72

462.   Dr. Kapoor denies the allegations in Paragraph 462 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 462 insofar as they apply to other defendants, and therefore denies them.

463.   Paragraph 463 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 463 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 463 insofar as they apply to other defendants, and therefore denies them.

464.   Paragraph 464 of the Complaint is a demand for relief to which no response is required. To the extent a response is required, Dr. Kapoor denies that any relief or judgment against him in this matter is appropriate.

## COUNT XXVI –VIOLATION OF THE NORTH CAROLINA FALSE CLAIMS ACT

### (NORTH CAROLINA STATUTES §§ 1-605 – 18 )

465.   Dr. Kapoor incorporates by reference each of his responses to the allegations set in Paragraphs 1-266 of the Complaint as if fully set forth herein.

466.   Paragraph 466 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required.

467.   Dr. Kapoor denies the allegations in Paragraph 467 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 467 insofar as they apply to other defendants, and therefore denies them.

468.   Paragraph 468 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 468 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the

1  allegations in Paragraph 468 insofar as they apply to other defendants, and therefore

2  denies them.

3      469.   Dr. Kapoor denies the allegations in Paragraph 469 of the Complaint

4  insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to

5  form a belief as to the truth of the allegations in Paragraph 469 insofar as they apply to

6  other defendants, and therefore denies them.

7      470.   Paragraph 470 of the Complaint states conclusions of law, rather than

8  allegations of fact to which a response is required. To the extent a response is required,

9  Dr. Kapoor denies the allegations in Paragraph 470 insofar as they apply to him. Dr.

10  Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the

11  allegations in Paragraph 470 insofar as they apply to other defendants, and therefore

12  denies them.

13  ## COUNT XXVII –VIOLATION OF THE OKLAHOMA FALSE CLAIMS ACT

14  ## (OKLAHOMA STATUTES – TITLE 63, SECTION 5053)

15      471.   Dr. Kapoor incorporates by reference each of his responses to the

16  allegations set in Paragraphs 1-266 of the Complaint as if fully set forth herein.

17      472.   Paragraph 472 of the Complaint states conclusions of law, rather than

18  allegations of fact to which a response is required.

19      473.   Paragraph 473 of the Complaint states conclusions of law, rather than

20  allegations of fact to which a response is required. To the extent a response is required,

21  Dr. Kapoor denies the allegations in Paragraph 473 insofar as they apply to him. Dr.

22  Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the

23  allegations in Paragraph 473 insofar as they apply to other defendants, and therefore

24  denies them.

25      474.   Dr. Kapoor denies the allegations in Paragraph 474 of the Complaint

26  insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to

27  form a belief as to the truth of the allegations in Paragraph 474 insofar as they apply to

28  other defendants, and therefore denies them.

475.   Dr. Kapoor denies the allegations in Paragraph 475 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 475 insofar as they apply to other defendants, and therefore denies them.

476.   Paragraph 476 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 476 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 476 insofar as they apply to other defendants, and therefore denies them.

477.   Paragraph 477 of the Complaint is a demand for relief to which no response is required. To the extent a response is required, Dr. Kapoor denies that any relief or judgment against him in this matter is appropriate.

## COUNT XXVIII – VIOLATION OF THE STATE FALSE CLAIMS ACT
## (RHODE ISLAND CODE – CHAPTER 9-1.1)

478.   Dr. Kapoor incorporates by reference each of his responses to the allegations set in Paragraphs 1-266 of the Complaint as if fully set forth herein.

479.   Paragraph 479 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required.

480.   Dr. Kapoor denies the allegations in Paragraph 480 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 480 insofar as they apply to other defendants, and therefore denies them.

481.   Paragraph 481 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 481 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the

1   allegations in Paragraph 481 insofar as they apply to other defendants, and therefore

2   denies them.

3       482.   Paragraph 482 of the Complaint states conclusions of law, rather than

4   allegations of fact to which a response is required. To the extent a response is required,

5   Dr. Kapoor denies the allegations in Paragraph 482 insofar as they apply to him. Dr.

6   Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the

7   allegations in Paragraph 482 insofar as they apply to other defendants, and therefore

8   denies them.

9       483.   Dr. Kapoor denies the allegations in Paragraph 483 of the Complaint

10  insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to

11  form a belief as to the truth of the allegations in Paragraph 483 insofar as they apply to

12  other defendants, and therefore denies them.

13      484.   Paragraph 484 of the Complaint states conclusions of law, rather than

14  allegations of fact to which a response is required. To the extent a response is required,

15  Dr. Kapoor denies the allegations in Paragraph 484 insofar as they apply to him. Dr.

16  Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the

17  allegations in Paragraph 484 insofar as they apply to other defendants, and therefore

18  denies them.

19      485.   Paragraph 485 of the Complaint is a demand for relief to which no response

20  is required. To the extent a response is required, Dr. Kapoor denies that any relief or

21  judgment against him in this matter is appropriate.

22  ## COUNT XXIX – VIOLATION OF THE TENNESSEE MEDICAID FALSE

23  ## CLAIMS ACT

24  ### (TENNESSEE 71-5-182 et seq.)

25      486.   Dr. Kapoor incorporates by reference each of his responses to the

26  allegations set in Paragraphs 1-266 of the Complaint as if fully set forth herein.

27      487.   Paragraph 487 of the Complaint states conclusions of law, rather than

28  allegations of fact to which a response is required.

76

488.   Paragraph 488 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 488 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 488 insofar as they apply to other defendants, and therefore denies them.

489.   Dr. Kapoor denies the allegations in Paragraph 489 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 489 insofar as they apply to other defendants, and therefore denies them.

490.   Dr. Kapoor denies the allegations in Paragraph 490 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 490 insofar as they apply to other defendants, and therefore denies them.

491.   Paragraph 491 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 491 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 491 insofar as they apply to other defendants, and therefore denies them.

492.   Paragraph 492 of the Complaint is a demand for relief to which no response is required. To the extent a response is required, Dr. Kapoor denies that any relief or judgment against him in this matter is appropriate.

## COUNT XXX – VIOLATION OF VIRGINIA FRAUD AGAINST TAXPAYERS ACT

### (VIRGINIA CODE 8.01-216.1 et seq.)

493.   Dr. Kapoor incorporates by reference each of his responses to the allegations set in Paragraphs 1-266 of the Complaint as if fully set forth herein.

494.   Paragraph 494 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required.

495.   Paragraph 495 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 495 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 495 insofar as they apply to other defendants, and therefore denies them.

496.   Paragraph 496 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 496 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 496 insofar as they apply to other defendants, and therefore denies them.

497.   Paragraph 497 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 497 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 497 insofar as they apply to other defendants, and therefore denies them.

498.   Paragraph 498 of the Complaint is a demand for relief to which no response is required. To the extent a response is required, Dr. Kapoor denies that any relief or judgment against him in this matter is appropriate.

## COUNT XXXI – VIOLATION OF THE WASHINGTON STATE MEDICAID FRAUD FALSE CLAIMS ACT
### (RCE 74.66.005 et seq.)

499.   Dr. Kapoor incorporates by reference each of his responses to the allegations set in Paragraphs 1-266 of the Complaint as if fully set forth herein.

500.   Paragraph 500 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required.

501.   Dr. Kapoor denies the allegations in Paragraph 501 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 501 insofar as they apply to other defendants, and therefore denies them.

502.   Paragraph 502 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 502 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 502 insofar as they apply to other defendants, and therefore denies them.

503.   Dr. Kapoor denies the allegations in Paragraph 503 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 503 insofar as they apply to other defendants, and therefore denies them.

504.   Dr. Kapoor denies the allegations in Paragraph 504 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 504 insofar as they apply to other defendants, and therefore denies them.

505.   Paragraph 505 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 505 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 505 insofar as they apply to other defendants, and therefore denies them.

ANSWER TO THIRD AMENDED COMPLAINT                    CASE NO. 2:13-CV-05861 JLS (AJS)

506.   Paragraph 506 of the Complaint is a demand for relief to which no response is required. To the extent a response is required, Dr. Kapoor denies that any relief or judgment against him in this matter is appropriate.

## COUNT XXXII – VIOLATION OF THE ALLEGHENY COUNTY FALSE CLAIMS ORDINANCE

### (ALLEGHENY COUNTY CODE § 485-1 et seq.)

507.   Dr. Kapoor incorporates by reference each of his responses to the allegations set in Paragraphs 1-266 of the Complaint as if fully set forth herein.

508.   Paragraph 508 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required.

509.   Dr. Kapoor denies the allegations in Paragraph 509 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 509 insofar as they apply to other defendants, and therefore denies them.

510.   Dr. Kapoor denies the allegations in Paragraph 510 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 510 insofar as they apply to other defendants, and therefore denies them.

511.   Paragraph 511 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 511 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 511 insofar as they apply to other defendants, and therefore denies them.

512.   Paragraph 512 of the Complaint is a demand for relief to which no response is required. To the extent a response is required, Dr. Kapoor denies that any relief or judgment against him in this matter is appropriate.

## COUNT XXXIII – VIOLATION OF THE BROWARD COUNTY FALSE CLAIMS ORDINANCE

### (BROWARD COUNTY CODE § 1-279 et seq.)

513.   Dr. Kapoor incorporates by reference each of his responses to the allegations set in Paragraphs 1-266 of the Complaint as if fully set forth herein.

514.   Paragraph 514 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required.

515.   Dr. Kapoor denies the allegations in Paragraph 515 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 515 insofar as they apply to other defendants, and therefore denies them.

516.   Dr. Kapoor denies the allegations in Paragraph 516 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 516 insofar as they apply to other defendants, and therefore denies them.

517.   Paragraph 517 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 517 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 517 insofar as they apply to other defendants, and therefore denies them.

518.   Paragraph 518 of the Complaint is a demand for relief to which no response is required. To the extent a response is required, Dr. Kapoor denies that any relief or judgment against him in this matter is appropriate.

## COUNT XXXIV – VIOLATION OF THE MIAMI-DADE COUNTY FALSE CLAIMS ORDINANCE

### (MIAMI-DADE COUNTY CODE § 21-255 et seq.)

519.   Dr. Kapoor incorporates by reference each of his responses to the allegations set in Paragraphs 1-266 of the Complaint as if fully set forth herein.

520.   Paragraph 520 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required.

521.   Dr. Kapoor denies the allegations in Paragraph 521 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 521 insofar as they apply to other defendants, and therefore denies them.

522.   Dr. Kapoor denies the allegations in Paragraph 522 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 522 insofar as they apply to other defendants, and therefore denies them.

523.   Paragraph 523 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 523 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 523 insofar as they apply to other defendants, and therefore denies them.

524.   Paragraph 524 of the Complaint is a demand for relief to which no response is required. To the extent a response is required, Dr. Kapoor denies that any relief or judgment against him in this matter is appropriate.

## COUNT XXXV – VIOLATION OF THE CITY OF CHICAGO FALSE CLAIMS ACT

### (CHICAGO MUNICIPAL CODE § 1-22-010 et seq.)

525.   Dr. Kapoor incorporates by reference each of his responses to the allegations set in Paragraphs 1-266 of the Complaint as if fully set forth herein.

526.   Paragraph 526 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required.

527.   Dr. Kapoor denies the allegations in Paragraph 527 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 527 insofar as they apply to other defendants, and therefore denies them.

528.   Dr. Kapoor denies the allegations in Paragraph 528 of the Complaint insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 528 insofar as they apply to other defendants, and therefore denies them.

529.   Paragraph 529 of the Complaint states conclusions of law, rather than allegations of fact to which a response is required. To the extent a response is required, Dr. Kapoor denies the allegations in Paragraph 529 insofar as they apply to him. Dr. Kapoor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 529 insofar as they apply to other defendants, and therefore denies them.

530.   Paragraph 530 of the Complaint is a demand for relief to which no response is required. To the extent a response is required, Dr. Kapoor denies that any relief or judgment against him in this matter is appropriate.

ANSWER TO THIRD AMENDED COMPLAINT                    CASE NO. 2:13-CV-05861 JLS (AJS)

## COUNT XXXVI – ILLEGAL RETALIATION IN VIOLATION OF FEDERAL FALSE CLAIMS ACT; 31 U.S.C. § 3730(h), AGAINST DEFENDANT INSYS THERAPEUTICS

531.   Dr. Kapoor incorporates by reference each of his responses to the allegations set in Paragraphs 1-266 of the Complaint as if fully set forth herein.

532.   Paragraph 532 of the Complaint is not directed at Dr. Kapoor, and therefore no response is required. To the extent a response is required, Dr. Kapoor denies that he engaged in any fraudulent conduct.

533.   Paragraph 533 of the Complaint is not directed at Dr. Kapoor, and therefore no response is required.

## COUNT XXXVII – ILLEGAL RETALIATION IN VIOLATION OF FLORIDA FALSE CLAIMS ACT; § 68.088 FLORIDA STATUTES, AGAINST INSYS THERAPEUTICS, ONLY

534.   Dr. Kapoor incorporates by reference each of his responses to the allegations set in Paragraphs 1-266 of the Complaint as if fully set forth herein.

535.   Paragraph 535 of the Complaint is not directed at Dr. Kapoor, and therefore no response is required. To the extent a response is required, Dr. Kapoor denies that he engaged in any fraudulent conduct.

536.   Paragraph 536 of the Complaint is not directed at Dr. Kapoor, and therefore no response is required.

537.   Paragraph 537 of the Complaint is not directed at Dr. Kapoor, and therefore no response is required.

538.   Paragraph 538 of the Complaint is not directed at Dr. Kapoor, and therefore no response is required.

## COUNT XXXVIII – ILLEGAL RETALIATION IN VIOLATION OF PUBLIC POLICY; §§ 448.102 – 104, FLORIDA STATUTES, AGAINST INSYS THERAPEUTICS, ONLY

539. Dr. Kapoor incorporates by reference each of his responses to the allegations set in Paragraphs 1-266 of the Complaint as if fully set forth herein.

540. Paragraph 540 of the Complaint is not directed at Dr. Kapoor, and therefore no response is required.

541. Paragraph 541 of the Complaint is not directed at Dr. Kapoor, and therefore no response is required.

The remaining paragraphs of the Complaint set forth a prayer for relief to which no response is required. To the extent a response is required, Dr. Kapoor denies any factual allegations against him in the prayer for relief, and denies that any relief or judgment against him in this matter is appropriate.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof as to any issue for which the burden properly lies with Plaintiff, Dr. Kapoor asserts the following affirmative and other defenses in response to this action. The assertion of such defenses does not constitute an admission that Dr. Kapoor is in any way liable to Plaintiff or the entities on behalf of which Plaintiff purports to bring the claims in this action, that Plaintiff or said entities have been or will be injured or damaged in any way, or that any relief is appropriate in this action. In addition to the following defenses, Dr. Kapoor incorporates by reference, as if fully set forth herein, any defenses applicable to him that are asserted by any other Defendant in this action.

## FIRST DEFENSE

Relator has failed to state a claim against Dr. Kapoor upon which relief may be granted.

## SECOND DEFENSE

Relator has failed to plead fraud by Dr. Kapoor with sufficient particularity.

**THIRD DEFENSE**

Relator's claims against Dr. Kapoor are barred because Dr. Kapoor complied with all applicable federal, state, and local regulations.

**FOURTH DEFENSE**

Relator's claims are barred because Dr. Kapoor did not knowingly make or use, or cause to be made or used, a false record or statement material to a false or fraudulent claim.

**FIFTH DEFENSE**

Relator's claims are barred because Dr. Kapoor did not knowingly present a false or fraudulent claim for payment or approval.

**SIXTH DEFENSE**

Relator's claims are barred because Dr. Kapoor acted in good faith at all times relevant to this action and did not engage in any unlawful conduct.

**SEVENTH DEFENSE**

Relator's claims are barred because Dr. Kapoor acted with the belief that his conduct did not violate the federal False Claims Act, its state and local analogues, or other provisions of law, and Dr. Kapoor's interpretation of the applicable laws was not objectively unreasonable.

**EIGHTH DEFENSE**

Relator lacks standing to assert her claims.

**NINTH DEFENSE**

Relator's claims are barred, in whole or in part, by the public disclosure bars of the federal False Claims Act and its state and local analogues.

**TENTH DEFENSE**

Relator's claims are barred, in whole or in part, because Relator is the not the original source of the allegations in the Complaint.

86

## ELEVENTH DEFENSE

Relator's claims are barred, in whole or in part, by settlement agreements and/or consent judgments by and between the real parties in interest and Insys Therapeutics, Inc. and/or related entities.

## TWELFTH DEFENSE

To the extent Plaintiff's claims are based upon the theory that Dr. Kapoor may be held liable for the conduct of his former employer, Insys Therapeutics, Inc., and/or its other agents, employees, or affiliates, Plaintiff has failed to plead facts sufficient to establish that veil-piercing or alter ego liability is appropriate.

## THIRTEENTH DEFENSE

Relator's claims are barred, in whole or in part, because any injury to the real parties in interest was not proximately caused by Dr. Kapoor's acts or omissions but, if it exists at all, was the result of intervening or superseding causes, including the actions or inactions of third parties over whom Dr. Kapoor had no control or right of control.

## FOURTEENTH DEFENSE

Dr. Kapoor's alleged acts were not the cause of any injury and did not cause the submission of any false claims.

## FIFTEENTH DEFENSE

The real parties in interest have suffered no damage as a result of the conduct alleged in the Complaint.

## SIXTEENTH DEFENSE

Relator's claims are barred, in whole or in part, by the doctrine of unclean hands.

## SEVENTEENTH DEFENSE

Relator's claims are barred, in whole or in part, by the applicable statutes of limitation.

## EIGHTEENTH DEFENSE

Relator's claims are barred, in whole or in part, by the doctrines of laches, waiver, and/or estoppel.

1

## NINETEENTH DEFENSE

2     Relator's claims are barred, in whole or in part, by accord and satisfaction.

3

## TWENTIETH DEFENSE

4     Any award of damages is barred, in whole or in part, by Relator's failure to allege

5 special damages with specificity

6

## TWENTY-FIRST DEFENSE

7     An award of civil money penalties or punitive or treble damages would violate

8 the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States

9 Constitution, and their state constitutional analogues, because any such award would be

10 unconstitutionally excessive and arbitrary.

11

## RESERVATION OF ADDITIONAL DEFENSES

12     Dr. Kapoor expressly reserves the right to assert additional defenses in the event

13 that discovery or other analysis indicates that such defenses are appropriate.

14

15 Dated: October 9, 2020                NIXON PEABODY LLP

16

17                          By: */s/Brian T. Kelly*

18                            Brian T. Kelly
                            Attorney for Defendant

19                             JOHN N. KAPOOR

20

21

22

23

24

25

26

27

28

ANSWER TO THIRD AMENDED COMPLAINT                 CASE NO. 2:13-CV-05861 JLS (AJS)