SCOTT J. LEIPZIG (BAR NO. 192005)
ALLEN MATKINS LECK GAMBLE
    MALLORY & NATSIS LLP
1901 Avenue of the Stars, Suite 1800
Los Angeles, California 90067-6019
Phone: (310) 788-2400
Fax: (310) 788-2410
E-Mail: sleipzig@allenmatkins.com

Attorneys for Defendant

TIM C. HSU (BAR NO. 279208)
ANDREW C. WHITMAN (BAR NO. 312244)
ALLEN MATKINS LECK GAMBLE
    MALLORY & NATSIS LLP
865 South Figueroa Street, Suite 2800
Los Angeles, California 90017-2543
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: thsu@allenmatkins.com
           awhitman@allenmatkins.com

Attorneys for Defendant
Michael Babich

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel MARIA GUZMAN, et al,<br><br>       Plaintiffs,<br><br>       vs.<br><br>INSYS THERAPEUTIC, INC.;<br>MICHAEL BABICH, an Individual;<br>ALEC BURLAKOFF, an Individual;<br>JOHN N. KAPOOR, an Individual; and<br>DOES 1 through 15,,<br><br>       Defendants. | Case No. 2:13-cv-05861 JLS (AJS)<br><br>ASSIGNED FOR ALL PURPOSES TO<br>Judge Josephine L. Staton<br><br>Date: May 14, 2021<br>Time: 10:30 a.m.<br>Ctrm: 10A - 10th Flr.<br>      411 W. Fourth St., Santa Ana, CA 92701<br><br>DEFENDANT MICHAEL BABICH'S MOTION TO DISMISS THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>[Declaration of Russell Piccoli; Declaration of Zachary Rosenberg; Request for Judicial Notice; and [Proposed] Order filed concurrently herewith]<br><br>Third AC Filed:    August 13. 2018 |

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1231607.03/LA

DEFENDANT MICHAEL BABICH'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

**TO THE COURT, ALL PARTIES AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on May 14, 2021 at 10:30 a.m., or as soon thereafter as this matter may be heard in the above-entitled Court, located at 411 W. Fourth St., Santa Ana, CA 92701, Defendant Michael Babich ("Babich") will, and hereby does move, pursuant to *Federal Rules of Civil Procedure* ("FRCP") Rule 12(b)(6), to dismiss ("Motion") each claim asserted against Babich in the Third Amended Complaint (Dkt. No. 96) filed by Relator Maria Guzman ("Relator"), for failure to state a claim upon which relief can be granted.

In particular, the Motion is made on the grounds that:

1.      Relator's federal claims under the False Claims Act alleged in Counts I, II, III, and IV are each barred as against Babich pursuant to 31 U.S.C. §3730 (e)(4)(A)(i) by: (a) the prior filing of a substantially identical action in 2012 (well before this action was first commenced in 2013 by Relator), *U.S. ex rel Furchak v. Insys Therapeutics, Inc., et al,* No. 4:12cv02930 (filed September 28, 2012, S.D. Tex.) ("1st Co-Worker Action"), and (b) the filing of two other actions making substantially similar allegations against Babich for Insys' alleged fraud (*U.S. Ex rel. John Doe v. Insys Therapeutics Inc. et al.*, No. CV14-3488 PSG (May 6, 2014, C.D. Cal.); *DiDonato v. Insys Therapeutics*, *Inc., et al,* No. 2:16-cv-00302-NVW (February 2, 2016, D. Ariz.), each of which were brought well before Relator's assertion of any *federal* claims against Babich in this action, which did not occur until the Relator's filing of her Second Amended Complaint on June 13, 2016;

2.      Relator's federal claims under the False Claims Act alleged in Counts I, II, III, and IV are each barred as against Babich pursuant to 31 U.S.C. §3730 (e)(4)(A)(iii) by the prior publication of extensive news media publicly disclosing substantially the same allegations concerning Babich's involvement in Insys' alleged misconduct that is the basis for Relator's claims, which publications again occurred well before Relator's assertion of any *federal* claims against Babich in this action,

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1231607.03/LA

-2-
DEFENDANT MICHAEL BABICH'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

1  which did not occur until the Relator's filing of her Second Amended Complaint on
2  June 13, 2016;

3      3.      Relator's federal claims under the False Claims Act alleged in Counts I,
4  II, III, and IV are each barred as against Babich by the doctrine of *res judicata* given
5  the prior restitution proceedings between the United States and Babich in *United*
6  *States v. Babich*, No. 16-cr-10343 -ADB (D. Mass.) ("Boston Case"); and

7      4.      Relator's remaining State law claims alleged in Counts V through XXXV
8  as against Babich are each barred and subject to dismissal for lack of pendent
9  jurisdiction to the extent the Court dismisses Relator's federal law claims under the
10 False Claims Act as requested herein.

11     By this Motion, Babich further requests the opportunity to submit further
12 arguments and briefing to seek dismissal of this action as time-barred, after the
13 unsealing of the various applications and orders sealing documents in this case
14 between 2013 and when Babich was served in September 2020.

15     This Motion is based on this Notice of Motion and Motion, the accompanying
16 Memorandum of Points and Authorities, the Request for Judicial Notice and the
17 Declarations of Russell Piccoli and Zachary Rosenberg filed concurrently herewith,
18 the pleadings, papers and records on file in this action, and such oral argument as may
19 be presented at the time of hearing. This Motion is made following conferences of
20 counsel pursuant to L.R.7-3 which occurred in November and December 2020 as
21 further described in the Declaration of Russell Piccoli, concurrently submitted
22 herewith.

23 Dated: December 28, 2020                ALLEN MATKINS LECK GAMBLE
                                          MALLORY & NATSIS LLP
24                                        SCOTT J. LEIPZIG
                                          TIM C. HSU
25                                        ANDREW C. WHITMAN

26                                        By:        */s/ Tim C. Hsu*
27                                            TIM C. HSU
                                             Attorneys for Defendant
28                                           MICHAEL BABICH

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1231607.03/LA

-3-
DEFENDANT MICHAEL BABICH'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

# <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

I.    INTRODUCTION AND RELEVANT FACTS ...............................................8

II.   LEGAL STANDARD ...............................................................................11

III.  ARGUMENT ...........................................................................................11

    A.    31 U.S.C. §3730(e)(4) Bars Qui Tam Claims Where The Underlying Factual Allegations Comprising The Claims Have Been Previously Publicly Disclosed.........................................11

        1.   The Earlier Filing Of The 1st Co-Worker's Complaint Before The Commencement Of This Action Bars Each Of Relator's Federal Claims Asserted Against Babich .......................................................................................14

        2.   The Public Disclosure of Facts Underlying Relator's Federal Claims Against Babich Precludes Relator From Pursuing Such Claims In This Action.............................17

    B.    Relator's Federal Claims are Further Barred by Res Judicata ....................................................................................................19

    C.    To The Extent Necessary The Court Should Permit Additional Briefing As To Whether This Action Should Be Dismissed On Limitations Grounds After The Record Is Unsealed ..........................................................................................21

    D.    Relator's State Law Claims Should Also Be Dismissed ...................22

IV.   CONCLUSION ........................................................................................24

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1231607.03/LA

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Accord U.S. ex rel Siller v. Becton Dickinson & Co.*,
   21 F. 3d 1339 (4th Cir. 1994) ............................................................ 12, 13, 23

*Accord U.S. ex rel Solis v. Millennium Pharm., Inc.*,
   885 F. 3d 623 (9th Cir. 2018) .................................................... 13, 14, 15, 16

*Acri v. Varian Associates*,
   114 F. 3d 999 (9th Cir. 1997) ............................................................... 23

*C.D. Anderson & Co. v. Lemos*,
   832 F.2d 1097 (9th Cir. 1987) ............................................................. 19

*Constantini v. Transworld Airlines*,
   681 F. 2d 1199 (9th Cir. 1982) ............................................................ 19

*Geiger v. Allen*,
   850 F. 2d. 330 (7th Cir. 1988) .............................................................. 21

*Hayes v. Department of Education of New York*,
   20 F. Supp. 3d 438 (S.D.N.Y. 2014) .................................................... 22

*Herman Family Rev. Trust v. Teddy Bear*,
   254 F.3d 802 (9th Cir. 2001) ........................................................... 22, 23

*Lang v. FMC Corp.*,
   975 F. 2d 1412 (9th Cir. 1992) ............................................................ 18

*Pettis ex rel U.S. v. Morrison/Knudsen Co.*,
   577 F. 2d 668 (9th Cir. 1978) ............................................................. 14

*Prather v. AT&T, Inc.*,
   847 F.3d 1097 (9th Cir. 2017) ..................................................... 11, 18, 23

*San Pedro Hotel Co. v City of Los Angeles*,
   159 F. 3d 470 (9th Cir. 1998) ............................................................. 23

*Schindler Elevator Corp. v. United States ex rel Kirk*,
   563 U.S. 401, 131 S. Ct. 1885, 179 L.Ed. 2d 825 (2011) ...................... 12

*Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*,
   322 F. 2d 1064 (9th Cir. 2003) ....................................................... 20, 21

*U.S. ex rel Barajas v. Northrup Corp.*,
   147 F. 3d 905 (9th Cir.1998) ...................................................... 16, 19, 20, 21

*U.S. ex rel Dick v. Long Island Lighting Co.*,
   912 F. 2d 13 (2nd Cir. 1990) ......................................................... 12, 13

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1231607.03/LA

**Page(s)**

*U.S. ex rel Found. Aiding the Elderly v. Horizon W., Inc.,*
265 F. 3d 1011 (9th Cir. 2001) ........................................................ 14

*U.S. ex rel John Doe v. John Doe Corp.,*
960 F. 2d 318 (2nd Cir. 1992) ......................................................... 12

*U.S. ex rel Kreindler & Kreindler v. United Tech. Corp.,*
985 F.2d 1148 (2nd Cir. 1993) ........................................................ 12

*U.S. ex rel Mateski v. Raytheon Co.,*
816 F. 3d 565 (9th Cir. 2016) ...................................... 13, 14, 15, 16

*U.S. ex rel Meyer v. Horizon Health Corp.,*
565 F. 3d 1195 (9th Cir. 2009) ....................................................... 13

*U.S. ex rel Springfield Terminal Ry. v. Quinn,*
14 F.3d 645 (D.C. Cir. 1994) .................................................... 12, 23

*U.S. ex rel Stinson Etc. v. Prudential Insurance Co.,*
944 F.2d 1149 (3rd Cir. 1991) ........................................................ 12

*U.S. ex rel West v. Ortho-McNeil Pharm. Inc.,*
538 F. Supp. 2d 367 (D. Mass. 2008) ............................................. 18

*U.S. ex rel. Barrett v. Allergan, Inc.,*
2019 WL 4675756, at *5, 2019 U.S. Dist. LEXIS 165835 *13
(C.D. Cal. Sept. 24, 2019) .................................................. 13, 14, 18

*U.S. ex rel. Hussain v. CDM Smith, Inc.,*
2017 WL 4326523, at *3, 2017 U.S. District LEXIS 159538, *9
(S.D.N.Y. Sept. 27, 2017) ............................................................... 12

*U.S. v. Bd. of Trustees of the Leland Stanford Jr. Univ.,*
161 F. 3d 533 (9th Cir. 1998) ............................................. 13, 14, 18

*U.S. v. Shamir USA, Inc.,*
2020 WL 7087706, at *3, 2020, U.S. Dist. LEXIS 198531 *10
(C.D. Cal. Oct. 27, 2020) ................................................... 12, 13, 14

*United Mine Workers v. Gibbs,*
383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed. 2d. 218 (1966) .................. 23

*United States ex rel. Osheroff v. Humana, Inc.,*
776 F.3d 805 (11th Cir. 2015) ........................................................ 11

*United States vs. Baylor Univ. Medical Center,*
468 F. 3d. 263 (2nd Cir. 2006) ....................................................... 22

**Statutes**

3730 (e)(4)(A) ......................................................................... 13, 17

28 U.S.C. § 1367(c) ......................................................................... 23

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1231607.03/LA

-6-
DEFENDANT MICHAEL BABICH'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

**Page(s)**

28 U.S.C. § 1367(c)(1) ...................................................................... 23

28 U.S.C. § 1367(c)(2) ...................................................................... 23

28 U.S.C. § 1367(c)(3) ...................................................................... 23

28 U.S.C. § 1367(c)(4) ...................................................................... 23

31 U.S.C. § 3729............................................................................... 8

31 U.S.C. § 3730............................................................................... 23

31 U.S.C. § 3730(c)(5) ..................................................................... 19

31 U.S.C. § 3730(e) ................................................................... 11, 18

31 U.S.C. § 3730(e)(3) ...................................................................... 22

31 U.S.C. § 3730(e)(4) ............................................................... 11, 12

31 U.S.C. § 3730(e)(4)(A)..........................................................passim

31 U.S.C. § 3730(e)(4)(A)(i) .............................................................. 8

31 U.S.C. § 3730(e)(4)(A)(iii) ........................................................... 8

31 U.S.C. § 3730(e)(4)(B) ............................................................... 15

31 U.S.C. § 3730(e)(4)(B)(ii) .......................................................... 17

Cal. Gov't Code § 12652(d)(3)(A)................................................... 24

Cal. Gov't Code § 12654 .................................................................. 24

Del. Code Ann. tit. 6, § 1206(b) (West) ........................................... 24

N.M. Stat. Ann. § 27-14-1 ................................................................ 24

N.M. Stat. Ann. § 37-1-4 .................................................................. 24

**Other Authorities**

16 MOORE'S FEDERAL PRACTICE AND PROCEDURE §106.66[1] .............. 22

5B Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 357 .......... 11

6A Wright *et al*, FEDERAL PRACTICE AND PROCEDURE §1497.............. 22

**Rules**

Rule 12(b)(6)..................................................................................... 11

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

1231607.03/LA

-7-

DEFENDANT MICHAEL BABICH'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

1 <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2 **I.** <u>**INTRODUCTION AND RELEVANT FACTS**</u>

3    In her operative Third Amended Complaint, Relator Guzman alleges that Insys
4 Therapeutics, Inc. ("Insys"), and its various officers, including defendant Babich,
5 violated the False Claims Act, 31 U.S.C. §§ 3729, *et seq.*, by defrauding Medicare
6 into paying for a sublingual fentanyl spray marketed as "Subsys." According to her
7 allegations, Insys and its coconspirators carried out the fraudulent scheme in various
8 ways, but primarily by bribing doctors to prescribe Subsys and by improper off-label
9 marketing tactics. Dkt. No. 96 at ¶2. Based on these allegations, Relator commenced
10 this action in August 2013 and, years later on June 13, 2016, filed her Second
11 Amended Complaint, asserting, for the first time, federal claims against Babich under
12 the False Claims Act. Dkt. Nos. 1, 33, *passim*. However, each of Relator's belatedly-
13 asserted federal claims against Babich are subject to dismissal under 31 U.S.C.
14 § 3730(e)(4)(A), which bars such claims "if substantially the same allegations or
15 transactions as alleged in the action or claim were publicly disclosed" in earlier
16 criminal, civil, or administrative proceedings or through the news media, which is
17 exactly what occurred here.  31 U.S.C. §§ 3730(e)(4)(A)(i) and (iii).

18    Specifically, on September 28, 2012 (*nearly a year prior to the filing of her*
19 *initial complaint*), one of Relator's co-workers, Ray Furchak, filed a virtually identical
20 action (the "1st Co-Worker Complaint") on behalf of the United States and various
21 other states in the Southern District of Texas, entitled *U.S. ex rel Furchak v. Insys*
22 *Therapeutics, Inc., et al.,* No. 4:12cv02930 (September 28, 2012, S.D. Tex.).  See
23 Request for Judicial Notice ("RJN"), Ex. A. Relator was mentioned by name in the 1st
24 Co-Worker Complaint. RJN, Ex. A at ¶ 89.  Almost a year later on August 12, 2013,
25 Relator filed her own complaint. Dkt. No. 1. Identically to her first co-worker (*see*
26 RJN Ex. A at ¶¶ 91, 99, and 101–05), she alleged that Insys had violated the False
27 Claims Act by a "kickback-fueled off-label marketing campaign." Dkt. No. 1 at ¶ 92.
28 But she neither named nor made any claims against Babich. *Id.*

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

1231607.03/LA

-8-
DEFENDANT MICHAEL BABICH'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

Shortly thereafter, between 2013 and June 2016, Insys' alleged fraud was widely publicized in the media by no less than nineteen articles, including two exposes in the *New York Times*. RJN Exs. I-AA. At least eight of these articles specifically mentioned Babich including one article indicating that the publication had "left a voice message for Insys CEO Michael Babich and sent an email with a series of questions. He did not reply." RJN, Ex. N. Significantly, these publications were made *prior to* Relator's filing of her Second Amended Complaint that first alleged any federal claims against Babich.  Likewise, on May 6, 2014 (again, prior to Relator's assertion of any federal claims against Babich), another of Relator's co-workers filed a separate action against Babich and others in this Court, entitled *U.S. Ex rel. John Doe v. Insys Therapeutics Inc. et al.*, No. CV14-3488 PSG (May 6, 2014, C.D. Cal.) ("CV14-3488"), alleging that Babich and the other defendants "have since at least June 2013 engaged in off-label marking [sic] and an unlawful kickback scheme" defrauding Medicare and Medicaid. RJN Ex. C at ¶37.  On November 5, 2015, CNBC publicly reported that Babich, as "CEO of controversial drug company Insys[,] is out." RJN, Ex. U.

It was not until ***after*** the CNBC article was published that Relator (who had left Insys two and half years earlier, Dkt. No. 96 at ¶ 12) first named Babich as a defendant to this action by her First Amended Complaint on November 16, 2015. Dkt. No. 26. Not surprisingly, the First Amended Complaint's key allegations with respect to Babich were on "information and belief" and, importantly, did not allege any federal claims against Babich under the False Claims Act. *Id.* at ¶¶ 122, 160, 162. Specifically, the First Amended Complaint asserted federal claims only as against "Defendant" in the singular, which was defined as Insys.[1] *Id.* at ¶¶ 51, 55, 57, 59.

---

[1]   Relator's sloppily filed First Amended Complaint, which ends at page 95 and appears to be missing its remaining pages (including further allegations and any prayer for relief), appears to lift substantive allegations directly from another action entitled *Larson v. Insys Therapeutics, Inc. et al*, No. CV-14-01043-GMS (D. Ariz.). *Compare* Dkt. No. 26 at ¶¶ 52, 54 and 237, and RJN Ex. D at ¶¶ 91, 237.  Again, the *Larson* action asserts substantially the same fraudulent scheme as against Insys and

1    Subsequently, Insys' alleged fraud was further extensively reported in the
2    media, with no less than four of those articles directly linking Babich to the
3    misconduct. RJN, Exs. V, W, Y, AA. On February 2, 2016, Babich was again sued
4    for his purported role in the fraud in an action entitled *DiDonato v. Insys Therapeutics,*
5    *Inc., et al,* No. 2:16-cv-00302-NVW (February 2, 2016, D. Ariz.). RJN, Ex. H. That
6    action specifically alleged that Insys "was engaged in the illegal and improper off-
7    label marketing of Subsys . . . [and] Babich [was] complicit in [the] illegal kickback
8    scheme." *Id.* at ¶40.  It was not until ***four months later*** that Relator finally filed her
9    Second Amended Complaint, asserting federal claims against Babich pursuant to the
10   federal False Claims Act. Dkt. No. 33 at ¶¶ 268–81, 289, 296, 311–12.

11   Subsequent to the filing of Relator's complaint, the seal Order was extended
12   approximately twelve[2] times and was only partially lifted on May 11, 2018. Dkt. No.
13   69. However, no effort was made to serve Defendant Babich until August 2020, which
14   service was not completed until September 2020.  Dkt. No. 122.

15   Although the United States and various states have intervened in this action
16   against Insys (*e.g.* Dkt. Nos. 68 and 85), neither the United States nor any state has
17   intervened in the action against Babich. As such, any claims against Babich are only
18   brought by Relator on behalf of the various governments.

19   In the meantime, the United States proceeded to attempt to obtain a
20   restitutionary award of $306,428,302.22 in a separate criminal proceeding, *United*
21   *States v. John Kapoor, et al.*, No. 16-cr-10343 -ADB (D. Mass.) (the "Boston Case"),
22   in which Babich pled guilty and testified for the Government. RJN Ex. F. The
23   indictment and information in the Boston Case again alleged a widespread fraud
24   similar to that asserted here. RJN Ex. E. Through the Boston Case, the United States

25

26   _____

27   Babich and, importantly, was commenced *before* Relator alleged any claims against Babich under the federal False Claims Act through her Second Amended Complaint.
     [2]   Because much of the record remains sealed, Babich infers from what little is
28   publicly available that the following orders were to extend the seal: Dkt. Nos. 10, 16, 18, 21, 25, 30, 32, 36, 46, 55, 58, and 61.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1231607.03/LA

-10-

DEFENDANT MICHAEL BABICH'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

1  specifically sought a total of $136,768,059 in restitution award for all the losses

2  sustained by it through alleged fraud on the Medicare program. RJN Ex. F. However,

3  because the Government had not established the entire amount with certainty, the

4  Court in the Boston Case awarded the United States only $56,686,731.53 in

5  restitution, including $30,232,895 for damages due to Medicare fraud, and as against

6  Babich jointly and severally. RJN Ex. G.

7  **II.**     **LEGAL STANDARD**

8          Where an action is barred by statute, it is subject to dismissal under Rule

9  12(b)(6). 5B Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 357. Following

10  the 2010 amendments to 31 U.S.C. § 3730(e) "the public disclosure bar is a grounds

11  for dismissal — effectively an affirmative defense — rather than a jurisdictional bar."

12  *Prather v. AT&T, Inc.*, 847 F.3d 1097, 1102 (9th Cir. 2017). Consequently, "the

13  amended § 3730(e)(4) creates grounds for dismissal for failure to state a claim . . . ."

14  *Id.* (*quoting United States ex rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 810 (11th

15  Cir. 2015)).

16  **III.**     **ARGUMENT**

17          A.     **31 U.S.C. §3730(e)(4) Bars Qui Tam Claims Where The Underlying**

18                 **Factual Allegations Comprising The Claims Have Been Previously**

19                 **Publicly Disclosed.**

20  31 U.S.C. §3730 (e)(4) provides in pertinent parts that:

21                 (A) The court shall dismiss an action or claim under this
                   section, unless opposed by the Government, if substantially
22                 the same allegations or transactions as alleged in the action
                   or claim were publicly disclosed—
23                 (i) in a Federal criminal, civil, or administrative hearing in
                   which the Government or its agent is a party
24                 …
                   (iii) from the news media,
25
                   unless the action is brought by the Attorney General or the
26                 person bringing the action is an original source of the
                   information.
27
                   (B) For purposes of this paragraph, "original source" means
28                 an individual who either (i) prior to a public disclosure
                   under subsection (e)(4)(a), has voluntarily disclosed to the

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1231607.03/LA

-11-

DEFENDANT MICHAEL BABICH'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

Government the information on which the allegations or transactions of the claim are based, or (ii) [(ii)] who has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions, and who has voluntarily provided the information to the Government before filing an action under this section.

In this manner, "[s]ection 3730 (e)(4) is intended to bar "parasitic lawsuits" based upon publicly disclosed information in which would-be relators "seek renumeration although they contributed nothing to the exposure of the fraud." *U.S. ex rel Kreindler & Kreindler v. United Tech. Corp.* 985 F.2d 1148, 1157 (2nd Cir. 1993), *quoting U.S. ex rel John Doe v. John Doe Corp.* 960 F. 2d 318, 319 (2nd Cir. 1992). *Accord U.S. ex rel Siller v. Becton Dickinson & Co.* 21 F. 3d 1339, 1348 (4th Cir. 1994); *U.S. ex rel Springfield Terminal Ry. v. Quinn* 14 F.3d 645, 651 (D.C. Cir. 1994); *U.S. ex rel Stinson Etc. v. Prudential Insurance Co.*, 944 F.2d 1149, 1154 (3rd Cir. 1991); *U.S. v. Shamir USA, Inc.*, 218CV09426RGKPLA, 2020 WL 7087706, at *3, 2020, U.S. Dist. LEXIS 198531 *10 (C.D. Cal. Oct. 27, 2020). Consequently, "[t]he Supreme Court has construed this [public disclosure] provision broadly, "consistent with the generally broad scope of the FCA's public disclosure bar." *U.S. ex rel. Hussain v. CDM Smith, Inc.*, 14-CV-9107 (JPO), 2017 WL 4326523, at *3, 2017 U.S. District LEXIS 159538, *9, (S.D.N.Y. Sept. 27, 2017), *quoting Schindler Elevator Corp. v. United States ex rel Kirk,* 563 U.S. 401, 408, 131 S. Ct. 1885, 179 L.Ed. 2d 825 (2011); *ex rel Shamir* at *11.

"The Second Circuit has held that 'allegations of fraud are publicly disclosed when they are placed in the 'public domain.'" *ex rel Hussain* at *9, *quoting U.S. ex rel Dick v. Long Island Lighting Co.,* 912 F. 2d 13, 18 (2nd Cir. 1990). "[A]n entire civil proceeding can constitute "a hearing" for purposes of section 3730 (e)(4)(A)." *Ex rel Siller*, 21 F. 3d at 1350; *ex rel Springfield Terminal Ry.*, 14 F. 3d at 652 ("we agree with the District Court that for purposes of §3730 (e)(4)(A), "hearing" is roughly synonymous with "proceeding"); *ex rel Doe*, 960 F. 2d at 322 ("allegations of fraud are publicly disclosed when they are placed in the "public domain"); *ex rel Stinson*

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

1231607.03/LA

-12-
DEFENDANT MICHAEL BABICH'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

944 F. 2d at 1155-56 ("allegations and information disclosed in connection with civil, criminal or administrative litigation"); *ex rel Dick,* 912 F. 2d at 18 ("allegations of fraud which are placed in the "public domain").

This same broad analysis holds true in the Ninth Circuit, where *qui tam* actions are barred if factual basis for the asserted claims have already been publicly disclosed. As explained by the Ninth Circuit in interpreting a prior version of the same statute under section 3730(e)(4)(A):

> [I]f at the time a relator files a *qui tam* complaint, the allegations or transactions of the complaint have been publicly disclosed, then the allegations are "based upon" the publicly disclosed information, and the relator must show that he is an original source of the information in order for a district court to have jurisdiction over the lawsuit.

*U.S. v. Bd. of Trustees of the Leland Stanford Jr. Univ.*, 161 F. 3d 533, 540 (9th Cir. 1998) ("*Stanford Trustees*").   In sum, pursuant to the established authorities, factual allegations asserted in previously-filed actions are "for purposes of section 3730 (e)(4)(A), [considered] publicly disclosed in a civil "hearing". *ex rel Siller*, 21 F. 3d at 1350.

In addition, under Ninth Circuit law, when analyzing whether a relator's claim is based upon a prior public disclosure (and thus barred), "the publicly disclosed facts need not be identical with, but only substantially similar to, the relator's allegations." *U.S. ex rel Mateski v. Raytheon Co.* 816 F. 3d 565, 573 (9th Cir. 2016), *quoting U.S. ex rel Meyer v. Horizon Health Corp.* 565 F. 3d 1195, 1199 (9th Cir. 2009) (additional citation omitted).  *Accord U.S. ex rel Solis v. Millennium Pharm., Inc.,* 885 F. 3d 623, 623 (9th Cir. 2018); *Shamir* at *13; *U.S. ex rel. Barrett v. Allergan, Inc.*, SACV18203JVSKESX, 2019 WL 4675756, at *5, 2019 U.S. Dist. LEXIS 165835 *13 (C.D. Cal. Sept. 24, 2019). "'[T]he substance of the [prior] disclosure…need not contain an explicit "allegation" of fraud, so long as the material elements of the allegedly fraudulent "transaction" are disclosed in the public domain.'" *ex rel Mateski*, 816 F. 3d at 571, *quoting U.S. ex rel Found. Aiding the Elderly v. Horizon W., Inc.,*

265 F. 3d 1011, 1014 (9th Cir. 2001). For purposes of applying a bar to later-brought *qui tam* actions under section 3730(e)(4)(A), the prior disclosure is substantially similar where it provides the Government sufficient notice "to enable it to adequately investigate the case and to make a decision whether to prosecute." *Pettis ex rel U.S. v. Morrison/Knudsen Co.,* 577 F. 2d 668, 674 (9th Cir. 1978); *ex rel Solis*, 885 F. 3d at 626; *Shamir*, *13-14.

In other words, in order for a later-filed action to escape dismissal by a prior, public disclosure of similar facts, the claims asserted in the later-filed action must be "different in kind." *Ex rel Mateski*, 816 F. 3d at 578; *ex rel Barrett* *14. On the other hand, a later-filed action must be dismissed pursuant to section 3730(e)(4)(A) "when the claim repeats allegations that have already been disclosed." *Stanford Trustees*, 161 F. 3d at 536.

1.  The Earlier Filing Of The 1st Co-Worker's Complaint Before The Commencement Of This Action Bars Each Of Relator's Federal Claims Asserted Against Babich.

Here, the 1st Co-Worker Complaint makes "substantially the same allegations [and] transactions as alleged" in Relator's original complaint. Compare RJN Ex. A with Dkt. No. 1. More specifically, as stated, Relator's 1st Co-worker alleged that Insys perpetrated a scheme to defraud Medicare by bribing doctors with excessive speaker fees (RJN Ex. A at ¶ 91), illegally marketing off-label (*Id.* at ¶ 100), improperly targeting non-cancer specialists (*id.* at ¶¶ 99, 102–05) and wrongfully causing doctors to overtitrate their patients (*id.* at ¶¶ 99, 109–13). Relator's original complaint similarly alleged that Insys had violated various federal laws and had defrauded Medicare by "a kickback-fueled off-label marketing campaign to induce doctors to prescribe Insys' drugs Subsys." Dkt. No. 1 at ¶ 2. Like her first co-worker, she specifically alleged that the scheme included targeting non-oncologist pain specialists (*Id.* at ¶166) and wrongfully encouraged doctors to overtitrate their patients. *Id.* at ¶218. Such facts are identical to those alleged in the 1st Co-Worker Complaint which

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1231607.03/LA

-14-
DEFENDANT MICHAEL BABICH'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

was filed more than a year before Relator initiated this action. See RJN, Ex. A at ¶¶ 91, 100, 102-105, 109–113 and 123. Thus, the scheme alleged by Relator's initial complaint was essentially identical to, and certainly not "different in kind" than that alleged by her first co-worker. *ex rel Mateski*, 816 F.3d 578, 580. Furchak's 1st Co-worker's Complaint was "substantially similar…as its" prior public disclosure put the Government "on notice to investigate the fraud before [Relator] filed [her] complaint." *ex rel Solis*, 885 F. 3d at 625, *quoting ex rel Mateski*, 816 F. 3d at 574.

The allegations in the 1st Co-Worker Complaint were "publicly disclosed" a year prior to Relator commencing this action. RJN Ex. A. The 1st Co Worker's allegations asserted concerning the same underlying fraud alleged perpetrated by Insys were immediately brought to the Government's attention. RJN Ex. B. Relator's first co-worker also sued on behalf of the Government in his *qui tam* action, just as Relator did here. RJN Ex. A. Accordingly, this action must be dismissed unless Relator can show she is an original source of the allegations within the purview of §3730(e)(4)(B). But she is not.

To satisfy the first method of becoming an original source, Relator would have had to have disclosed the relevant information to the Government prior to the filing of the 1st Co-Worker Complaint. However, as admitted in her most recent pleading, she only made disclosure to the Government before she filed her original complaint on August 12, 2013 (Dkt. No. 96 at ¶ 7) and presumably only *after* she was fired by Insys the month prior. *Id.* at ¶ 12. In any case, there is nothing in any of Relator's pleadings to indicate she had furnished the government with any such information prior to the time similar underlying allegations of Insys' fraud were publicly disclosed through the 1st Co-Worker's action.

Relator can similarly not qualify as an original source under the second alternative provision either. While she presumably had independent knowledge of Insys' fraud and alleges that she voluntarily provided information to the Government before filing her action (*Id.* at ¶ 7), a simple comparison of her allegations to those of

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1231607.03/LA

-15-

DEFENDANT MICHAEL BABICH'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

her Co-Worker demonstrates that she did not "materially add [to][her Co-Worker's] publicly disclosed allegations or transactions." §3730(e)(4)(B)(ii). Rather, both Relator's and her Co-Worker's complaints allege that Insys and the others defrauded the United States and Medicare by essentially the same acts: "Insys' nationwide kickback scheme and off-labeling marketing strategies." RJN Ex. A at ¶¶ 34–44; Dkt. No. 1 at ¶¶ 2–3.

If Relator added anything different through her complaint, it was only *de minimus* allegations to the effect that Insys had furthered its off-labeling marketing practices by assisting two doctors in making three insurance claims. *Id.* at ¶¶ 246–48. But Relator's first co-worker had already alleged that doctors had made fraudulent insurance claims as a result of Insys' alleged fraud. RJN Ex. A at ¶¶ 103, 132. Plainly, that allegation was sufficient to "put the Government on notice to investigate [Insys' role in the fraudulent claims] before [Relator] filed [her] complaint." *Ex rel Solis*, 885 F. 3d at 625, *quoting ex rel Mateski,* 816 F. 3d at 574. Furthermore, in the Ninth Circuit, the addition of such additional details is insufficient to escape the statutory bar of the earlier public disclosure. *U.S. ex rel Barajas v. Northrup Corp.*, 147 F. 3d 905, 910 (9th Cir.1998). As stated by the Ninth Circuit:

> Application of "same transactional nucleus of fact," is quite clear here. While *Barajas* is plainly correct, it is one thing to have fluid that gums up in the cold, and another to lie about whether the fluid was tested for gumming up, both wrongful acts arise out of the same attempt to get paid for flight data transmitter not up to specifications. ***The recovery in qui tam case is not for each false statement or bad act done to the government; it is for "a false or fraudulent claim for payment or approval".***

*Id.* 147 F. 3d at 910 (emphasis added). And any reasonable analysis of Relator's operative Third Amended Complaint makes it absolutely clear she added nothing material "to the publicly disclosed allegations [and] transactions" asserted the year before by her first co-worker. Relator's 111-page complaint is bloated with 541 paragraphs, 266 of which provide the background for her 38 claims for relief. Dkt.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

1231607.03/LA

-16-

DEFENDANT MICHAEL BABICH'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

No. 96. Yet, less than two pages of it (*Id.* at ¶¶ 25–26) and at most four of its operative paragraphs (*Id.* at ¶172–75) actually relate to any insurance claims that may not have been previously asserted by Relator's first co-worker. These *de minimus* allegations are not legally material within the purview of §3730(e)(4)(B)(ii), and do not save Relator's belatedly alleged federal claims from dismissal.

Simply put, even if Relator's original complaint asserted federal "claims" against Babich, which it did not, Relator is barred from such claims because "substantially the same allegations or transactions as alleged" were already publicly disclosed in another *qui tam* action filed by Relator's first co-worker, and because Relator is not an original source of anything material which had not already been previously disclosed.

      2.    The Public Disclosure of Facts Underlying Relator's Federal Claims Against Babich Precludes Relator From Pursuing Such Claims In This Action.

As indicated previously, section 3730 (e)(4)(A) mandates in pertinent part that "[t]he court shall dismiss an action **or claim…,** if substantially the same allegations or transactions as alleged in the….claim were publicly disclosed—….. unless the action is brought by the Attorney General or the person bringing the action is an original source of the information" (emphasis added). Here, Relator did not assert any federal "claims" against Babich until her Second Amended Complaint was filed on June 13, 2016. Dkt. No. 33 at ¶¶ 268–81, 289, 296, 311–12. However, by that time—in addition to both her co-worker's complaints — Insys' purported fraud had been the subject of no less than nineteen news articles — inclusive of two *New York Times* exposes — extensively publicizing Insys' alleged fraud. RJN Exs. J, K. At least ten of those articles linked Babich to the alleged fraud by name. RJN Ex. I, J, L, N, P, U, W, X, Y, AA. Eleven days immediately prior to Relator's even joining Babich (without making any federal claim against him), CNBC publicly reported that the "controversial CEO" Babich had been fired by Insys. RJN Ex. U. Put simply, prior to

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1231607.03/LA

-17-

DEFENDANT MICHAEL BABICH'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

1  Relator's joinder of Babich in this action, "substantially the same allegations and
2  transactions [Relator alleged]" against Babich had been ***"publicly disclosed" in the***
3  ***"news media," CV14-3488, and Di Donato, supra.***[3]

4       Consequently, although this is no longer jurisdictional (*Prather*, 847 F.3d at
5  1102) where the "relator's lawsuit is based upon public disclosure, then the district
6  court . . . [now must dismiss] unless the relator is an original source." *Stanford*
7  *Trustees,* 161 F. 3d at 538. "To be an original source the relator must have "direct and
8  independent knowledge of the information on which the allegations are based"…" *Id.*;
9  *ex rel Barrett*, at *18. The Ninth Circuit has held that a person has "direct and
10 independent knowledge of the problem [where] "he saw [it] with his own eyes" and
11 his knowledge was "unmediated by anything but [his] own labor." *United States ex*
12 *rel. Devlin v. California*, 84 F.3d 358, 361 (9th Cir. 1996), *quoting Lang v. FMC*
13 *Corp.*, 975 F. 2d 1412, 1417 (9th Cir. 1992). "An allegation 'on information and belief'
14 is insufficient to meet the burden of demonstrating 'direct and independent'
15 knowledge." *U.S. ex rel West v. Ortho-McNeil Pharm. Inc.,*538 F. Supp. 2d 367, 385
16 (D. Mass. 2008).

17       Here, however, there is nothing in any of Relator's pleadings indicating her to
18 have been an independent source of any of the information upon which her "claims"
19 against Babich are based. Indeed, her pleadings show just the opposite. Relator
20 concedes she was fired by Insys until July 2013. Dkt. No. 96 at ¶ 12. Her first "claim"
21 against Babich was not made until three and half years later—and after she had no
22 basis to gain any *independent* knowledge of anything against Babich.

23       At bottom, Relator's action is the type of "parasitic complaint" which section
24 3730(e) was explicitly designed to bar. Relator did not disclose anything new to the
25 Government about Babich which had not previously been made publicly available.

26

27 ─────────────────
   [3]   Additionally, beyond the similar allegations of Guzman's two co-workers'
28 complaints the alleged underlying fraud had also been publicly disclosed in *Larson*.
   RJN Ex. D.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1231607.03/LA

-18-
DEFENDANT MICHAEL BABICH'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

She plainly is not an original source of any information to underpin the claim against Babich. She was fired by Insys over two and a half years prior to the time she joined him in her claim. Remarkably, she only first "joined" Babich a year after her second coworker had already sued him in this Court — and eleven (11) days after the "controversial CEO" had been fired by Insys and the whirlwind of news media trumpeting Insys' purported fraud. But she never asserted any "claim" against Babich until more news articles and yet another federal action linked him to Insys' alleged fraud were publicly disclosed. Such delay dooms Relator's federal claims against Babich to dismissal.

### B.   Relator's Federal Claims are Further Barred by Res Judicata.

31 U.S.C. §3730(c)(5) provides that notwithstanding a private *qui tam* action, "the Government may elect to pursue its claim through any alternate remedy available to" it. The Ninth Circuit has explicitly held *res judicata* may apply to bar a *qui tam* action:

> Res judicata bars re-litigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action between the parties, where the previous action was resolved on the merits. *Constantini v. Transworld Airlines*, 681 F. 2d 1199, 1201 (9th Cir. 1982) It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought. *C.D. Anderson & Co. v. Lemos,* 832 F.2d 1097, 1100 (9th Cir. 1987).

*ex rel Barajas,* 147 F. 3d at 908.  Based on this doctrine, and after the Government has litigated its claims against the defendant, a relator is barred from seeking the same recovery in a *qui tam* suit as the relator's "standing is in the nature of an assignee of the Government's claim." *Id.* at 910. "Once the Government recovers its money it paid on a false invoice, plus penalties, or releases its claim, there is no more to be recovered by anyone, because only the government can have a claim for the false claim made by the Government." *Id.* "[D]ifferent theories supporting the same claim for relief must be brought in the initial action, because a single "transaction", or nucleus of

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1231607.03/LA

-19-

DEFENDANT MICHAEL BABICH'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

operative fact, gives rise to only one claim by one person against another." *Id.* At bottom, however, *res judicata* bars all claims which properly "could have been brought" in the prior action. *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 322 F. 2d 1064 (9th Cir. 2003), *quoting ex rel Barajas*, 147 F. 3d at 909.

Here, the Government sought restitution of over $300,000,00 against Babich in the Boston Case, inclusive of a request for reimbursement for Insys' fraud of Medicare in the amount of $136,768,059. RJN Ex. F. Ultimately the Massachusetts Court awarded the Government restitution of $56,686,731.53, including $30,232,895 for Medicare. RJN Ex. G. at 17. A review of the Massachusetts court's order indicates that the Government's full request for restitution to Medicare was denied, at least in part, because the Government didn't (or couldn't) establish its claimed damages with any accuracy:

> The Defendants assert that the Government cannot rely on the unproved assumption that every claim processed by the [Insys Reimbursement Center] was illegitimate…and the Government here ***agrees that it cannot prove that every call that went through the IRC was fraudulent…***Further, although some of the off-labeled prescriptions were undoubtedly authorized as a result of misrepresentations made by the [Insys Reimbursement Center], the fact that Subsys was prescribed off-label is in and of itself insufficient to establish that a prescription was fraudulent. Like the jury, the Court "may not conclude that a particular prescription was outside usual course professional practice, not for a legitimate medical purpose, or in violation of a health care practitioner's fiduciary duty solely because it was prescribed for an off-label use"…likewise the mere fact that a call came from the [Insys Reimbursement Center] is insufficient to establish that it was fraudulent as the Court explained to the jury, "[e]stablishing such a department [sic] if done in accordance with applicable law, is ….not in and of itself illegal"..
>
> In order to accurately evaluate the entire amount of victims' losses in this case, the Court would need to review [significant information which the Government had not presented to it].

*Id.* at 9–10 (emphasis added). Plainly, while the Massachusetts Court indicated the significant amount of work necessary to calculate the full restitution amount, its

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1231607.03/LA

-20-

DEFENDANT MICHAEL BABICH'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

1  decision makes clear that the Government failed to present it with the proper

2  information to make that calculation. *Id.* Notwithstanding that the Government did

3  not recover the full amount of restitution it sought, such is not relevant to the inquiry

4  of whether Relator's claims are barred by *res judicata*.  As the Ninth Circuit has

5  repeatedly held, for *res judicata* purposes "the relevant inquiry is whether [the

6  detailed proof] could have been brought." *Tahoe Sierra*, 322 F.3d at 1078; *ex rel*

7  *Barajas*, 147 F. 3d at 909.

8      Here, the Government sought restitution of over $300,000,000 in the Boston

9  Case, including $136,768,059 to compensate for the losses sustained by Medicare.

10  RJN Ex. F. While it failed to properly establish entitlement to obtain the entire amount

11  sought, there is no dispute the Government obtained a substantial restitution award of

12  $30,232,895. RJN Ex. G. Even (implausibly) assuming that Relator could somehow

13  establish losses to Medicare exceeding the over $30 million already awarded to the

14  Government in restitution for the fraud against Medicare,[4] the Government already

15  made its recovery in the Boston Case. Relator's claims brought on behalf of the

16  Government for the same harm to Medicare is thus barred by *res judicata* as it seeks

17  the same recovery that the Government has already obtained. *Tahoe Sierra, Inc.*, 322

18  F. 3d at 1078; *ex rel Barajas*, 147 F. 3d at 989.

19  C.  **To The Extent Necessary The Court Should Permit Additional**

20      **Briefing As To Whether This Action Should Be Dismissed On**

21      **Limitations Grounds After The Record Is Unsealed.**

22      The filing of an action does not toll the statute of limitations unless it is timely

23  served pursuant to Rule 4. *See, e.g.*, *Geiger v. Allen*, 850 F. 2d. 330, 334 (7th Cir.

24  1988).  Additionally, at least for relation back purposes, the well settled "touchstone"

25  "is notice, i.e., whether the original pleading gave a party 'adequate notice of the

26  conduct, transaction, or occurrence that forms the basis of the claim or defense.'"

27

28  [4]  Guzman's allegations of wrongdoing only extend through 2013 and the
    Government sought damages through 2017. RJN Ex. F.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

1231607.03/LA

-21-

DEFENDANT MICHAEL BABICH'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

1   *United States vs. Baylor Univ. Medical Center*, 468 F. 3d. 263, 270 (2nd Cir. 2006),

2   *quoting 6A Wright et al,* FEDERAL PRACTICE AND PROCEDURE §1497. While

3   §3730(e)(3), provides "for extensions of time which the complaint remains under

4   seal," nothing in the statute provides for any tolling of the limitations for many years

5   where the Government seeks one extension after another — and certainly not where

6   the extensions exceed the limitations periods themselves.   Yet, numerous federal

7   courts have held that the filing, not the unsealing of a *qui tam*  complaint tolls the

8   statute of limitations, at least where "plaintiff applied for and received from the court

9   an extension to serve defendant." *Hayes v. Department of Education of New York*, 20

10  F. Supp. 3d 438, 445 (S.D.N.Y. 2014).

11         However, the Ninth Circuit has not definitively resolved the question as to

12  whether—or under what circumstances—the mere filing of an unserved *qui tam*

13  complaint may toll applicable statute of limitations. More specifically, a diligent

14  search of Ninth Circuit authorities does not show any definitive rule governing

15  whether an unserved action tolls applicable limitations periods, particularly where the

16  Government actively attempts to recover on the same claim simultaneously in another

17  court, as the Government did here in the Boston Case. Nevertheless, to the extent that

18  this question may be resolved, it should be done on a full record. Babich has

19  concurrently moved to unseal all of the applications and orders to maintain seal of

20  this action from its initial filing in 2013 through when Relator first attempted to serve

21  Babich in August 2020. The contents of those applications and orders may bear

22  directly on limitations. Further briefing ought to be permitted after the seal is lifted.

23         D.      **Relator's State Law Claims Should Also Be Dismissed.**

24         "If the federal claim [is] dismissed for lack of subject matter jurisdiction, a

25  district court has no discretion to retain the supplemental claims for adjudication….

26  and must dismiss the state law claims without prejudice." *Herman Family Rev. Trust*

27  *v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001), *quoting 16 MOORE'S FEDERAL*

28  *PRACTICE §106.66[1].* "Pursuant to the supplemental jurisdiction statute, when a

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1231607.03/LA

-22-

DEFENDANT MICHAEL BABICH'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

district court dismisses on the merits a federal claim over which it had original jurisdiction, it may then decline to exercise supplemental jurisdiction over the remaining state claims, subject to the factors set forth in [28 U.S.C.] § 1367 (c)(1) – (4)". *Herman Family Trust*, 254 F. 3d at 805; *Acri v. Varian Associates* 114 F. 3d 999, 1000 (9th Cir. 1997) ("[S]tate law claims "*should*" be dismissed if federal claims are dismissed before trial as [United Mine Workers v.] *Gibbs¸* [383 U.S. [715] at 726. 86 S.Ct. [1130] at 1139, 16 L.Ed. 2d. [218] at 228 [(1966)] instructs."). In relevant parts, 28 U.S.C. §1367(c) provides that:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if —
>
> (1) the claim raises a novel or complex issue of State law,
> (2) the claims substantially predominates over the claim or claims over which the district court has original jurisdiction, [and]
> (3) the district court has dismissed all claims over which it has original jurisdiction….

"Under this statute, a district court can decline jurisdiction under any one of four provisions." *San Pedro Hotel Co. v City of Los Angeles*, 159 F. 3d 470, 478 (9th Cir. 1998).

Here, while the majority of the *qui tam* dismissals for prior disclosure were for lack of jurisdiction (*see e.g. ex rel Siller*, 21 F.3d at 1347; *ex rel Springfield Terminal Ry.* 14 F.3d at 652), the statutory language of 31 U.S.C. §3730 has been subsequently amended. Consequently, now, a dismissal under current §3730(e)(4)(A) is on the merits. *Prather*, 847 F.3d at 1102. However, even where the dismissal of Relator's federal claims may be on the merits, this Court still retains broad discretion to dismiss each of the remaining pendent state-court claims. As the Ninth Circuit observed in *Acri* and the Supreme Court in *Gibbs*, "state law claims "*should*" be dismissed if federal claims are dismissed before trial," and a dismissal of the federal claims in this case strongly militates in favor of a dismissal of state claims. *Acri*, 114 F.3d at 1000.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

1231607.03/LA

-23-

DEFENDANT MICHAEL BABICH'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

Furthermore, this Court should also decline to exercise supplemental jurisdiction over the state court claims even if it does not dismiss Relator's federal claims. For one, each of the state-court claims raise "novel [and] complex issue[s] of State law" including a labyrinth of limitation and public notice issues—which necessarily differs greatly from state to state.[5] Moreover, the state claims "substantially predominate over the [four federal] claims over which the district court ha[d] original jurisdiction." To be sure, Relator has raised claims on behalf of twenty-four states, three counties, and one municipality, whereas there are only four federal claims asserted against Babich (Counts I through IV). Resolution of these state claims would thus require the application of the laws of twenty-four other states and thousands of transactions not concerned with the federal claims. Accordingly, whether Relator's federal claims are dismissed for lack of jurisdiction or on the merits or both, this Court should decline to exercise supplemental jurisdiction over the multitude of Relator's state, county and municipal claims.

## IV.    **CONCLUSION**

For the reasons set forth herein, Babich respectfully requests the Court grant this Motion and enter an order dismissing all claims against Babich, specifically Counts I, II, III, and IV, with prejudice, and Counts V through XXXV, without prejudice.

---

[5]   For example, there are at least 3 different statutes of limitation related to the state claims. *Compare, e.g.*, Cal. Gov't. Code § 12654 (California False Claim Act Statute of Limitation is 6 years from the date of the act, 3 years from discovery, not more than 10 years after the act); *with* N.M. Stat. Ann. §§ 27-14-1, 27-14-13, 37-1-4 (West) (New Mexico False Claim Act subject to general four-year limitations period); N.Y. State Fin. Law § 192 (New York False Claims Act subject to 10-year statute of limitation from date of the act). Further, there are at least two versions of statutory bars similar to 31 U.S.C. §3730 (e)(4)(A) that apply to the state claims. *Compare, e.g.*, Cal. Gov't Code § 12652(d)(3)(A) (West); *with* Del. Code Ann. tit. 6, § 1206(b) (West).

1  Dated:  December 28, 2020

2

3

ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
SCOTT J. LEIPZIG
TIM C. HSU
ANDREW WHITMAN

4

By: _____ */s/ Tim C. Hsu*_____

5

6

TIM C. HSU
Attorneys for Defendant
MICHAEL BABICH

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1231607.03/LA

-25-

DEFENDANT MICHAEL BABICH'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT