SCOTT J. LEIPZIG (BAR NO. 192005)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
1901 Avenue of the Stars, Suite 1800
Los Angeles, California 90067-6019
Phone:  (310) 788-2400
Fax:  (310) 788-2410
E-Mail:  sleipzig@allenmatkins.com

Attorneys for Defendant

TIM C. HSU (BAR NO. 279208)
ANDREW C. WHITMAN (BAR NO. 312244)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
865 South Figueroa Street, Suite 2800
Los Angeles, California 90017-2543
Phone:  (213) 622-5555
Fax:  (213) 620-8816
E-Mail:  thsu@allenmatkins.com
         awhitman@allenmatkins.com

Attorneys for Defendant
Michael Babich

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel MARIA GUZMAN, et al,<br><br>          Plaintiffs,<br><br>          vs.<br><br>INSYS THERAPEUTIC, INC.;<br>MICHAEL BABICH, an Individual;<br>ALEC BURLAKOFF, an Individual;<br>JOHN N. KAPOOR, an Individual; and<br>DOES 1 through 15,,<br><br>          Defendants. | Case No. 2:13-cv-05861 JLS (AJS)<br><br>Date:  May 14, 2021<br>Time:  10:30 a.m.<br>Ctrm:   10A - 10th Flr.<br>411 W. Fourth Street<br>Santa Ana, CA  92701<br><br>**DEFENDANT MICHAEL BABICH'S NOTICE OF MOTION AND MOTION TO UNSEAL RECORD; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

1231798.01/LA

DEFENDANT MICHAEL BABICH'S NOTICE OF MOTION AND MOTION TO
UNSEAL RECORD; MEMORANDUM OF POINTS AND AUTHORITIES IN

**TO THE COURT, ALL PARTIES AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on May 14, 2021 at 10:30 a.m., or as soon thereafter as this matter may be heard in the above-entitled Court, located at 411 W. Fourth St., Santa Ana, CA 92701, Defendant Michael Babich ("Babich") will, and hereby does move to unseal the entire record in this action, inclusive of all applications to and orders maintaining the sealing of documents in this action.

This Notice of Motion and Motion is made on the grounds that there is a strong presumption in favor of open access to court records, Babich has a legitimate and particularized interest in reviewing the records in this action to formulate its defenses, and no compelling reason exists for maintaining these materials under seal.

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, all documents on file in this action, and such further or additional evidence or argument that may be presented before or at the time of the hearing on this Motion.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3. See Declaration of Russell Piccoli in Support of Defendant Michael Babich's Motion to Dismiss Third Amended Complaint and Unseal File. Dkt. 134-1.

Dated:  December 28, 2020

ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
SCOTT J. LEIPZIG
TIM C. HSU
ANDREW C. WHITMAN

By: */s/ Tim C. Hsu*
TIM C. HSU
Attorneys for Defendant
MICHAEL BABICH

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

On August 12, 2013 Plaintiff-Relator Maria Guzman ("Relator") filed her original *qui tam* complaint against Defendant INSYS Therapeutics, Inc. ("INSYS"). Dkt. 1. Years later on June 13, 2016, Relator filed her Second Amended Complaint, asserting, for the first time, federal claims against Babich under the False Claims Act. Dkt. 33. After a years-long investigation, the United States filed a Notice of Intention to Decline Intervention on April 13, 2018, declining to intervene as to Defendant Babich and the other individual defendants. Dkt. 63. On May 11, 2018, the Court ordered numerous docket items unsealed, citing to the United States' Notice ("Order to Unseal"). Dkt. 69. On August 13, 2018 Plaintiff filed the operative Third Amended Complaint. Dkt. 96.

Despite the Court's May 11, 2018 Order to Unseal, a significant amount of records remain under seal. Babich now seeks to unseal the entire record in this action, inclusive of all applications to maintain and orders maintaining the sealing of documents in this action. Relator opposes this request, but has offered no compelling reason why these materials must remain under seal. Dkt. 134. As explained below, Babich has a legitimate need for the sealed court records, and there is no good cause the keep the records at issue under seal.

## II.   ARGUMENT

Members of the public have common law and First Amendment rights to access court proceedings, including the right to inspect and copy materials filed with the court. *See, e.g.*, *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010); *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "As a general matter, there is a strong presumption of access to judicial records." *U.S. v. Creekside Hospice II, LLC*, 2015 U.S. Dist. LEXIS 173556 *23, 2015 WL 9581743 (D. Nev. 2015), *quoting Kamakana*, 447 F. 3d at 1179. The right to access court records is so strong that a party seeking to preserve a seal bears the burden of

"overcoming the strong presumption [of access] . . . by articulat[ing] compelling reasons supported by specific factual findings." *Kamakana*, 447 F.3d at 1178 (internal quotations omitted).

Even in the rare cases where the public's right to access is not "compelling," parties seeking to preserve a seal must demonstrate "good cause" for doing so. *Pintos*, 605 F.3d at 678. In those circumstances, "good cause" requires a particularized showing with respect to each document or category of documents at issue, including a showing of the specific prejudice or harm to be caused by the unsealing. *See, e.g.*, *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003); *Phillips ex rel. Estates of Byrd v. G.M. Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

"Generally in a *qui tam* action, "lifting the seal on the entire record is appropriate unless the Government shows that such disclosure would: (1) reveal confidential investigative methods or techniques; (2) jeopardize an ongoing investigation; or (3) harm non-parties." *U.S. ex rel Handal v. Center for Employment Training*, 2015 U.S. Dist. LEXIS 156159 at *3-4, 2015 WL 7271766 at *1 (E.D. Cal. 2015), *quoting U.S. ex rel Lee v. Horizon West, Inc.*, 2006 U.S. Dist. LEXIS 97310, 2006 WL 305966, at *2 (N. Dis. Cal 2006); *Creekside Hospice II*, *19-20. Where unsealing the record would only reveal routine investigative techniques, the record should be unsealed. *Id.* at *21; *U.S. ex rel Ericson v. University of Washington Physicians*, 339 F. 2d 1124, 1127 (W.D. Wash. 2004). "[N]othing in the text of the FCA authorizes the Government to obtain an indefinite seal of the record." *Creekside Hospice* at *24-25. The seal should be lifted if it has been maintained for a lengthy period of time. *Id.* at *21.

Here, most of this file has been under seal since 2013. While the Order to Unseal lifted the seal for specific documents, many other documents still remain sealed, including what appear to be all of the applications to continue the stay and earlier seal orders. The Government has already intervened in this action against Insys and declined to intervene against Babich or other defendants. Dkt. 68.   The

Government has likewise already obtained an award in a separate criminal proceeding for over $56 million in restitution, including more than $30 million for damages due to Medicare fraud, and as against Babich jointly and severally.  Dkt. 134-2, Ex. G.

Babich has a legitimate, particularized interest for the unsealing the record. Babich's ability to mount a fulsome defense against Plaintiff's claims is potentially limited by the sealing of the record in this case. As indicated in Babich's concurrently filed Motion to Dismiss, should dismissal not be granted on other grounds, Babich will seek to assert defenses on statute of limitations grounds, which may be further supported by the documents that remain sealed in this case. The Ninth Circuit has not determined whether seal orders in and of themselves toll the statute of limitations, irrespective of their circumstances. Given Plaintiff's failure to serve Babich with any pleading until September 2020, the analysis of this issue should be done on a full record. To the extent this action is not dismissed pursuant to 31 U.S.C. §3730(e)(4) or on *res judicata* grounds, the remaining sealed documents should be unsealed so as to afford Babich an opportunity to utilize such records, as applicable, in support of his limitations defense. While Relator does not agree to unsealing the record, she has offered no "compelling reasons" why the seal should be maintained against the strong interests of the public and Babich.

III.   **CONCLUSION**

For the reasons set forth herein, Babich respectfully requests the Court issue an order unsealing the entire record in this action, inclusive of all applications to maintain and orders maintaining the sealing of documents in this action.

Dated:  December 28, 2020

ALLEN MATKINS LECK GAMBLE
 MALLORY & NATSIS LLP
SCOTT J. LEIPZIG
TIM C. HSU
ANDREW WHITMAN


By:_____/s/ Tim C. Hsu_____
TIM C. HSU
*Attorneys for Defendant*
MICHAEL BABICH