UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:13-cv-05861-JLS-AJW                               Date: May 19, 2021
Title: United States ex rel. Guzman v. Insys Therapeutic, Inc

Present:  **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

   Melissa Kunig                                              N/A
   Deputy Clerk                                          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

          Not Present                                      Not Present

**PROCEEDINGS:   (IN CHAMBERS) ORDER GRANTING DEFENDANT'S
                 MOTION TO DISMISS THE THIRD AMENDED
                 COMPLAINT (DOC. 134)**

        Before the Court is a Motion to Dismiss filed by Defendant Michael Babich
("Babich").  (Mot., Doc. 134.)[1]  Relator-Plaintiff Maria Guzman ("Guzman") opposed
and Babich replied.  (Opp., Doc. 155; Reply, Doc. 157.)  The Court finds this matter
appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-
15.  Accordingly, the hearing set for May 21, 2021, at 10:30 a.m., is VACATED.  Having
considered the parties' papers, the Court now GRANTS Babich's Motion and grants
Guzman LEAVE TO AMEND.

   **I.    BACKGROUND**
        The above-captioned matter is one of five related cases in this Court against Insys
Therapeutic, Inc. ("Insys") under the *qui tam* provisions of the federal False Claims Act
("FCA"), 31 U.S.C. § 3730(b), and several of its state-law counterparts.

---

        [1] Defendant John N. Kapoor ("Kapoor") filed a notice of joinder in Babich's Motion to
Dismiss.  (Doc. 154.)  As Kapoor correctly notes, however, his filing of an answer to Guzman's
Third Amended Complaint ("TAC") precludes him from moving to dismiss and his notice is
better construed as a motion for judgment on the pleadings pursuant to Rule 12(c) and 12(h)(2)
based on the same arguments put forward by Babich. Because the question of whether the public
disclosure bar applies to Guzman's claims against *Kapoor* presents analysis that is distinct from
whether the disclosure bar applies to Guzman's claims against Babich, Kapoor's failure to
proceed via a regularly-noticed motion was improper. Accordingly, Kapoor's motion for
judgment on the pleadings is DENIED.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:13-cv-05861-JLS-AJW                                    Date: May 19, 2021
Title: United States ex rel. Guzman v. Insys Therapeutic, Inc

　　　The Relator-Plaintiff in this action, Maria Guzman ("Guzman"), worked for Insys as a Specialty Sales Professional from 2012 to 2014.  (Third Amended Complaint ("TAC"), Doc. 96, ¶¶ 32–33.)  In August 2013, Guzman filed a sealed Complaint in this Court, alleging that Insys violated the FCA by instituting a kickback scheme to induce doctors to prescribe its drug, Subsys—a powerful fentanyl-based opioid painkiller. (Compl., Doc. 1, ¶ 2.)  As a result of Insys's off-label marketing campaign, Subsys was marketed and prescribed far beyond its stated indication, which is limited to breakthrough cancer plain and at a beginning dosage of 100 micrograms.  (*Id*.)  Insys instituted programs throughout the country to induce doctors to prescribe Subsys over painkillers marketed by competitors and did so by offering physicians monetary payments, trips to strip clubs and shooting ranges, stock options, hiring physician's significant others, and expensive meals, all in violation of federal anti-kickback laws.  (*Id.* ¶ 4.)  Insys had a practice of hiring sales professionals who, like Guzman, had no prior pharmaceutical experience and were therefore unfamiliar with the relevant market standards.  (*Id.* ¶¶ 29–31.)  Guzman's original Complaint identified Michael Babich as Insys's Chief Executive Officer, but did not name him as a defendant.  (*Id.* ¶ 23.)

　　　On November 16, 2015, while this and related matters were still sealed at the United States' request, Guzman filed her First Amended Complaint ("FAC"), adding claims for violations of several state false claims statutes, and naming Babich and Alec Burlakoff, Insys's Vice President of Sales, as Defendants.  (*See generally* FAC, Doc. 26.)  On June 13, 2016, again while the matter was still sealed, Guzman filed her Second Amended Complaint ("SAC"), and added John N. Kapoor, the Founder and Executive Chairman of Insys, as a Defendant.  (SAC, Doc. 33.)

　　　On April 13, 2018, after extending the seal and the period to elect to intervene several times (Docs. 18, 25, 30, 36, 55, 58, 61), the United States government ("the United States" or "the Government") elected to intervene only as to the claims against Insys and declined intervention as to the other claims.  (Doc. 63.)  On May 11, 2018, the Court unsealed this and related matters, and stayed them pending resolution of related criminal proceedings against Insys.  (*See* Doc. 69.)  That order required the Government to file a status report on the criminal proceedings every ninety days and permitted Guzman, and the other Relators, to file an amended complaint on any declined portions

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:13-cv-05861-JLS-AJW                                          Date: May 19, 2021
Title: United States ex rel. Guzman v. Insys Therapeutic, Inc

of the action within ninety days notwithstanding the stay.  (*Id.* at 6.)  On August 13, 2018, Guzman timely filed a Third Amended Complaint ("TAC").  (*See* TAC, 96.)

Two years later, the Government informed the Court that it had reached an agreement with Insys.  The Relators in all five Insys cases stipulated to dismissing the claims against Insys, and the Relators and the government jointly requested that the stay be lifted on all remaining claims and defendants.  (Doc. 112.)  On June 11, 2020, the Court granted the request, dismissing Insys, lifting the stay of proceedings against the remaining defendants, and instructing the Relators to promptly serve their operative complaints and proceed to prosecute any claims that have not been dismissed or stayed.  (Doc. 116 at 5.)  Babich waived service of summons on September 16, 2020.

Babich now moves to dismiss the TAC, primarily arguing that Guzman's FCA claim fails because of the public disclosure bar.  Guzman does not defend the sufficiency of her complaint, as pleaded, but argues that she should be given leave to amend to plead that the "original source exception" of the FCA applies.

## II.    **LEGAL STANDARD**

Following the 2010 amendments to 31 U.S.C. § 3730(e), the public disclosure bar is no longer a jurisdictional bar; rather, it provides a grounds for dismissal, operating much like an affirmative defense.  *Prather v. AT&T, Inc.*, 847 F.3d 1097, 1102 (9th Cir. 2017).  The amended § 3730(e)(4) thus creates grounds for dismissal for failure to state a claim pursuant to Rule 12(b)(6).  *Id.* (quoting *United States ex rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 810 (11th Cir. 2015)).  In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Furthermore, courts must draw all reasonable inferences in the light most favorable to the non-moving party.  *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).  However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:13-cv-05861-JLS-AJW                                      Date: May 19, 2021
Title: United States ex rel. Guzman v. Insys Therapeutic, Inc

inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Because they involve allegations of fraud, *qui tam* actions under the FCA must also meet the particularity requirements of Rule 9(b). *United States v. Corinthian Colleges*, 655 F.3d 984, 992 (9th Cir. 2011) (citing *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001)). Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b).

The Court may not dismiss a complaint without leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citations and quotations omitted); *see also Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (district court should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts") (citation and internal quotations omitted).

## III.  REQUEST FOR JUDICIAL NOTICE

Babich requests that the Court take judicial notice of dockets and complaints in other FCA proceedings against Insys, certain news articles from 2014-2016 reporting on Insys's off-label marketing of Subsys, and records from criminal proceedings against Insys. (*See* Request for Judicial Notice ("RJN"), Doc. 134-2, at 3-4.)

A court may take judicial notice of facts that are "not subject to reasonable dispute" because they are "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Thus, a court properly may take judicial notice of matters of public record, but cannot take judicial notice of disputed facts contained within such records. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Courts may also take judicial notice of the presence of publicly-available publications where the fact of publication is relevant to the underlying claims and defenses. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) ("Courts may take judicial notice of publications introduced to 'indicate what was in the public realm at the time'").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:13-cv-05861-JLS-AJW                                    Date: May 19, 2021
Title: United States ex rel. Guzman v. Insys Therapeutic, Inc

Here, Guzman does not object to the request for judicial notice and the Court finds the materials Babich has proffered appropriate for judicial notice.  The Court does not accept the truth of the matters asserted therein; rather, it relies on these materials to determine whether, and when, the factual allegations set forth in Guzman's complaint became publicly available.

## IV.    DISCUSSION

Babich's Motion argues that (1) Guzman's *qui tam* claims are barred by the FCA's public disclosure bar; (2) Guzman's claims are barred by res judicata; (3) if the claims are not dismissed, the Court should permit additional briefing on whether this action should be dismissed on statute of limitations grounds; and (4) if the FCA claim is dismissed, Guzman's state-law claims should be dismissed for lack of subject-matter jurisdiction.  As indicated above, Guzman contends that she is an original source and that her claims are therefore not subject to the public disclosure bar; however, she concedes, for the most part, that her complaint fails to plead facts in support of the "original source exception," and she therefore requests leave to amend.  For the reasons stated below, the Court finds that dismissal with leave to amend is warranted.

### A.    The Public Disclosure Bar

The FCA's public disclosure bar precludes private parties from bringing "*qui tam* suits when the relevant information has already entered the public domain through certain [enumerated] channels[.]"  *Graham Cty. Soil & Water Conservation Dist. v. United States ex rel. Wilson*, 559 U.S. 280, 285 (2010).  As relevant here, the public disclosure bar requires the court to dismiss an action or claim if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed (1) in a Federal criminal, civil, or administrative hearing in which the Government or its agent is a party, or (2) in the news media.  31 U.S.C. § 3730 (e)(4)(A).

Application of the public disclosure bar involves a two-step inquiry.  First, the Court determines whether substantially the same allegations or transactions underlying the *qui tam* complaint were previously disclosed through one of the FCA's enumerated channels.  *See* 31 U.S.C. § 3730(e)(4)(A).  Second, if necessary, the Court determines whether the relator is an "original source" of the information within the meaning of the

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:13-cv-05861-JLS-AJW                                        Date: May 19, 2021
Title: United States ex rel. Guzman v. Insys Therapeutic, Inc

_____

statute and therefore falls within the FCA's exception to the public disclosure bar.  *See* 31 U.S.C. § 3730(e)(4)(A).  The statute defines an original source as an individual who either (1) prior to a public disclosure has voluntarily disclosed to the Government the information on which allegations or transactions in a claim are based, or (2) who has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions, and who has voluntarily provided the information to the Government before filing an action under this section.  31 U.S.C. § 3730(e)(B).

Babich argues that, on September 28, 2012 (nearly a year prior to the filing of Guzman's initial Complaint), one of Guzman's co-workers, Ray Furchak, filed a virtually identical action on behalf of the United States and various other states in the Southern District of Texas, entitled *U.S. ex rel Furchak v. Insys Therapeutics, Inc., et al*., No. 4:12-cv-02930 (September 28, 2012, S.D. Tex.).  (*See* "Furchak Complaint," Ex. A to RJN, Doc. 134-2.)  Babich argues that the Furchak and Guzman complaints similarly alleged that Insys had violated the FCA by instituting a "kickback-fueled off-label marketing campaign."  (Mot at 14–17 (citing Furchak Complaint ¶¶ 91, 99, 101–05 and Compl. ¶ 92).)  Specifically, Furchak's complaint, filed in 2012, alleged that Insys perpetrated a scheme to defraud Medicare by bribing doctors with excessive speaker fees (Furchak Complaint ¶ 91), illegally marketing off-label (*id.* ¶ 100), improperly targeting non-cancer specialists (*id.* ¶¶ 99, 102–05) and wrongfully causing doctors to overtitrate their patients (*id.* ¶¶ 99, 109–13).  Babich points out that Guzman's original Complaint similarly alleged that Insys had violated various federal laws and had defrauded Medicare by "a kickback-fueled off-label marketing campaign to induce doctors to prescribe Insys' drugs Subsys."  (Compl. ¶ 2.)  Like Furchak, Guzman specifically alleged that the scheme included targeting non-oncologist pain specialists (*id.*  ¶166) and wrongfully encouraged doctors to overtitrate their patients. (*Id.* ¶ 218.)

In her Opposition, Guzman concedes that the Furchak complaint, which was unsealed in March 2013, publicly disclosed allegations that were substantially similar to those in the complaint that she filed on August 12, 2013.  (Opp. at 1–2.)  The original Complaint is therefore within the scope of the FCA's public disclosure bar.  Moreover, Guzman does not point the Court to any allegations in her 110-page TAC that plausibly plead she is an original source of the information.  The TAC does allege in conclusory fashion that "[Guzman] has knowledge about the misconduct alleged herein that is

_____

**CIVIL MINUTES – GENERAL**                                                                    **6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:13-cv-05861-JLS-AJW                                    Date: May 19, 2021
Title: United States ex rel. Guzman v. Insys Therapeutic, Inc

independent of, and that would materially add to, any publicly disclosed allegations or transactions that may prove to have occurred without her knowledge." (Compl. ¶ 9.)  But the Court cannot plausibly infer from the TAC the scope of Guzman's independent knowledge or determine whether her allegations materially added to the information that was publicly disclosed via Furchak's complaint.  Indeed, Guzman does not argue that her TAC, as pleaded, sufficiently pleads an exception to the public disclosure bar and instead argues for leave to file a Fourth Amended Complaint.  Accordingly, the Court GRANTS Babich's Motion to Dismiss the TAC.

As indicated, Guzman requests leave to amend file a Fourth Amended Complaint, contending that she can adequately plead that she is an original source because she (1) had information from her employment that was "independent" of the prior public disclosure; (2) she voluntarily provided it to the Government before bringing this action; and (3) such information "materially add[ed] to the publicly disclosed allegations or transactions." 31 U.S.C. § 3730(e)(4)(B)(2).  (Opp. at 1-2.)

Specifically, in support of her request for leave to amend, Guzman proffers a declaration by her counsel, testifying that, on August 12, 2013, Guzman submitted to the Government her disclosure statement and 62 exhibits— including spreadsheets, email chains, and text message chains, as well as more than 30 hours of audio recordings she had made at closed Insys sales meetings—which she personally collected and which were therefore "independent" of any information disclosed in the Furchak complaint. (Kleiman Decl., Doc. 155-1.)  Guzman's Opposition further argues that although her information touched on the same topics as the Furchak complaint, she materially added to the information the Government already knew.  *United States ex rel Hastings v. Wells Fargo Bank, NA, Inc.*, 656 F. App'x 328, 331–32 (9th Cir. 2016) (information provided by a relator "materially adds" to the publicly disclosed allegations when it "add[s] value to what the government already knew").  Guzman contends that "the Fourth Amended Complaint will set forth [that] this information differed both in degree and in kind from the allegations included in the Furchak complaint."  (Opp. at 3.)

The allegations of Guzman's proposed Fourth Amended Complaint are not before the Court and the Court does not reach whether they plausibly plead the "original source" exception to the public disclosure bar; however, based on the foregoing, Guzman has made a showing that amendment is not futile.  Although this suit was filed in 2013, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:13-cv-05861-JLS-AJW                                    Date: May 19, 2021
Title: United States ex rel. Guzman v. Insys Therapeutic, Inc

Guzman previously amended her Complaint, this action was stayed until June 2020 and this is Guzman's first request to amend her pleadings in response to a motion.  In accordance with Rule 15(a)(2)'s liberal policy for allowing amendments to pleadings, *see Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1051 (9th Cir. 2003), the Court DISMISSES the FCA claim but allows Guzman LEAVE TO AMEND.[2]

### B.  Res Judicata

Babich advances an alternative ground for dismissal, arguing that Guzman's claims are barred by *res judicata*.  (Mot. at 19–21.)  Because the Court grants Guzman leave to amend, it also addresses this alternative ground.

As Babich correctly notes, once the Government has litigated its claims against a defendant, a relator is barred from seeking the same recovery in a *qui tam* suit because a relator's standing is "in the nature of an assignee of the Government's claim." *U.S. ex rel. Barajas v. Northrop Corp*., 147 F.3d 905, 910 (9th Cir. 1998).  "Once the government recovers the money it paid on a false invoice, plus penalties, or releases its claim, there is no more to be recovered by anyone, because only the government can have a claim for a false claim made upon the government." *Id.*

Here, however, Babich points to no prior proceeding where the Government recovered against him on an FCA claim.  Rather, Babich points to criminal proceedings against him and Insys in federal district court in Boston.  There, the Government sought

---

[2] Babich additionally argues that news articles published between 2014 and 2016 linked him to Insys's alleged fraud before Guzman asserted any federal claim against him in 2016, and that the news articles therefore also act as a public disclosure bar.  (Mot. at 17–19.)  Guzman counters that her initial complaint and disclosure to the Government in August 2013 predated all public disclosures except for the Furchak complaint, and that her Fourth Amended Complaint will show that this disclosure contained evidence of the conspiracy among Insys executives to fraudulently boost Subsys sales and directly implicated both Babich and Kapoor.  (Opp. at 4–5.)  The parties' papers do not sufficiently brief whether the TAC's allegations against Babich are substantially similar to the information disclosed in the news reports published prior to Guzman asserting a federal claim against Babich.  Moreover, Guzman indicates that her disclosure to the Government included information about Babich and predated any of the new articles Babich points to.  Having granted Guzman leave to amend, the Court need not address Babich's alternative "public disclosure" argument here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:13-cv-05861-JLS-AJW                                   Date: May 19, 2021
Title: United States ex rel. Guzman v. Insys Therapeutic, Inc

restitution of over $300,000,00 against Babich, inclusive of a request for reimbursement for Insys's fraud of Medicare in the amount of $136,768,059.  (Motion for Restitution, Ex. F to RJN, Doc. 134-2.)  Ultimately, the court in the criminal case awarded the Government restitution of $56,686,731.53, including $30,232,895 for Medicare.  (Restitution Order, Ex. G to RJN, Doc. 134-2, at 17.)

"It is well established that the government may have both a civil and a criminal cause of action as a result of a single factual situation."  *United States v. Brekke*, 97 F.3d 1043, 1047 (8th Cir. 1996) (internal citations omitted).  Here, while the Government was awarded some of the penalties it sought against Babich in the form of restitution, under the doctrine of *res judicata*, a criminal proceeding for fraud "do[es] not involve the same cause of action" as a civil action for violation of the FCA.  *See United States v. Shelburne*, No. 2:09CV00072, 2010 WL 2542054, at *5 (W.D. Va. June 24, 2010).  The Court finds that the restitution order does not bar Guzman's *qui tam* action for civil damages.  *Accord United States v. Fliegler*, 756 F. Supp. 688, 695 (E.D.N.Y. 1990)(noting that courts routinely allow civil actions to go forward despite the existence of a prior order of restitution, and collecting cases).

### C.  Request for Additional Briefing on Statute of Limitations

Babich's Motion further requests that the Court order additional briefing on whether Guzman's claims may be time-barred.  Specifically, Babich states that the Ninth Circuit has not definitively resolved the question as to whether—or under what circumstances—the filing of an unserved *qui tam* complaint may toll applicable statute of limitations.  (Mot. at 21–22.)  Babich points to his concurrently filed motion to unseal the documents that remain under seal (Doc. 135), arguing that those documents may bear directly on the limitations issue and that, to the extent this question needs to be resolved, it should be resolved on a full record.  (Mot. at 22.)  Babich therefore requests that the Court permit additional briefing after the seal is lifted.  (*Id.*)

A request for additional briefing is not a ground to dismiss the TAC and Babich's request is therefore not appropriate subject matter for a motion to dismiss.  Babich's request is also inappropriate because it is unnecessary.  Babich may raise the statute of limitations argument in a motion to dismiss any amended complaint Guzman may file, or

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:13-cv-05861-JLS-AJW                                    Date: May 19, 2021
Title: United States ex rel. Guzman v. Insys Therapeutic, Inc

he may raise this argument on a later motion for judgment on the pleadings or for summary judgment.  No Court order permitting "additional briefing" is necessary.

### D.  State-Law Claims

Finally, Babich's Motion argues that, if the FCA claim is dismissed, the Court should decline to exercise supplemental jurisdiction over the claims Guzman asserts pursuant to various state counterparts to the FCA.  (Mot. at 22–23.)  As discussed above, however, the Court granted Guzman leave to amend the complaint to plead that she is an original source of the publicly disclosed information.  Accordingly, it is premature to address any issue relating to supplemental jurisdiction.

### IV.    <u>CONCLUSION</u>

For the foregoing reasons, Babich's Motion to Dismiss is GRANTED.   Guzman is GRANTED LEAVE TO AMEND the pleading.  Guzman may not add claims or new defendants to her pleading.  Any amended complaint shall be filed within twenty-one (21) days of the date of this Order.  Any claim not included in a timely-filed amended complaint will be deemed dismissed.

Initials of Deputy Clerk:  mku

---