BRIAN M. BOYNTON
Acting Assistant Attorney General, Civil Division
TRACY WILKISON
Acting United States Attorney
DAVID M. HARRIS
Chief, Civil Division
ABRAHAM C. MELTZER
Chief, Civil Fraud Section
ROSS M. CUFF
Deputy Chief, Civil Fraud Section
JOHN E. LEE (CBN 128696)
Assistant United States Attorneys
    Room 7516, Federal Building
    300 N. Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-3995
    Facsimile: (213) 894-7819
    Email: john.lee2@usdoj.gov
JAMIE ANN YAVELBERG
PATRICIA L. HANOWER
DAVID T. COHEN
Attorneys, Civil Division
United States Department of Justice
    P.O. Box 261
    Ben Franklin Station
    Washington, D.C. 20044
    Telephone: (202) 307-0136
    Facsimile: (202) 307-3852
    E-mail: david.t.cohen@usdoj.gov
Attorneys for the United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA; the STATES of CALIFORNIA, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, LOUISIANA, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW HAMPSHIRE, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, and WASHINGTON; COMONWEALTHS of MASSACHUSETTS and VIRGINIA, and the DISTRICT OF COLUMBIA *ex rel.* MARIA GUZMAN,<br><br>    Plaintiffs,<br><br>v. | No. CV 13-5861 JLS (AJWx)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO AMEND JUDGMENT OF DISMISSAL<br><br>[FILED OR LODGED CONCURRENTLY HEREWITH: NOTICE OF MOTION AND MOTION; DECLARATION OF JOHN E. LEE; [PROPOSED] AMENDED JUDGMENT OF DISMISSAL]<br><br>DATE: March 4, 2022<br>TIME: 10:30 a.m.<br>COURT: Courtroom 10A |

INSYS THERAPEUTICS, INC.;
MICHAEL BABICH, an individual; ALEC BURLAKOFF, an individual; and DOES 1 through 15,

        Defendants.

## I. INTRODUCTION

On August 16, 2021, the Court filed a Judgment of Dismissal in this action (ECF 167), which stated in part: "IT IS ORDERED ADJUDGED AND DECREED that the federal claim is dismissed with prejudice pursuant to Federal Rule of Civil Procedure Rule 41(b). The state-law claims are dismissed without prejudice and without leave to amend." Because there has been no adjudication on the merits of the federal claims, any dismissal of the federal claims should be without prejudice as to the United States. Accordingly, just as the state law claims were dismissed without prejudice, the United States respectfully requests that the Court amend the Judgment of Dismissal to reflect a dismissal without prejudice to the United States. See Fed. R. Civ. P. 59(e), 60(b).[1]

## II. STATEMENT OF PROCEDURAL FACTS

On August 12, 2013, relator Maria Guzman filed the instant qui tam action pursuant to the False Claims Act, 31 U.S.C. §§ 3729-3733. (ECF 1). After a lengthy investigation, on April 13, 2018, the United States intervened in this action in part (ECF 63) and filed a complaint-in-intervention (ECF 64).

On June 11, 2020, following a settlement with defendant Insys Therapeutics, Inc., the Court dismissed the claims against Insys (a) with prejudice to the United States with respect to the Covered Conduct as that term was defined in the Settlement Agreement,

---

[1] Indeed, at the time the Court entered Judgment, the parties were in the process of circulating a proposed judgment dismissing both the federal and state claims without prejudice. See Declaration of John E. Lee, ¶¶ 2-4. Counsel for defendant Babich stated that he "may or may not" oppose this motion. None of the other parties has stated a position regarding this motion. Id., ¶ 9.

2

(b) without prejudice to the United States with respect to all other claims, and (c) with prejudice to the relator (ECF 116).

On August 13, 2018, the relator filed a Third Amended Complaint (ECF 96). The relator's Third Amended Complaint alleged various federal claims (Counts I-IV), as well as state claims (Counts V-XXXVIII). On December 28, 2020, defendant Michael Babich moved to dismiss the Third Amended Complaint, challenging the legal sufficiency of the complaint on the grounds that the allegations had been previously publicly disclosed and that the claims were barred by the doctrine of res judicata (ECF 134). On May 19, 2021, the Court granted the motion to dismiss, allowing leave to amend within 21 days (ECF 160). Rather than amend, on June 14, 2021, the relator filed a Notice of Declination to Amend (ECF 164).

On July 1, 2021, counsel for the relator drafted and circulated to counsel for the United States a Stipulated Motion to Dismiss Without Prejudice Pursuant to 31 U.S.C. § 3730(b)(1) and Rule 41(a)(2), along with a [Proposed] Order Dismissing Case Without Prejudice. Declaration of John E. Lee, ¶ 2. The language of the proposed order stated in pertinent part: "IT IS HEREBY ORDERED that the Court consents to the dismissal of the action and dismisses said action without prejudice as to the Government claims." Id. The next day, on July 2, 2021, counsel for the United States approved and forwarded the draft stipulation and proposed order to counsel for the State governmental entities. Id., ¶ 3. On July 6, 2021, counsel for the State governmental entities responded that she had "forwarded the drafts to the intervening states to discuss" and "will get back to you as soon as possible." Id., ¶ 4.

Before the State governmental entities responded to the draft stipulation and proposed order, on July 23, 2021, defendant Babich submitted a Notice of Lodging (ECF 166), attaching a proposed Order to Dismiss (ECF 166-1). Id., ¶ 5. Even though there had been no adjudication on the merits, the proposed order stated that "this entire action is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b)." Id.

3

### III. ANY DISMISSAL OF THE FEDERAL CLAIMS SHOULD BE WITHOUT PREJUDICE TO THE UNITED STATES

The FCA is designed to help the United States recover losses due to fraud and false claims on the Treasury. Under the qui tam provisions of the FCA, a relator files a complaint under seal and the United States may investigate the allegations and thereafter has the option of either intervening or declining to intervene in the action. 31 U.S.C. § 3730(a)(4). Once the United States has notified the Court that it is not intervening, the relator can then pursue his allegations on his own. Id. In such cases, the United States neither files the complaint initiating the FCA action, nor does it serve that complaint upon the defendants.

Where a qui tam relator's complaint is dismissed on non-merits grounds, such as the legal insufficiency of the allegations, any such dismissal should be without prejudice to the United States. See United States ex rel. Williams v. Bell Helicopter Textron, Inc., 417 F.3d 450, 455-56 (5th Cir. 2005). In Bell Helicopter, the district court dismissed, on Rule 9(b) and 12(b) grounds, claims with prejudice as against the government, believing that the United States had had a sufficient opportunity to participate in the prosecution of those claims. In ruling that the district court abused its discretion and reversing, the Fifth Circuit stated that the district court's speculation as to the motives of the government's actions was "unreasonable, especially given the fact that the complaint was dismissed under Rule 12(b)(6) due to lack of specificity." Id. at 455. Given that 31 U.S.C. § 3730 "does not require the government to proceed if its investigation yields a meritorious claim," the court observed that the government "may opt out for any number of reasons" and a decision not to intervene may "not [necessarily be] an admission by the United States that it has suffered no injury in fact, but rather [the result of] a cost-benefit analysis." Id. (citation omitted). The court thus stated that "it is not the court's duty to speculate as to the costs and benefits associated with such a strategy." Id.

Furthermore, the court noted that "dismissing the claims with prejudice circumvents a purpose of Rule 9(b) to guard against the institution of fraud-based action

in order to discover whether unknown wrongs actually have occurred" in that, "[b]y "essentially requiring the government to intervene in order to avoid forfeiting any future claims against the defendant, private parties would have the added incentive to file FCA suits lacking in the required particularity, knowing full well that the government would be obligated to intervene and ultimately fill in the blanks of the deficient complaint." Id. (internal quotes and citation omitted).  Accordingly, the court held, "in order to avoid such perverse incentives, we find that the district court abused its discretion in dismissing the claims as to the United States with prejudice after holding that the qui tam complaint failed to meet the heightened pleading standard of Rule 9(b)."

The court reasoned that such a holding "guards against concerns . . . that the FCA allows a relator   . . . to make sweeping allegations that, while true, he is unable to effectively litigate, but which nonetheless bind the government, via res judicata, and prevent it from suing over those concerns at a later date when more information is available."  Id. (internal quotes and citation omitted); see also United States ex rel. Newsham v. Lockheed Missiles & Space Co., 190 F.3d 963, 967 (9th Cir. 1999) (dismissing relator's complaint on defendant's motion to dismiss with prejudice as to relator and without prejudice as to the United States); United States ex rel. Pilon v. Martin Marietta Corp., 60 F.3d 995, 1000 n.6 (2d Cir. 1995) (affirming dismissal of relator's complaint for failure to comply with the FCA's sealing requirement, but expressly stating that "the government may independently proceed with these claims against the Defendants, if so disposed"); United States ex rel. Barrett v. Columbia/HCA Healthcare Corp., 251 F. Supp. 2d 28, 40 (D.D.C. 2003) (granting defendant's motion to dismiss in part with prejudice as to relator, but without prejudice as to the United States).

Here, the dismissal of the relator's claims against the defendants was not on the merits.  Because the United States' decision not to intervene is not a reflection on its determination as to the substantive merits of the relator's allegations, the relator chose not to amend her complaint, preferring instead to draft and circulate a stipulation proposing that the claims be dismissed without prejudice, and because the United States

should not be precluded from further pursuing such claims if otherwise warranted, the judgment in this action should be amended to reflect that any dismissal of the Third Amended Complaint as to defendants other than Insys is without prejudice to the United States.  See Fed. R. Civ. P. 59(e), 60(b).

## IV.   CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court amend the Judgment of Dismissal to reflect that all federal claims against defendants other than Insys Therapeutics, Inc. remaining in this action be dismissed without prejudice to the United States.

Respectfully submitted,

Dated:  September 13, 2021

BRIAN M. BOYNTON
Acting Assistant Attorney General, Civil Division
TRACY WILKISON
Acting United States Attorney
DAVID M. HARRIS
Chief, Civil Division
ABRAHAM C. MELTZER
Chief, Civil Fraud Section
ROSS M. CUFF
Deputy Chief, Civil Fraud Section
Assistant United States Attorneys

JAMIE ANN YAVELBERG
PATRICIA L. HANOWER
DAVID T. COHEN
Attorneys, Civil Division
United States Department of Justice

/S/ John E. Lee
_____
JOHN E. LEE
Assistant United States Attorney
Attorneys for the United States of America